**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** <br><br> **HEALTH DIAGNOSTIC LABORATORY, INC.,** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 15-[    ] (___)** |
| **In re:** <br><br> **CENTRAL MEDICAL LABORATORY, LLC,** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 15-[    ] (___)** |
| **In re:** <br><br> **INTEGRATED HEALTH LEADERS, LLC** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 15-[    ] (___)** |

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION
FOR AN ORDER DIRECTING JOINT ADMINISTRATION
OF THEIR RELATED CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] by their undersigned counsel, file this motion (the "Motion") for entry of an order, the proposed form of which is attached as Exhibit A, pursuant to section 105 of Title 11 of the United States

---

[1] The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)

*Proposed Counsel to the Debtors
and Debtors in Possession*

Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), directing the joint administration of their related chapter 11 cases. In support of this Motion, the Debtors rely on the Declaration of Martin McGahan in support of the Debtors' Chapter 11 Petitions and First Day Pleadings (the "McGahan Declaration"). In further support of this Motion, the Debtors submit as follows:

## I.  Jurisdiction, Venue and Predicates for Relief

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

2. The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## II.  Background

3. On the date hereof (the "Petition Date"), each of the Debtors filed with the Court its respective voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No creditors' committee has been appointed in these cases. No trustee or examiner has been appointed.

5. A full description of the Debtors' business operations, corporate structures, capital structures, and reasons for commencing these cases is set forth in full in the McGahan Declaration, which was filed contemporaneously with this Motion and which is incorporated

herein by reference. Additional facts in support of the specific relief sought herein are set forth below.

### III.  Relief Requested

6. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only.

7. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case of Health Diagnostic Laboratory, Inc. and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:**<br><br>**HEALTH DIAGNOSTIC LABORATORY, INC.,** *et al.*,<br><br>**Debtors.**[1] | **Chapter 11**<br><br>**Case No. 15-[   ] (___)**<br><br>**(Jointly Administered)** |

8. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Debtors' cases, other than the case of Health Diagnostic Laboratory, Inc., to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia directing the procedural consolidation and joint administration of the chapter 11 cases of Health Diagnostic Laboratory, Inc., Central Medical Laboratory, Inc. and Integrated Health Leaders, LLC. The

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728) and Integrated Health Leaders, LLC (7832).

docket in Case No. 15-[    ] [(___)] should be consulted for all matters affecting this case.

9. Finally, the Debtors seek authority to file the monthly operating reports required by the United States Trustee's "Operating Guidelines and Financial Reporting Requirements" on a consolidated basis.

### IV.    Basis for Relief Requested

10. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that Health Diagnostic Laboratory, Inc. is the direct or indirect parent of each of the other Debtors.

11. Local Bankruptcy Rule 1015-1 further provides additional authority for the Court to order joint administration of these cases:

> In all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the trustee or other interested party files an objection to joint administration within 14 days after the meeting of creditors and gives notice of a hearing date on such objection.

Local Bankr. R. 1015-1.

12. Joint administration is generally non-controversial, and courts in this district routinely grant joint administration in related chapter 11 cases. *See, e.g.*, *In re James River Coal Co.*, Case No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 10, 2014); *In re AMF Bowling Worldwide, Inc.*, Case No. 12-36495 (KRH) (Bankr. E.D. Va. Nov. 14, 2012); *In re Workflow Mgmt., Inc.*, Case No. 10-74617 (SCS) (Bankr. E.D. Va. Oct. 1, 2010); *In re Movie Gallery, Inc.*, Case No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 3, 2010); *In re Canal Corp. f/k/a Chesapeake Corp.*, No. 08-36642 (DOT) (Bankr. E.D. Va. Dec. 30, 2008); *In re LandAmerica Fin. Grp., Inc.*, No. 08-

4

35994 (KRH) (Bankr. E.D. Va. Nov. 28, 2008); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10, 2008).

13. Given the provisions of the Bankruptcy Code and the Debtors' affiliation, joint administration of these cases is warranted and will provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Most of the motions, hearings and orders in these chapter 11 cases will affect each Debtor and their respective estates. The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor can still file its claim against a particular estate. In fact, all creditors will benefit by the reduced costs that will result from the joint administration of these chapter 11 cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") will be simplified.

14. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) to include the Debtors' full tax identification numbers in the Debtors' caption and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and will ease the administrative burden on the Debtors.

## V.     Notice

15. The Debtors have served notice of this Motion on (a) the U.S. Trustee; (b) all known creditors holding secured claims against the Debtors' estates; and (c) those creditors holding the 30 largest unsecured claims against the Debtors' estates on a consolidated basis.

## VI.     Waiver of Memorandum of Law

16. The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## VII.     No Previous Request

17. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

DATED: June 7, 2015

Respectfully submitted,

/s/ Tyler P. Brown
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77979)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

*Proposed Counsel to the Debtors
and Debtors in Possession*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** <br><br> **HEALTH DIAGNOSTIC LABORATORY, INC.,** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 15-[   ] (___)** |
| **In re:** <br><br> **CENTRAL MEDICAL LABORATORY, LLC,** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 15-[   ] (___)** |
| **In re:** <br><br> **INTEGRATED HEALTH LEADERS, LLC** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 15-[   ] (___)** |

**ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion") [1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order directing the joint administration of the Debtors' related chapter 11 cases, the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this is a core proceeding

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)

*Proposed Counsel to the Debtors
and Debtors in Possession*

pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby granted.

2. Pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1, the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. _____.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

4. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **HEALTH DIAGNOSTIC LABORATORY, INC.**, *et al.*, | **Case No. 15-[    ] (___)** |
| **Debtors.** [1] | **(Jointly Administered)** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728) and Integrated Health Leaders, LLC (7832).

2

5. The requirement to include the Debtors' full tax identification numbers in the case caption and notices to creditors is hereby waived.

6. A docket entry shall be made in each of the above-captioned cases, other than that of Health Diagnostic Laboratory, Inc., substantially as follows:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia directing the procedural consolidation and joint administration of the chapter 11 cases of Health Diagnostic Laboratory, Inc., Central Medical Laboratory, Inc. and Integrated Health Leaders, LLC. The docket in Case No. 15-[   ] [(___)] should be consulted for all matters affecting this case.

7. The Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the U.S. Trustee, on a consolidated basis.

8. Notice of the Motion as provided therein shall be deemed to good and sufficient notice of such Motion.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

/s/ Tyler P. Brown
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel: (804) 788-8200
Fax: (804) 788-8218

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Tyler P. Brown