# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### (RICHMOND DIVISION)

In re:

HEALTH DIAGNOSTIC LABORATORY INC.
*et. al.*,[1]

          Debtors.

Chapter 11

Case No. 15-32919 (KRH)

(Jointly Administered)

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND AETNA INC.

Upon the motion of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of

Health Diagnostic Laboratory, Inc., *et al.* for an order approving the Settlement Agreement, attached

hereto as **<u>Exhibit A</u>** (the "<u>Settlement Agreement</u>") between the Committee and Aetna Inc.

---

[1]       The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

Douglas P. Lobel (Va. Bar No. 42329)
**COOLEY LLP**
One Freedom Square │ Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8019
Facsimile: (703) 456-8100
Email: dlobel@cooley.com

Richard S. Kanowitz (admitted pro hac vice)
Jay R. Indyke (admitted pro hac vice)
Jeremy H. Rothstein (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com
Email: jindyke@cooley.com
Email: jrothstein@cooley.com

*Counsel to the Official Committee of Unsecured
Creditors of Health Diagnostic Laboratory, Inc., et al.*

("Aetna"); and it appearing to the Court that it has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and this being a core matter pursuant to 28 U.S.C. § 157(b)(2); and the

Committee having standing to bring the Motion; and due and adequate notice of the Motion having

been given; and the Court being fully advised of the premises; and the terms of the Settlement

Agreement being fair and reasonable; and the Court having determined that the legal and factual

bases set forth in the Motion establish that the Settlement Agreement is in the best interests of the

estates and their creditors; and sufficient cause appearing therefor.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED

2.      The Settlement Agreement is approved;

3.      The Committee and, after the effective date of a chapter 11 plan, the Liquidating

Trustee, as representatives of the Debtors' estates, are hereby authorized to take any and all steps

necessary to consummate and implement the Settlement Agreement.

4.      The Court shall retain jurisdiction over any matter or dispute: (i) arising from or

relating to entrance of the estates into the Settlement Agreement; (ii) affecting the estates' interest

in the Settlement Agreement; and/or (iii) related to the implementation of this Order.

5.      The Debtors and the Committee are authorized to take all actions necessary to

effectuate the relief granted pursuant to this Order.

Richmond, Virginia

Dated: May 2 2016 , 2016

/s/ Kevin R Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:  May 3 2016

2

We ask for this:

*/s/ Douglas P. Lobel*

Douglas P. Lobel (Va. Bar No. 42329)
**COOLEY LLP**
One Freedom Square │ Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8019
Facsimile: (703) 456-8100
Email: dlobel@cooley.com

Richard S. Kanowitz (admitted pro hac vice)
Jay R. Indyke (admitted pro hac vice)
Jeremy H. Rothstein (pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com
Email:  jindyke@cooley.com
Email:  jrothstein@cooley.com

*Counsel to the Official Committee of Unsecured*
*Creditors of Health Diagnostic Laboratory, Inc., et al.*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Douglas P. Lobel*

Douglas P. Lobel

**EXHIBIT A**

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "*Settlement Agreement*") is made as of March 29, 2016, by and between the Official Committee of Unsecured Creditors (the "Committee") of Health Diagnostic Laboratory Inc. ("*HDL*") and its affiliated debtors and debtors in possession (collectively with HDL, the "*Debtors*"), and Aetna, Inc. ("*Aetna*") (together with the Committee and any additional undersigned parties, the "*Parties*").

## RECITALS

**WHEREAS**, on June 7, 2015 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Virginia (the "*Court*");

**WHEREAS,** Aetna is a member of the Committee but enters this agreement solely in its individual capacity;

**WHEREAS,** on March 29, 2016, the Court announced that it would enter an order confirming the Second Amended Plan of Liquidation proposed by the Debtors dated February 9, 2016, as amended, modified or supplemented from time to time (Doc. No. 852) (the "*Plan*") and approving the Liquidating Trust Agreement included in the supplement to the Plan (the "*Trust Agreement*") as Exhibit C, supported by both the Committee and the Debtors;

**WHEREAS,** the Plan establishes a Liquidating Trust ("*Trust*") which has, amongst other powers and duties, the responsibility for administering the Trust assets, including the management and oversight over causes of action and related litigation of the estate vested in the Trust by the Plan;

**WHEREAS,** upon the effective date of the Plan, Richard Arrowsmith will serve as the interim trustee for the Trust (the "*Trustee*");

**WHEREAS,** Mr. Arrowsmith previously served as the Debtors' Chief Restructuring Officer;

**WHEREAS,** pursuant to the Plan and Trust Agreement, the Trustee is vested with, *inter alia*, the authority to pursue settlement of disputes on behalf of the Trust, including, but not limited to, outstanding claims of creditors;

