# WHITEFORD, TAYLOR & PRESTON L.L.P.

114 MARKET STREET, SUITE 210
ROANOKE, VIRGINIA 24011

MAIN TELEPHONE (540) 759-3560
FACSIMILE (540) 343-1011

MICHAEL E. HASTINGS
PARTNER
DIRECT LINE (540) 759-3579
DIRECT FAX (540) 759-3569
mhastings@wtplaw.com

BALTIMORE, MD
BETHANY BEACH, DE*
BETHESDA, MD
COLUMBIA, MD
DEARBORN, MI
FALLS CHURCH, VA
LEXINGTON, KY
PITTSBURGH, PA
ROANOKE, VA
TOWSON, MD
WASHINGTON, DC
WILMINGTON, DE*

WWW.WTPLAW.COM
(800) 987-8705

August 2, 2016

**VIA CM/ECF ONLY**

The Honorable Kevin R. Huennekens
U.S. Bankruptcy Court
701 East Broad Street, Suite 4000
Richmond, VA 23219-1888

   Re:  Health Diagnostic Laboratory, Inc., *et. al.*,
       Case No. 15-32919 (KRH)

Dear Judge Huennekens:

  I have enclosed a proposed *Amended Order Granting Relief from the Automatic Stay and Establishing Procedures for Access to Certain Insurance Policies* (herein, the "Modified Protocol Order") for your consideration, which modifies the Order Granting Relief from the Automatic Stay and Establishing Procedures for Access to Proceeds of Certain Insurance Policies [Docket Item No. 715] and also resolves the Expedited Motion to Modify Protocol Order in Regard to Payment of Proceeds to G. Russell Warnick [Docket Item No. 1166].

  The terms of the enclosed proposed Modified Protocol Order are acceptable to our client, LaTonya S. Mallory ("Mallory"), as well as the Liquidating Trustee and Dennis Ryan (the "Trustee/Ryan/Mallory Version"). We understand that counsel for G. Russell Warnick ("Warnick") is not in agreement with the Modified Protocol Order.

  There are two primary points of disagreement between the version that Warnick may submit as a competing order and the Trustee/Ryan/Mallory Version submitted herewith. The two points are as follows:

1. <u>The Amount of the Revised Soft Caps</u>. The Trustee/Ryan/Mallory Version contains revised soft caps of $1.1 million in the aggregate for the insureds who are, or become, defendants in litigation brought by the United States or

The Honorable Kevin R. Huennekens
August 2, 2016
Page 2

the Trustee. It is our understanding that Warnick seeks higher caps, as he did in his objection to the original protocol order. The reason the Trustee/Ryan/Mallory Version includes lower soft caps than those proposed by Warnick is to avoid a "race to the proceeds" that is likely to result from higher aggregate soft caps that exceed the policy limits, and to guard against an unfair allocation of the proceeds. The lower soft caps included in the Trustee/Ryan/Mallory version encourage the litigants to marshal their available proceeds in a more efficient manner and may preserve certain proceeds for a later allocation request based on fairness and need. This is consistent with the underlying policy of establishing soft caps which is to balance the competing interests to the proceeds while allowing for meaningful payments. We do not see a need to currently set the allocation soft caps at a higher amount for the entire group of insureds who are facing only one covered claim under the insurance policies.

2. <u>Additur for Mallory</u>. The Trustee, Ryan, and Mallory are also in agreement that the additional $400,000 granted to Mallory in the original allocation order should be continued because she currently has two cases in active litigation in addition to the Trustee's contemplated lawsuit. It is our understanding that Warnick is currently not in favor of this additional amount for Mallory, but he has not explained why his position has changed. The initial protocol order recognized the additional exposure to Mallory arising from two active matters (the Department of Justice case pending in South Carolina and the Aetna case pending in Pennsylvania) that are covered by the policies to which the Debtor and the other directors and officers are not exposed. As a result, the Debtor proposed a $400,000 additional amount of insurance proceeds for Mallory, to which nobody objected. Your Honor provided for that additional amount in the original order and the Trustee/Ryan/Mallory Version simply continues that additional amount for her. Continuing the amount is fair and reasonable in that Mallory already has incurred covered expenses in an amount in excess of $350,000 through June of 2016, those cases are active, and the additional amount provided is almost exhausted. Therefore, while Mallory could ask for an even higher additional amount due to the ongoing litigation and fairness of her having to defend multiple lawsuits, the Trustee/Ryan/Mallory Version only seeks to continue the original $400,000 amount to pay for her additional expenses. There is no basis to revoke the additional amount Mallory has already been provided, as Mr. Warnick seemingly suggests. Such a result would not balance the competing claims and promote fairness.

