**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| In re:<br>HEALTH DIAGNOSTIC LABORATORY INC. *et. al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 15-32919 (KRH)<br>(Jointly Administered) |

**MOTION FOR ORDER APPROVING ESTABLISHMENT OF HDL
LIQUIDATING TRUST'S LECLAIRRYAN QUALIFIED SETTLEMENT FUND**

Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "Liquidating Trustee"), appointed pursuant to the Debtors' confirmed Modified Second Amended Plan of Liquidation (the "Plan") in these jointly administered bankruptcy cases (the "Chapter 11 Cases" or the "Cases"), by his undersigned counsel, hereby moves the Court (the "Motion") pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") for an order (i) approving the establishment of the HDL Liquidating Trust's LeClairRyan Qualified Settlement Fund (the "Trust"), created through the trust agreement (the "Trust Agreement")[2] attached hereto as **Exhibit A**, and retaining this Court's continuing

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

[2]  Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Trust Agreement.

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Richmond, VA 23219 200
Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating Trustee
of the HDL Liquidating Trust*

Richard S. Kanowitz (admitted *pro hac vice*)
Evan M. Lazerowitz (admitted *pro hac vice*)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com
Email: elazerowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating Trustee,
and the Liquidating Trust Oversight Committee*

jurisdiction and supervision over the Trust; and (ii) determining that the Trust is a qualified settlement fund ("QSF") within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("IRC") and Treasury Regulations sections 1.468B-1, *et seq.* (the "Treasury Regulations"). In support of this Motion, the Liquidating Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157.

2. The relief sought in this Motion is predicated upon sections 105 and 363 of the Bankruptcy Code.

## BACKGROUND

3. On June 7, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4. On June 9, 2015, the Court entered an order authorizing the joint administration of these Chapter 11 Cases, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure [Docket No. 42].

5. On June 16, 2015, the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee"), pursuant to section 1102 of the Bankruptcy Code.

6. On May 12, 2016, this Court entered its Confirmation Order confirming the Plan.

2

7. Pursuant to the Plan and 11 U.S.C. § 1123, the Liquidating Trustee is the successor, for all purposes, of the Debtors and the Creditors' Committee, and is thereby vested with standing to bring this Motion as a representative of the HDL Liquidating Trust.

8. On September 1, 2016, the Liquidating Trustee filed the *Motion to Approve Settlement Agreement Between the Liquidating Trustee and LeClairRyan* (the "9019 Motion"). In the 9019 Motion, the Liquidating Trustee seeks approval of a settlement agreement (the "Settlement Agreement") with LeClairRyan, pursuant to which the Liquidating Trustee and LeClairRyan seek to fully and finally resolve all disputes among them, and to release all claims that have been asserted or are capable of being asserted against LeClairRyan and its attorneys or other personnel by the Liquidating Trustee.

9. Pursuant to Sections 6 and 7 of the Settlement Agreement, if the 9019 Motion is approved, LeClairRyan or parties on its behalf will pay to the Liquidating Trustee the sum of $20,375,000.00 (the "Settlement Funds") within 14 days of entry of the order approving the Settlement Agreement (the "Approval Order"). Section 7 of the Settlement Agreement requires the Liquidating Trustee to hold the Settlement Funds in a segregated account until the Approval Order becomes a final order as set forth in the Settlement Agreement.

10. In the exercise of his business judgment and after consulting with his advisors, the Liquidating Trustee has determined that the Liquidating Trust will realize tax and efficiency benefits by keeping the Settlement Funds in a QSF.

**RELIEF REQUESTED**

11. By this Motion, the Liquidating Trustee seeks the entry of an order (i) approving the establishment of the Trust, and retaining continuing jurisdiction and supervision over the Trust;

3

and (ii) determining that the Trust is a "qualified settlement fund" within the meaning of section 468B of the IRC and the Treasury Regulations.

### BASIS FOR RELIEF

12. A QSF is defined as a fund that is: "(1) established to resolve claims arising, *inter alia,* from a tort or violation of law; (2) established pursuant to a court order or approved by a state or federal governmental entity; and (3) segregated from the other assets of the "transferor." *Kelly Capital, LLC v. S & M Brands, Inc.*, 873 F. Supp. 2d 659, 663 (E.D. Va. 2012) (citations omitted), *aff'd as amended*, 532 F. App'x 422 (4th Cir. 2013).

13. Section 1.468B-1(c)(1) of the Treasury Regulations expressly requires that a QSF be "established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia) territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

14. The Trust will qualify as a "qualified settlement fund" under section 468B of the IRC and sections 1.468B-1, *et seq.* of the Treasury Regulations, because: (i) the Trust is being established subject to Court approval, and will be operated pursuant to the terms and conditions of the Trust Agreement approved by the Court; (ii) the Trust will be subject to the continuing jurisdiction and supervision of the Court; (iii) the Trust is being established to resolve or satisfy claims of alleged tort or violation of law relating to LeClairRyan's provision of legal services to HDL; and (iv) the Trust will be a trust under Virginia law, and its assets will be segregated from the general assets of the Liquidating Trust.

15. The Liquidating Trustee requests that he be selected to serve as the trustee of the Trust to administer the Trust pursuant to the terms of the Trust Agreement, as well as to serve as

the "administrator" of the Trust (as a "qualified settlement fund") within the meaning of section 1.468B-2(k)(3) of the Treasury Regulations.

