# TRUST AGREEMENT UNDER SECTION 468B OF THE INTERNAL REVENUE CODE (26 U.S.C. SECTION 468B) FOR THE HDL LIQUIDATING TRUST'S LECLAIRRYAN QUALIFIED SETTLEMENT FUND

1. **NAME AND PURPOSE OF THE TRUST.**

    (a)  The trust ("*Trust*") shall be known as the HDL Liquidating Trust's ("*LT*") LeClairRyan Qualified Settlement Fund ("*QSF*"). The Trust also constitutes a trust under Virginia law. The LT was established by the Modified Second Amended Plan of Liquidation ("*Plan*") proposed by Health Diagnostic Laboratory, Inc. *et al.*, in its chapter 11 case pending in the United States Bankruptcy Court for the Eastern District of Virginia ("*Court*"), and approved by Court order dated May 12, 2016.

    (b)  The purpose of the Trust is to accept, hold, and distribute funds paid by or on behalf of LeClairRyan, a Professional Corporation ("*Transferor*") in consideration of the settlement of claims (the "*Claims*") under the terms of a settlement agreement ("*Settlement Agreement*") between Transferor and the LT, as approved by Court order dated September [__], 2016. This QSF exists to resolve or satisfy the claims, actions, and lawsuits arising out of an alleged tort, or violation of law, as provided for in section 1.468B of the Income Tax Regulations. Before settlement funds may be distributed to the LT, the Settlement Agreement requires the LT to hold the funds in a segregated account until certain conditions have been met. It is in the best interests of the LT that this Trust serve as that segregated account.

2. **AUTHORITY OF THE TRUST.** The Trustee shall be responsible for obtaining approval of the Trust by the Court, and an order or orders from the Court, which shall be referred to as a "*Court Order*" or as the "*Court Order(s).*" Pursuant to any applicable Court Order(s), the Trust shall be administered and operated pursuant to this Trust Agreement and the Settlement Agreement, as applicable.

3. **CORPUS OF THE TRUST.** The corpus of the Trust (the "*Corpus*") shall include:

    (a)  All sums transferred to the Trust by or on behalf of Transferor pursuant to the Settlement Agreement.

    (b)  All sums, rights, interests, claims, and similar things of every kind, nature, and description granted, transferred, or assigned to the Trust pursuant to a Court Order(s), or otherwise belonging to the Trust; and

    (c)  All income derived from any of the above assets of the Trust.

4. **BENEFICIARIES AND SETTLOR OF THE TRUST.** The LT is the Beneficiary of this Trust. The Settlor of this Trust Agreement is the Transferor.

5. **IRREVOCABILITY OF THE TRUST.** The Trust shall be irrevocable. The Transferor shall not alter, amend, revoke, or terminate the Trust. The Transferor shall have no power or authority to direct the Trustee to return any of the Corpus of the Trust to the Transferor, except as set forth in Section 7 of the Settlement Agreement.

6. **DISTRIBUTION OF CORPUS.** The Trust shall distribute the Corpus to the LT as determined by the Trustee in accordance with Section 7 of the Settlement Agreement or as

approved by the Court.  The distribution may be made solely by lump-sum cash payment.  Notwithstanding anything to the contrary herein, if a Final Order Condition Failure occurs under the Settlement Agreement, the Trustee shall return the Corpus to the Transferor in accordance with Section 7 of the Settlement Agreement as determined by the Trustee or as approved by the Court.

      **7.**    **TERMINATION OF THE TRUST**.

      **7.01.**   **Time of Termination of the Trust**. The Trust may be terminated upon the earlier of: (i) the date on which no assets remain in the Trust; or (ii) the date on which the Trust has discharged all obligations required of the Trust by a Court Order(s). Whenever the Trustee determines that the Trust may be properly terminated pursuant to this Article, the Trustee may submit a petition for termination of the Trust to the Court. After reviewing the petition, the Court may terminate the Trust or may order the Trust to undertake such further actions as the Court deems necessary and appropriate.

      **7.02.**   **Distribution of Trust Upon Termination**. Upon termination of the Trust, the Trustee shall liquidate any remaining assets of the Trust and distribute any such liquidated assets as directed by, and under the supervision of, the Court.

      **8.**    **APPOINTMENT AND CONSENT TO ACT OF TRUSTEE.**

      **8.01.**   **Appointment of Trustee**. Richard T. Arrowsmith is the Trustee of the Trust. The Trustee is independent of the Transferor.

