UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:          HEALTH DIAGNOSTIC LABORATORY,            Case No. 15-32919
                INC., *et al.*,                          Chapter 11
                                                         (Jointly Administered)
                        Debtors.

## ORDER

Before the Court in this contested matter is the motion (the "Motion") filed by Richard

Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the

"Liquidating Trustee") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure, as incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure, in

connection with the Applications for Orders Allowing Administrative Claims (the

"Applications") filed by Joseph P. McConnell ("McConnell") and G. Russell Warnick

("Warnick").

Upon consideration of the pleadings, the materials on file with the Court, and the

arguments presented by the parties at the hearing conducted on August 18, 2016, the Court finds,

for the reasons set forth in its Memorandum Opinion, that there is no genuine dispute as to any

material fact that would entitle McConnell and Warnick to recover administrative expense claims

for actions and events rooted in the prepetition past.  McConnell and Warnick are not entitled to

recover, as a matter of law, administrative claims arising out of their prepetition contracts with

Health Diagnostics Laboratory, Inc. ("HDL").  Nor are they entitled to an administrative claim

arising from any prepetition indemnification obligations HDL may have had.  The Court finds

that the parties do dispute material facts regarding any entitlement McConnell and Warnick may

have to compensation for the postpetition services they provided to HDL as well as to the value

of those services under § 503(b)(1) of the Bankruptcy Code.  The parties also dispute material facts regarding any entitlement McConnell and Warnick may have to recover the actual, necessary expenses they incurred for any substantial contribution they may have made to the bankruptcy Cases in their capacities as creditors under § 503(b)(3)(D) of the Bankruptcy Code. Finally, Counsel for McConnell and Warnick cannot recover reasonable compensation for any contribution they made to the bankruptcy estate under § 503(b)(4) of the Bankruptcy Code unless and until McConnell and Warnick prove that they are entitled to a substantial contribution claim under § 503(b)(3)(D) of the Bankruptcy Code.

Accordingly, having reached this determination, it is hereby

**ORDERED, ADJUDGED AND DECREED** that

1. The Motion filed by the Liquidating Trustee is **GRANTED, IN PART;**

2. The Applications of McConnell and Warnick seeking administrative claims for (i) costs and expenses incurred in responding to the adversary proceeding styled, *Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust v. Mallory, et al.*, Case No. 16-03271 (Bankr. E.D. Va. Sept. 16, 2016); (ii) unpaid prepetition compensation as directors and officers of the Debtors (including, but not limited to, deferred compensation and severance); (iii) indemnification for unliquidated and contingent liability to the Debtors' estate; (iv) claims arising under prepetition employment agreements; (v) claims arising under the HDL Shareholders' Agreement (including, but not limited to, amounts for or related to distributions with respect to federal and state income taxes paid by McConnell and Warnick in the 2014 tax year attributable to their allocable respective share of HDL's income tax for the 2014 tax year); (vi) claims and interest arising from or on account of the HDL Articles of Incorporation; (ix) claims and interest arising from the HDL By-Laws; (x) any other claims, damages, remedies,

causes of action, or demands that may exist as a matter of prepetition contract; and (xi) future legal fees are hereby disallowed as administrative claims;

3.        The Applications of McConnell and Warnick for the allowance of administrative claims for attorneys' fees under § 503(b)(4) of the Bankruptcy Code are hereby dismissed without prejudice subject to being reasserted should either McConnell or Warnick prevail on their administrative claim for actual, necessary expenses they incurred for any substantial contribution they may have made to the bankruptcy Cases in their capacities as creditors under § 503(b)(3)(D) of the Bankruptcy Code;

4.        The Motion filed by the Liquidating Trustee is **DENIED, IN PART,** to the extent the Applications of McConnell and Warnick seek the allowance of administrative claims (i) for the reasonable value of any postpetition services McConnell and Warnick may have rendered that were actual, necessary costs and expenses of preserving the estate under § 503(b)(1) of the Bankruptcy Code, or (ii) for the actual, necessary expenses, other than compensation and reimbursement specified in § 503(b)(4) of the Bankruptcy Code, McConnell and Warnick incurred for any substantial contribution they may have made to the bankruptcy Cases in their capacities as creditors under § 503(b)(3)(D) of the Bankruptcy Code (the "Surviving Postpetition Administrative Claims");

5.        The Surviving Postpetition Administrative Claims of McConnell and Warnick under §§ 503(b)(1) and 503(b)(3)(D) of the Bankruptcy Code are hereby consolidated with the adversary proceeding styled, *Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust v. Mallory, et al.*, Case No. 16-03271 (Bankr. E.D. Va. Sept. 16, 2016).

ENTERED: Oct 6 2016


                                        /s/ Kevin R. Huennekens
                                    UNITED STATES BANKRUPTCY JUDGE


                                 Entered on Docket:  Oct 6 2016


Copies to:

**Richard S. Kanowitz**
**Evan M. Lazerowitz**
Cooley LLP
1114 Avenue of the Americas
New York, New York 10036

**Cullen D. Speckhart**
Wolcott Rivers Gates
919 E. Main Street, Suite 1040
Richmond, Virginia 23219

**Dion W. Hayes**
**K. Elizabeth Sieg**
**Kyle R. Hosmer**
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219

**William A. Broscious,**
**Kimberly A. Taylor**
KEPLY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia 23233