**WHEREAS,** the Trustee shall succeed to the rights and obligations of the Committee under this Settlement Agreement;

**WHEREAS,** on April 10, 2015, Aetna filed a complaint ("*Complaint*"), Civil Action No. 15-1868, pending in the United States District Court for the Eastern District of Pennsylvania (the "*Litigation*") alleging fraudulent and tortious conduct against HDL, HDL's former CEO LaTonya Mallory ("*Mallory*"), BlueWave Healthcare Consultants, Inc. ("*BlueWave*"), and BlueWave's owners Floyd Calhoun Dent, III ("*Dent*") and Robert Bradford Johnson ("*Johnson*" and,

5

collectively with BlueWave and Dent, the "*BlueWave Defendants*").  The damages from the alleged conduct form the basis of Aetna's claims against the Debtors' estates (the "*Aetna Claims*");

**WHEREAS,** the Litigation alleges four counts: fraud, tortious interference with business and contractual relations, civil conspiracy and unjust enrichment;

**WHEREAS,** Aetna alleges that it suffered significant damages as a result of HDL and its agents improperly inducing Aetna's participating physicians to refer laboratory testing services to HDL as an out of network provider;

**WHEREAS,** Aetna also alleges that HDL induced physicians to "up-code" claims and order excessive tests, and that HDL waived Aetna members' financial responsibility payments (i.e., the cost to the member of using the HDL on an out-of-network basis);

**WHEREAS,** Aetna alleges that BlueWave and HDL were aware of these practices and its effect on Aetna that resulted in Aetna overpaying on claims because the alleged evidence of HDL's waiver of financial responsibility payments is set forth in HDL's Sales Agreement with BlueWave;

**WHEREAS,** Aetna has several related claims against non-debtors including damages from BlueWave's actions which are separate and apart from the damages from overpayment alleged in the Complaint and include damages resulting from tortious interference, fraud, and the conspiracy to commit those torts;

**WHEREAS,** the BlueWave Defendants are non-debtor third party defendants in the Litigation and were not former officers and directors of HDL;

**WHEREAS,** Aetna also has claims against Mallory as a third party non-debtor former officer and director of HDL as well as potential claims against current and former officers and directors who are not yet named in the action, but may be added as the Litigation and discovery proceeds forward ("*D&O Defendants*" and, collectively with the BlueWave Defendants, the "*Third Party Non-Debtor Defendants*");

**WHEREAS,** on July 10, 2016, the BlueWave Defendants filed a Motion to Dismiss the Complaint against BlueWave, and Aetna subsequently filed its First Amended Complaint on August 31, 2015;

**WHEREAS,** on October 19, 2015, the BlueWave Defendants filed a Motion to Dismiss the First Amended Complaint;

**WHEREAS,** an opinion was entered by the United States District Court for the Eastern District of Pennsylvania on December 28, 2015 denying the motion;

**WHEREAS,** Aetna calculates that it paid to HDL $77.4 million since 2010 for services allegedly performed on behalf of Aetna members (the "*Aetna Payments*");

**WHEREAS,** the Aetna Payments do not include Aetna's potential damages relating to services allegedly not performed, alleged up-coding and potentially excessive or unnecessary tests allegedly performed, billed and paid, or potential punitive damages or any related claims against non-debtor third parties;

**WHEREAS,** the Parties agree that if Aetna's allegations are true, that a portion of the $77.4 million in payments may have occurred even without the alleged improper inducements;

**WHEREAS,** the Parties agree that Aetna Claims against third party non-debtor defendants, including, but not limited to the BlueWave Defendants, have value to the Debtors' estates and the Trust;

**WHEREAS,** Mr. Arrowsmith and Committee professionals have independently and objectively verified the underlying assumptions on pricing used to establish the value of the Aetna Claims through information found in the public domain and independent sources to avoid any antitrust issues with the Debtors, their directors and officers, and members of the Committee, including Aetna, all of which pose or potentially pose an antitrust concern;

**WHEREAS,** the Committee members approved this Settlement Agreement at meeting of the Committee, from which Aetna recused itself and did not attend; and

**WHEREAS,** the Parties and Mr. Arrowsmith in his capacity as the Debtors' CRO have exchanged information, negotiated in good faith and at arm's length and now desire to resolve all matters respecting the Aetna Claims, upon the terms and conditions set forth below.