The Honorable Kevin R. Huennekens
August 2, 2016
Page 3

      As a result, Mallory, by counsel, and with authorization of the Trustee and Ryan, respectfully requests the entry of the enclosed Modified Protocol Order, which has also been tendered to the court via BOPS.

Very truly yours,

Michael E. Hastings
Partner

MEH:mh

Enclosure

cc:    Dion W. Hayes, Esq., counsel for G. Russell Warnick
       K. Elizabeth Sieg, Esq., counsel for G. Russell Warnick
       William A. Broscious, Esq., counsel for Joseph P. McConnell
       Kim Taylor, Esq., counsel for Joseph P. McConnell
       Connie A. Lahn, Esq., counsel for Noel L. Bartlett, Jr.
       Kevin J. Funk, Esq., counsel for Noel L. Bartlett, Jr.
       Tim Bass, Esq., counsel for Dennis Ryan
       Tom McKee, Esq., counsel for Dennis Ryan
       Harris L. Kay, Esq., counsel for Dennis Ryan
       Dena S. Kessler, Esq., counsel for Satyanarain Rangarajan
       John J. Carney, Esq., counsel for Satyanarain Rangarajan
       Marc E. Hirschfield, Esq., counsel for Satyanarain Rangarajan
       Ferve E. Ozturk, Esq., counsel for Satyanarain Rangarajan
       Joseph L. Manson III, Esq., counsel for Satyanarain Rangarajan
       Richard Kanowitz, Esq., counsel for Liquidating Trustee
       Cullen D. Speckhart, Esq., counsel for Liquidating Trustee
       Mr. Richard Arrowsmith, Liquidating Trustee (via electronic mail)
       Kevin G. Hroblak, Esq., counsel for LaTonya S. Mallory

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>HEALTH DIAGNOSTIC LABORATORY, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-32919 (KRH)<br><br>(Jointly Administered) |

### AMENDED ORDER GRANTING RELIEF
### FROM THE AUTOMATIC STAY AND ESTABLISHING PROCEDURES
### FOR ACCESS TO PROCEEDS OF CERTAIN INSURANCE POLICIES

Upon the Expedited Motion to Modify Protocol Order in Regard to Payment of Proceeds to G. Russell Warnick [Docket Item No. 1166] (the "Motion to Modify"), and following consideration of the record in this case and the representations and arguments advanced on behalf of counsel at the hearing on the Motion to Modify (the "Hearing"), which Hearing was conducted in this Court on June 21, 2016; and it appearing that the procedures set forth in this Court's Order (the "Insurance Order")[1] Granting Relief from the Automatic Stay and Establishing Procedures for Access to Proceeds of Certain Insurance Policies [Docket Item No. 715] (the "Access Procedures") should be modified for the benefit of all beneficiaries to the Insurance Policies; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Modify filed on behalf of G. Russell Warnick is **GRANTED** to the extent set forth herein and is otherwise denied.

2. The following modified Access Procedures shall govern access to the proceeds of

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Insurance Order.

the Insurance Policies as and to the extent set forth herein and subject to further order of the Court:

    a.    The automatic stay is hereby modified to the extent necessary to authorize requests for, and payments of, proceeds of the Insurance Policies up to the following amounts, which are specifically subject to the terms of the Insurance Policies and these Access Procedures, as modified herein:

           i.    $800,000 for any D&O, or her or his attorneys, against whom litigation has not been commenced by the Liquidating Trustee, the United States of America, or any other party;

           ii.    To the extent that a civil action is filed against an individual D&O by the Liquidating Trustee or the United States of America, the amounts in paragraph 2(a)(i) shall be increased and the automatic stay is hereby modified to the extent necessary to authorize payments of proceeds of the Insurance Policies up to the aggregate amount of $1,100,000 to any such individual D&O or her or his attorneys; provided, however, that LaTonya Mallory, or her attorneys, are authorized to request and to receive payments of proceeds of the Insurance Policies of an additional $400,000 over the amount provided in this subparagraph ii.

           iii.    For the avoidance of doubt, the dollar limitations provided in paragraphs 2(a) and (b) herein are intended to be aggregate limits and not additive to the amounts provided for in the Insurance Order.

    b.    The Liquidating Trustee shall not request that the Insurer make payments of proceeds of the Insurance Policies to the Liquidating Trustee or his attorneys in excess of the aggregate amount of $1,100,000, provided that all payments of proceeds of the Insurance Policies to the Liquidating Trustee or his attorneys shall be subject to the terms of the Insurance Policies and the Access Procedures, as modified herein.