16. Provided that all requirements and conditions set forth in the Settlement Agreement for transfer of the Settlement Funds are satisfied, LeClairRyan will transfer or cause to be transferred the Settlement Funds into the Trust. Such payments and the earnings thereon will be held by the Trust until disbursed by the Liquidating Trustee in accordance with the terms of the Settlement Agreement and the Trust Agreement.

17. If all requirements and conditions set forth in the Settlement Agreement for distribution of the Settlement Funds are satisfied, distribution to the Liquidating Trust shall be made only pursuant to and in strict conformance with the terms of the Trust Agreement and the Settlement Agreement. If a Final Order Condition Failure (as that term is defined in the Settlement Agreement) occurs, the Liquidating Trustee will return the Settlement Funds to LeClairRyan in accordance with Section 7 of the Settlement Agreement.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter an order, a form of which is attached hereto as **Exhibit B**, (i) approving the establishment of the Trust, and retaining continuing jurisdiction and supervision over the Trust; and (ii) determining that the Trust is a "qualified settlement fund" within the meaning of section 468B of the IRC and the Treasury Regulations.

Dated:  September 7, 2016

Respectfully submitted,

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Richmond, VA 23219 200
Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

Richard S. Kanowitz (admitted pro hac vice)
Evan M. Lazerowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com
Email: elazerowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **In re:** <br><br> **HEALTH DIAGNOSTIC LABORATORY, INC.,** *et al.*, <br><br> **Debtors,**[1] | **Chapter 11** <br><br> **Case No. 15-32919 (KRH)** <br><br> **(Jointly Administered)** |

## ORDER APPROVING ESTABLISHMENT OF HDL LIQUIDATING TRUST'S LECLAIRRAYN QUALIFIED SETTLEMENT FUND

Upon the motion ( the "Motion")[2] of Richard Arrowsmith, in his capacity as Liquidating Trustee (the "Liquidating Trustee") of the HDL Liquidating Trust, for entry of an order pursuant to sections 105(a) and 363 of title 11 of the Bankruptcy Code for an order (i) approving the establishment of the HDL Liquidating Trust's LeClairRyan Qualified Settlement Fund (the "Trust"), created through the trust agreement (the "Trust Agreement"), and retaining this Court's continuing jurisdiction and supervision over the Trust; and (ii) determining that the Trust is a

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

| | |
|---|---|
| Cullen D. Speckhart (VSB No. 79096) <br> **WOLCOTT RIVERS GATES** <br> 919 E. Main Street, Richmond, VA 23219 <br> 200 Bendix Road, Ste. 300 Virginia Beach, VA 23452 <br> Telephone:    (757) 497-6633 <br> Direct:        (757) 470-5566 <br> Email:    cspeckhart@wolriv.com <br><br> *Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust* | Richard S. Kanowitz (admitted *pro hac vice*) <br> Evan M. Lazerowitz (admitted *pro hac vice*) <br> **COOLEY LLP** <br> 1114 Avenue of the Americas <br> New York, New York 10036 <br> Telephone: (212) 479-6000 <br> Facsimile: (212) 479-6275 <br> Email: rkanowitz@cooley.com <br> Email: elazerowitz@cooley.com <br><br> *Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee.* |

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

qualified settlement fund ("QSF") within the meaning of section 468B of the Internal Revenue Code of 1986, as amended ("IRC") and Treasury Regulations sections 1.468B-1, *et seq.* (the "Treasury Regulations"); the Court having found that (a) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 127 and 1334(b); the relief requested in the Motion is in the best interest of the of the Debtors, its estates and creditors; (d) proper and adequate notice of the Motion and the hearing thereon has been give and no other or further notice is necessary; and (e) upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, IT IS HEREBY

ORDERED THAT the relief requested in the Motion in hereby GRANTED; and it is further

ORDERED THAT the establishment of the Trust is approved in accordance with the terms of the Trust Agreement, and the Court retains continuing jurisdiction and supervision thereof in accordance with the terms of the Trust Agreement; and it is further

ORDERED THAT the Trust is a "qualified settlement fund" within the meaning of section 468B of the IRC and the Treasury Regulations, and shall be operated in a manner consistent with Treasury Regulations section 1.468B-1, *et seq.*; and it is further

ORDERED THAT notwithstanding any Federal Rule of Bankruptcy Procedure or Local Bankruptcy Rule of the Eastern District of Virginia that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED THAT the requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived; and it is further

ORDERED THAT this Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order; and it is further

ORDERED THAT the Liquidating Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

Dated: September __, 2016
Richmond, Virginia

                                              KEVIN R. HUENNEKENS
                                              UNITED STATE BANKRUPTCY JUDGE

WE ASK FOR THIS:

*/s/*_____
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Richmond, VA 23219
200 Bendix Road, Ste. 300 Virginia Beach, VA 23452
Telephone:   (757) 497-6633
Direct:          (757) 470-5566
Email:         cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

and

Richard S. Kanowitz (admitted *pro hac vice*)
Evan M. Lazerowitz (admitted *pro hac vice*)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com
Email: elazerowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating Trustee, and the Liquidating Trust Oversight Committee.*

3

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》

*/s/*_____
Cullen D. Speckhart

4