      **8.02.**   **Consent to Act**. By execution of this Trust Agreement, the Trustee does hereby agree and consent to act as Trustee hereunder.

      **9.**    **EXPRESS POWERS OF TRUSTEE**. The Trustee shall be vested with all powers necessary to effectuate the purposes of the Trust. However, any grant of power set forth in this Trust Agreement does not itself require or permit the exercise of that power, given that Trustee powers are subject to the Trustee's fiduciary duties. Furthermore, before exercising these powers, the Trustee shall obtain Court approval for all material decisions affecting the Trust (including, but not limited to undertaking any decision that may incur significant costs). These powers shall include, but not be limited to, the following:

      **9.01.**   **Payment of Expenses of the Trust**. The Trustee shall be empowered to incur on behalf of the Trust, and pay from the assets of the Trust, all reasonable and necessary administration fees and bank expenses incurred by the Trustee in maintaining and administering the Trust.  The fees and costs associated with investment advisors, accountants, agents, managers, attorneys, actuaries, auditors, or insurers, which are incurred to maintain and administer the Trust shall be paid by the LT.

      **9.02.**   **Retention of Consultants**. The Trustee is empowered to retain any professional, consultant, or other person or entity to:

      **(a)**    Effectuate the purposes of the Trust; or

      **(b)**    Maintain and administer the Trust.

The selection of vendors and consultants shall be at the sole discretion of the Trustee.

**9.03.   Execution of Documents**. The Trustee is empowered to make, sign, execute, acknowledge, and deliver any documents, with or without seal, and whether or not under oath, which may be necessary or appropriate to effectuate the purposes of the Trust or to maintain and administer the Trust.

**9.04.   Extension of Obligations**. The Trustee is empowered to renew or extend the time for performance of any obligation owed to the Trust for such periods of time and on such terms as the Trustee deems advisable.

**9.05.   Litigation or Other Proceedings**. The Trustee is empowered to institute, conduct, defend, settle, or compromise any litigation or other proceeding in any court (of law or equity) or any administrative or regulatory forum in the name of the Trust if, in his sole discretion, he deems it so advisable to do so.

**9.06.   Compliance With Law**. The Trustee is empowered to comply with all requirements imposed by applicable law, rule, or regulation.

**9.07.   Discretion in Exercise of Powers**. The Trustee is empowered to do any and all other things the Trustee deems necessary or appropriate to effectuate the purposes of the Trust or to maintain and administer the Trust.

**9.08.   Grant of Powers Limited**. The Trustee shall not be empowered to dispose of the Corpus of the Trust for less than adequate and full consideration in money or money's worth unless expressly authorized by the Court following a duly noticed petition.

**9.09.   Modification of the Trust**. The Trustee shall be empowered to petition the Court for modification of the Articles of this Trust Agreement if the Trustee determines that such modifications are necessary to conform to legal, tax, or administrative requirements.

10.    IMMUNITY AND INDEMNIFICATION OF TRUSTEE.

**10.01. Generally.** The Trustee acts as Trustee only and not personally. All persons shall therefore look solely to the Trust, and not to the Trustee personally, for compensation with respect to any contract, obligation, or liability made or incurred by Trustee in good faith. The Trustee shall be liable only for his own acts or omissions resulting from his own gross negligence or willful misconduct. The Trustee may purchase and maintain insurance coverage for the Trustee against any such liability for gross negligence as an expense of the Trustee personally, and not as an expense of the Trust.

**10.02. Duty to Defend, Indemnify, and Hold Harmless**. The LT shall defend, indemnify, and hold the Trustee harmless from and against any and all uninsured claims, liabilities, costs, damages, or expenses arising from any contract, obligation, liability made or incurred by the Trustee in good faith. Nothing in this Article 10.02 shall be construed or interpreted to reduce in any way the protections and immunities, if any, afforded to the Trustee pursuant to federal or state statutory and common law. Notwithstanding the foregoing, this indemnification, obligation of defense, and covenant to hold harmless shall not apply to any liability: (i) arising from a criminal proceeding where the Trustee had reasonable cause to believe that the conduct in question was unlawful; or (ii) where the Trustee is held to have acted with gross negligence.

**11.** **TRUSTEE COMPENSATION**. For the duration of the Trust, or until a Court Order otherwise specifies, the Trustee shall not receive any compensation other than reimbursement from the LT for the Trustee's reasonable costs and expenses.