**NOW THEREFORE,** for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1.       The Aetna Claims shall be allowed in the amount of $77.4 million as follows:

    a. a $49.5 million allowed Class 3 Claim (as defined in the Plan), not subject to reconsideration, which is comprised of $34 million for the in-network/out-of-network payment rate dispute and $15.5 for other alleged damages (the "*Allowed Unsecured Claim*"); and
    b. a $27.9 million allowed Class 4 Claim (as defined in the Plan), not subject to reconsideration, which is a subordinated Class 4 Claim that is the balance of all alleged damages capped at $77.4 million.

2.      Aetna will voluntarily assign in writing any and all claims against the Third Party Non-Debtor Defendants to the Trust ("*Assigned Claims*").

3.      Except for the Aetna Claims described in paragraph 1, any claim filed by Aetna, whether before or after the effective date of this Settlement Agreement, shall be immediately deemed disallowed and expunged.  For the avoidance of doubt, this paragraph 3 shall not apply to any Assigned Claims.

4.      To the extent the Trustee obtains any benefit, or collects any consideration, arising out of an Assigned Claim, the Trustee shall request Court approval, in accordance with section 6.16(b) of the Plan, to increase the amount of the Allowed Unsecured Claim by 50% of the proceeds attributable to such Assigned Claim.  For the avoidance of doubt, the Trust will be responsible for costs and fees related to the litigation of Assigned Claims.

5.      The Trustee and Aetna will identify and agree upon which claims are distinct from the claims of the estate before assignment and the Trust will have discretion on whether or not to pursue these claims.

6.      Aetna will serve on the Liquidating Trust Oversight Committee, as defined in the Plan;

7.      Upon the effective date of this Settlement Agreement and subject to the provisions of this Settlement Agreement, the Committee or the Trustee (as applicable), on behalf of themselves and the Debtors' estates, and each of their respective representatives, successors and assigns, shall be deemed to have released, waived, and discharged Aetna from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising on or before the date of this Settlement Agreement.  For the avoidance of doubt, this paragraph 7 shall not apply to any Assigned Claims.

8.      Upon the effective date of this Settlement Agreement and subject to the provisions of this Settlement Agreement, Aetna, on its own behalf and on behalf of its present, former, and future affiliates, agents, directors, officers, parents, predecessors, principals, representatives, subsidiaries, successors and assigns, shall be deemed to have released, waived and discharged the Trust from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising on or before the date of this Settlement Agreement.

9.      This Settlement Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same.

10.      The undersigned represent and warrant that they have full authority to execute this Settlement Agreement on behalf of their respective Party or client **and have obtained all necessary approvals**.  Aetna further warrants that it is the sole owner and holder of the Aetna Claims, and that it has not sold, assigned, or transferred the Aetna Claims.

11.      This Settlement Agreement is the resolution of disputed claims and nothing herein shall be deemed an admission against either party.

8

12.      The terms and conditions of this Settlement Agreement shall become effective and enforceable upon entry of this Settlement Agreement by the Court.

13.      The Court shall retain jurisdiction to resolve all issues in connection with this Settlement Agreement;

14.      This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.  For the avoidance of doubt, this Settlement Agreement shall be binding on the Trust as successor to the Committee, without regard to whether this Settlement Agreement has been signed on behalf of the Trust.

15.      This Settlement Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

**The Official Committee of Unsecured Creditors of Health Diagnostic Laboratory Inc.,** *et al.*

By: */s/ Richard S. Kanowitz*
    Its Counsel

Douglas P. Lobel (Va. Bar No. 42329)
Cooley LLP
One Freedom Square │ Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8019
Facsimile: (703) 456-8100
Email: dlobel@cooley.com

Richard S. Kanowitz (admitted pro hac vice)
Jay R. Indyke (admitted pro hac vice)
Jeremy H. Rothstein (admitted pro hac vice)
Cooley LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email:  rkanowitz@cooley.com
       jindyke@cooley.com
       jrothstein@cooley.com

**ADDITIONAL PARTY:**

**The HDL Liquidating Trust**

By: _____
    Trustee

Richard Arrowsmith
Managing Director
Alvarez & Marsal Holdings, LLC
Healthcare Industry Group
555 13th Street, N.W., 5th Floor
Washington, DC 20004
Telephone: (202) 688-4220
Facsimile: (202) 729-2101

**Aetna, Inc.**

By: */s/ Rafael X. Zahralddin-Aravena*
    Its Counsel

Rafael X. Zahralddin-Aravena
Elliott Greenleaf
1105 N. Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399

James C. Crumlish, III
Elliott Greenleaf
925 Harvest Drive
Suite 300
P.O. Box 3010
Blue Bell, PA 19422