c. Counsel for each D&O and the Liquidating Trustee, as applicable, shall provide reasonably prompt notice to the Notice Parties of each request for payment submitted to the Insurer, which shall include a written statement disclosing the aggregate amount of such request for payment. Following the receipt of each payment from the Insurer of proceeds to a D&O or the Liquidating Trustee, counsel for such D&O or Liquidating Trustee, as applicable, shall provide to counsel for the Liquidating Trustee and the D&Os (collectively, the "Notice Parties") a written statement disclosing the amount requested and the aggregate amount of the payment made by the Insurer (each, a "Payment Notice"). The Notice Parties' rights and objections in regard to any payment made by the Insurer pursuant to this Order shall be subject to and governed by the Insurance Policies and applicable non-bankruptcy law.

d. Nothing herein constitutes an admission of the Liquidating Trust or of any D&Os that the Government Claim Endorsements apply to any claims made against them or a waiver of any rights to coverage the Liquidating Trust or any D&Os have under the Insurance Policies.

e. The Notice Parties request that by the fifteenth (15th) day of each month, the Insurer provide the Notice Parties with a report indicating (i) the amount of proceeds of the Insurance Policies paid to each D&O, the Liquidating Trustee, and their respective counsel, during the prior month; (ii) the total amount of proceeds of the Insurance Policies paid as of the last day of the prior month; and (iii) the total remaining amount of coverage limits available under the Insurance Policies; provided, however, that if the Insurer does not provide the report required by this Paragraph 2(e) for a given month, then as a condition to further payments to such insured pursuant to this Order, to the extent there is new information to report since the last report provided under paragraph 2(c) herein

by the applicable insured, by the last day of the month in which the Insurer failed to provide the report, each D&O and the Liquidating Trustee shall provide the other Notice Parties with a report indicating (i) the amount of proceeds of the Insurance Policies paid to such insured during the prior month; and (ii) the total amount of proceeds of the Insurance Policies paid to such insured as of the last day of the prior month.

 f. The Liquidating Trustee, any D&O, or any other party in interest may seek to modify this Order or the Insurance Order pursuant to a further order of this Court, including without limitation by seeking to obtain additional access to the proceeds of the Insurance Policies or to terminate the Access Procedures; provided, however, that no such modification shall affect any payments that are made subsequent to the entry of, and in compliance with, this Order or the Insurance Order by any Insurer to or for the benefit of the Liquidating Trustee or any D&O before such modification; and absent further order of this Court, no insured other than the D&Os and the Liquidating Trustee may access any of the coverage under the Insurance Policies.

 g. Notwithstanding anything else in this Order, nothing in the Access Procedures or in this Order shall limit the ability of the Liquidating Trust, any D&O, or any other party in interest to assert that the proceeds of the Insurance Policies are, or are not, property of the estate or Liquidating Trust, or constitute a finding or conclusion that any of the proceeds of the Insurance Policies are property of the estates or Liquidating Trust before the Liquidating Trustee's actual receipt thereof.

 h. Nothing contained herein shall limit the rights of the Liquidating Trustee or any D&O to object to the payment of any insurance proceeds requested by any D&O or the Liquidating Trustee pursuant to the Access Procedures, as modified

herein, on any available grounds, including without limitation, that payment of the requested proceeds is not permitted under the provisions of the Insurance Policies.

3. This Order provides for access to the specified amount of proceeds of the Insurance Policies only to the extent those proceeds are available and payable under the terms of the Insurance Policies, and nothing herein shall: (i) modify, limit, or expand the Insurer's or any insured's rights or obligations under the Insurance Policies; (ii) constitute an admission or acknowledgement that any coverage exclusion or other limitation applies to any claim for insurance coverage that has been or may be made by any insured; or (iii) constitute a waiver of any rights to coverage that any insured or the Insurer has under the Insurance Policies.

4. The Liquidating Trustee and each D&O is authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order.

5. This Court shall retain jurisdiction over all matters arising out of or related to this Order.

Richmond, Virginia
Dated: _____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE

**WE ASK FOR THIS:**


/s/ Cullen D. Speckhart
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Richmond, VA 23219 200
Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating
Trustee of the HDL Liquidating Trust*

Richard S. Kanowitz (admitted *pro hac vice*)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating
Trustee, and the Liquidating Trust
Oversight Committee*


/s/ Michael E. Hastings
Michael E. Hastings (VSB No. 36090)
**WHITEFORD TAYLOR PRESTON LLP**
114 Market Street, Suite 210
Roanoke, VA 24011

Kevin G. Hroblak, Esq.
**WHITEFORD TAYLOR PRESTON LLP**
7 Saint Paul Street
Baltimore, MD 21202

*Counsel for LaTonya S. Mallory*


/s/ Timothy C. Bass
Timothy C. Bass, Esq.
**GREENBERG TRAURIG, LLP**
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102

*Counsel for Dennis M. Ryan*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been served upon all necessary parties.

*/s/Cullen D. Speckhart*
Cullen D. Speckhart