**12.** Successor Trustee.

**12.01. Vacancy Caused by Trustee Resignation or Removal**.

**(a)** **Trustee Resignation.** The Trustee may resign at any time. The Trustee shall deliver his written notice of resignation to the Court. The resignation shall take effect upon the date specified therefore in the notice of resignation, or if such notice does not specify a date therefore, then within thirty (30) calendar days of delivery of the written notice of resignation. Notwithstanding the foregoing, the Court will have the ability to specify a different effective date, which shall be controlling.

**(b)** **Trustee Removal.** The Court may remove the Trustee on its own motion for any reason the Court deems appropriate or proper. The removal shall take effect upon the date the Court specifies. The Trustee shall, by the earliest date possible, deliver to the Trustee's successor, or to another acting Trustee, all of the Trust assets, which were in the possession of the Trustee, along with a complete record and inventory of all such assets.

**12.02. Appointment of Successor Trustee**. Any vacancy in the office of Trustee shall be filled by the Oversight Committee of the LT (as that term is defined in the Plan), subject to approval by the Court.

**12.03. Acceptance of Appointment of Successor Trustee**. Any successor Trustee's acceptance of appointment as a successor Trustee shall be in writing and shall be filed with the Court. The acceptance shall become effective upon receipt by the Court. The Trustee shall thereupon be considered a Trustee of the Trust without the necessity of any conveyance or instrument. Each successor Trustee shall have all of the rights; powers, duties, authority; and privileges as if initially named is Trustee hereunder. Each successor Trustee shall be exempt from any liability related to the acts or omissions of the Trustee prior to the appointment of the successor Trustee.

**12.04. Preservation of Record of Changes in Trustee**. A copy of each instrument of resignation, removal, appointment, and acceptance of appointment shall be attached to and shall become an executed counterpart of this Trust Agreement.

**13.** **INSTRUCTIONS TO THE TRUSTEE**. The Trustee is hereby specifically directed to do the following:

**13.01. Reporting to the Court**. The Trustee shall report to the Court, orally or in writing, with respect to any matter arising from the administration of the Trust that the Trustee deems advisable to bring to the attention of the Court or upon request of the Court.

**13.02. Records**. Aside from the reporting requirements set forth in the other sub-Articles of this Article 13 herein, the Trustee shall create and maintain records of the Trustee's activities arising from this Trust Agreement and any orders of the Court. The records shall be created and maintained in a manner that is ordinary and customary for the obligations imposed by any Court Order(s) or this Trust Agreement. Copies of the records shall be provided to the Court upon its request, subject to any privileges or other protections. Any privileged or

otherwise protected material shall he provided under seal to the Court for in camera review. Upon termination of the Trust, all privileged or otherwise protected records shall be returned to the Trustee.

       **13.03. Management of the Corpus of the Trust**. The Trustee shall be empowered to manage the Corpus of the Trust as he deems advisable in order to effectuate the purposes of the Trust. This authority shall include, but not be limited to, the investment of the monetary assets of the Trust and the earnings thereon, if any, so there are adequate resources available to pay for the reasonable and necessary expenses incurred by the Trustee in maintaining and administering the Trust. This authority may also permit the Trustee to invest some or all of the monetary assets of the Trust, at the sole discretion of the Trustee, in high quality, low risk investments, such as United States Treasury bills and other United States Government-backed securities. Medium risk, high risk, or speculative investments are expressly prohibited.

       Given that changes in the United States and global economies can correspondingly change what constitutes high quality, low risk, medium risk, or high risk investments, the Trustee may periodically obtain counsel from qualified financial planners or economic advisers in order to reallocate investments of the Trust's Corpus to ensure that assets of the Trust remain allocated to high quality, low risk investments (which may or may not include United States Treasury bills and other United States Government-backed securities).

       **14.**    **INTERESTS IN THE TRUST**. No interest in this Trust may be assigned or transferred in any manner, unless approved by the Court. In addition, such interests shall not be voluntarily or involuntarily subject to any type of encumbrance, to the maximum extent allowable by law. This shall include, but not be limited to, encumbrances associated with claims of any creditor (in or outside of bankruptcy or other insolvency statutory schemes) under any federal, state, or local laws. Any such interest, if any, shall be made available only upon termination of the Trust.

       **15.**    **RIGHTS AND OBLIGATIONS OF TRANSFEROR**. The Transferor shall have no rights or obligations with respect to the Trust, except as provided for in Section 7 of the Settlement Agreement.

       **16.**    **SECTION 468B QUALIFIED SETTLEMENT FUND**.

       **16.01. Generally**. It is the intent of the Trustee, the Court, the Transferor, the LT, and this Trust Agreement that all steps shall be taken by the Trustee, and the Transferor to ensure that the Trust established by the Court will qualify as, and remain, a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code, 26 U.S.C. Section 468B, and the Regulations promulgated pursuant thereto and codified at 26 C.F.R. Sections 1.468B-1 through 1.468B-5. Transferor shall be classified as a "transferor" within the meaning of Regulation Section 1.468B-1(d)(1), 26 C.F.R. Section 1.468B-1(d)(1). The Trustee shall be classified as the "administrator" within the meaning of Regulation Section 1.468B-2(k)(3), 26 C.F.R. Section 1.468R-2(k)(3). Accordingly, if appropriate, the Trustee shall elect to apply settlement fund rules by filing a "Section 1.468B-5(b)(2) Election."

       It is further intended that all transfers to the Trust will satisfy the "all events test" and the "economic performance" requirement of Section 461(h)(1) of the Internal Revenue Code, 26 U.S.C. Section 461(h)(1), and Regulation Section 1.461-1(a)(2), 26 C.F.R. Section 1.461-1(a)(2). As such, the Transferor shall not be taxed on the income of the Trust. The Trust shall

be taxed on its modified gross income, excluding the sums, or cash equivalents of things, transferred to it. In computing the Trust's modified gross income, deductions shall be allowed for, inter alia, administrative costs and other incidental deductible expenses incurred in connection with the operation of the Trust, including, without limitation, state and local taxes, and legal, accounting, and actuarial fees relating to the operation of the Trust. All such computations of the Trust's modified gross income, as well as any exclusions or deductions thereto, shall be compliant and consistent with Treasury Regulation Section 1.468B-2(b)(1)-(4), 26. C.F.R. Section 1.468B-2(b)(1)-(4).

**16.02. Employer Identification Number**. Upon establishment of the Trust, the Trustee shall apply for an employer identification number for the Trust pursuant to Internal Revenue Service Form SS-4, and in accordance with Treasury Regulation Section 1.468B-2(k)(4), 26 C.F.R. Section 1.468B-2(k)(4).

**16.03. Relation-Back Election**. If applicable, the Trustee and the Transferor shall fully cooperate in filing a relation-back election under Treasury Regulation Section 1.468B-1(j)(2), 26 C.F.R. Section 1.468B-1(j)(2), to treat the Trust as coming into existence as a settlement fund as of the earliest possible date.

**16.04. Tax Preparation, Reporting, and Withholding Requirements**. The Trustee shall cause to be filed, on behalf of the Trust, all required federal, state, and local tax returns in accordance with the provisions of Treasury Regulation Section 1.468B-2(k), 26 C.F.R. Section 1.468B-2(k). Furthermore, in accordance with the provisions of Treasury Regulation Section 1.468B-2(1), 26 C.F.R. Section 1.468B-2(1), the Trustee shall cause to be filed all required federal, state, and local information returns and ensure compliance with withholding and reporting requirements. The Trustee may retain an independent, certified public accountant to consult with and advise the Trustee with respect to the preparation of any and all appropriate income tax returns, information returns, or compliance with withholding requirements. The Transferor (or some other person on behalf of the Transferor) shall supply to the Trustee and to the Internal Revenue Service the statement described in Treasury Regulation Section 1.468B-3(e)(2), 26 C.F.R. Section 1.468B-3(e)(2), no later than February 15th of the year following each calendar year in which the Transferor (or some other person on behalf of the Transferor) makes a transfer to the Trust.

**16.05. Powers of the Trustee**. The Trustee shall be empowered to take all such actions, including such actions as may be inconsistent with those expressly set forth above, as he deems necessary to ensure that the Trust is treated as a "*Qualified Settlement Fund*" under Section 468B of the Internal Revenue Code, 26 U.S.C. Section 468B, and the Regulations promulgated pursuant thereto and codified at 26 C.F.R. Sections 1.468B-1 through 1.468B-5. Further, the Trustee may petition the Court to amend, either in whole or in part, any administrative Article of this Trust Agreement, which causes unanticipated tax consequences or liabilities inconsistent with the foregoing.

**16.06. Savings Provision**. Notwithstanding anything herein to the contrary, in the event that any portion of this Trust shall at any time be considered not to be in compliance with Internal Revenue Code Section 468B, as amended, together with any and all Treasury Regulations and Internal Revenue Services Notices, Announcements and directives thereunder, such offending Article of this Trust Agreement shall be considered null, void, and of no effect, without any action by any court or by the Trustee. The overarching purpose of this Trust is to at all times be in compliance with Internal Revenue Code Section 468B and all administrative authority and announcements thereunder. In the event that this Article 16.06 applies to render

6.

an offending Article null, void, or of no effect, Article 17.04 of this Trust Agreement shall still apply with respect to the remaining non-offending Articles of this Trust Agreement.

17. **MISCELLANEOUS ARTICLES**.

**17.01. Interpretation**. As used in this Trust Agreement, words in the singular include the plural, and words in the plural include the singular. The masculine and neuter genders shall be deemed to include the masculine, feminine, and neuter. The descriptive heading for each paragraph and subparagraph of this Trust Agreement shall not affect the interpretation or the legal efficacy of this Trust Agreement.

**17.02. Notices**. All notices or deliveries required or permitted hereunder shall be in writing and shall be deemed given: (i) when personally delivered; (ii) when actually received by means of facsimile transmission; (iii) when received by overnight express courier delivery; and (iv) when delivered and receipted for by certified mail, postage prepaid, return receipt requested (or in the event of attempted delivery and refusal of acceptance, then on the date of the first attempted delivery). Any notice sent by facsimile transmission must be confirmed by delivery of an original or hard copy within five (5) business days following transmission.

**17.03. Choice of Law**. This Trust Agreement shall be administered, governed by, construed, and enforced according to the laws of the State of Virginia applicable to contracts and agreements made and to be performed therein, except that all matters of federal tax law and this Trust's compliance with Section 468B of the Internal Revenue Code and Treasury Regulations thereunder shall be governed by federal income tax law.

**17.04. Invalidity and Unenforceability**. If any term or Article of this Trust Agreement shall be invalid or unenforceable, the remainder of this Trust Agreement shall not be affected thereby, and each remaining term and Article of this Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

**17.05. Severability**. If the fulfillment of any obligation imposed by this Trust Agreement will result in a violation of law, then ipso facto, the obligation to be fulfilled shall be reduced by the least amount necessary to allow compliance with the law.

**17.06. Entirety of Agreement**. This Trust Agreement supersedes any and all prior or contemporaneous oral discussions and agreements with respect to the subject matter hereof that might add to, vary, or contract this Trust Agreement. This Trust Agreement, together with the Court Order(s), contain the sole and entire agreement and understanding with respect to the matters addressed therein.

**17.07. Binding Agreement**. The persons executing this Trust Agreement hereby covenant, warrant, and represent that: (i) each person is duly authorized to execute this Trust Agreement; (ii) this Trust Agreement is binding; and (iii) the execution of this Trust Agreement will not result in any breach or constitute a default under any obligation, undertaking, contract, or agreement to which such individuals are a party or by which such individuals may be bound.

**17.08. Counterparts**. This Trust Agreement may be executed in two or more counterparts, with the same effect as if all signatures on such counterparts appeared on one

document, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**17.09. Independent Legal and Tax Counsel**. The persons executing this Trust Agreement have been, or have had the opportunity to be, represented by counsel and advisors of his, her, or its own selection in this matter. Further, such persons represent that they have not relied upon any individual, nor have they relied upon the draftsmanship reflected in this Trust Agreement. Such persons represent that they have not acted under duress or compulsion, whether legal, economic, or otherwise. Consequently, they agree that the language in all parts of this Trust Agreement shall in all cases be construed as a whole according to its fair meaning and neither strictly for nor against anyone. **IT IS SPECIFICALLY ACKNOWLEDGED AND UNDERSTOOD THAT THIS TRUST AGREEMENT HAS NOT BEEN SUBMITTED TO, NOR REVIEWED OR APPROVED BY, THE INTERNAL REVENUE SERVICE OR THE TAXING AUTHORITIES OF ANY STATE OR TERRITORY OF THE UNITED STATES OF AMERICA.**

**17.10. Continuing Jurisdiction/Registered Agent**. As specified in the Court Order(s), the Court shall retain full jurisdiction over the Trust for purposes of ensuring its compliance with the Court Order(s), this Trust Agreement, and any future order of the Court. The Trustee shall be a registered agent for the Trust for the purpose of personal service of process upon the Trust.

## SIGNATORIES

IN WITNESS WHEREOF, the parties have executed this Trust Agreement on the date indicated below.

**TRUSTEE FOR THE LIQUIDATING TRUST'S LECLAIRRYAN QUALIFIED SETTLEMENT FUND**

Signature _____

Printed Name _____

Date _____