Timothy C. Bass (VSB No. 40122)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
Email: basst@gtlaw.com
Email: mckeet@gtlaw.com

*Counsel for Defendant Dennis Ryan*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)**

| | |
|---|---|
| In re: | Chapter 11 |
| HEALTH DIAGNOSTIC LABORATORY, INC., et. al., | Case No. 15-32919 (KRH) |
| Debtors. | (Jointly Administered) |
| RICHARD ARROWSMITH, LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST, | Adv. Proc. No. 16-03271 (KRH) |
| Plaintiff, | |
| v. | |
| LATONYA S. MALLORY, et al., | |
| Defendants. | |

**DENNIS RYAN'S REPLY TO: (1) G. RUSSELL WARNICK'S OMNIBUS RESPONSE AND OBJECTIONS TO THE LIQUIDATING TRUSTEE'S MOTIONS TO APPROVE SETTLEMENT AGREEMENTS WITH SATYANARAIN RANGARAJAN, DENNIS RYAN AND JOSEPH MCCONNELL; (2) SATYANARAIN RANGARAJAN'S LIMITED OBJECTION TO LIQUIDATING TRUSTEE'S MOTIONS TO APPROVE SETTLEMENT AGREEMENTS WITH DENNIS RYAN AND JOSEPH MCCONNELL; AND (3) LATONYA MALLORY'S LIMITED OMNIBUS OBJECTION TO LIQUIDATING TRUSTEE'S MOTIONS TO APPROVE SETTLEMENT AGREEMENTS WITH DENNIS RYAN AND JOSEPH MCCONNELL**

Dennis Ryan ("Ryan"), by and through undersigned counsel, respectfully submits this reply to: (1) G. Russell Warnick's Omnibus Response and Objections to the Liquidating Trustee's Motions to Approve Settlement Agreements with Satyanarain Rangarajan, Dennis Ryan and Joseph McConnell [Dkt. No. 39 in Adv. Pro. No. 17-03029]; (2) Satyanarain Rangarajan's Limited Objection to Liquidating Trustee's Motions to Approve Settlement Agreements with Dennis Ryan and Joseph McConnell [Dkt. No. 43 in Adv. Pro. 17-03029]; and (3) LaTonya Mallory's Limited Omnibus Objection to Liquidating Trustee's Motions to Approve Settlement Agreements with Dennis Ryan and Joseph McConnell [Dkt. No. 44 in Adv. Pro. 17-03029]. In response to these pleadings, Ryan states as follows:[1]

1.  In his Omnibus Response and Objections, G. Russell Warnick ("Warnick") asserts that Ryan breached the terms of the insurance policies because he entered into settlements without obtaining consent from the insurer. *See* Dkt. No. 39 in Adv. Pro. No. 17-03029, at p. 3. The insurer, however, has paid all remaining policy proceeds into the Court and has asked for an Order absolving it of any further obligations under the policy. As such, it is for the Court to decide if the Interpleaded Amount should be used to fund a settlement, not the insurer. Moreover, to the extent the Settlement Agreement with Ryan is not approved by the Court or is otherwise deemed ineffective, Ryan certainly has not done anything to jeopardize his rights to coverage.

2.  In his Limited Objection, Satyanarain Rangarajan ("Rangarajan") asserts that Ryan's settlement with the Liquidating Trustee impermissibly allocates the Interpleaded Amounts to parties other than Rangarajan. In support thereof, Rangarajan cites to provisions of

---

[1] Ryan has not yet entered an appearance in Adv. Proc. No. 17-03029. Accordingly, Ryan's reply is being filed in conjunction with Case No. 15-32919 and Adv. Pro. No. 16-03271.

2

his own Settlement Agreement with the Liquidating Trustee, whereby Rangarajan is supposed to receive 50% of the Interpleaded Amounts after certain deductions have been made. Rangarajan does not seem to understand that, under each of the Settlement Agreements, the Liquidating Trustee is assigned certain portions of the Interpleaded Amounts and has discretion to accept less, if not approved by the Court. Similarly, Rangarajan does not appreciate that the Liquidating Trustee is free to use whatever sums he receives from the Interpleaded Amounts to reimburse Ryan's counsel the $75,000 called for in the Settlement Agreement. Finally, Rangarajan oversteps his case when he asserts that he is personally entitled to receive anything more than his allocated share of the Interpleaded Amounts, as case law is replete with decisions holding that each executive is only entitled to receive an equal per capita share of the D&O policy. *See, e.g., Axis Surplus Ins. Co. v. Geringer*, 2015 WL 8160852, at *2-3 (D. Utah Dec. 7, 2015); *In re Nat'l Century Fin. Enterprises, Inc.*, 2005 WL 6242169, at *10-12 (Bankr. S.D. Ohio Jan. 10, 2005). If all of the Settlement Agreements go effective as requested by the Liquidating Trustee, Rangarajan's limited objection should become moot. To the extent, however, that Rangarajan's limited objection affects Ryan's right to his allocated share of the Interpleaded Amount, or Ryan's right to be reimbursed $75,000 for attorney's fees from that Interpleaded Amount, Ryan requests that Rangarajan's limited objection be denied.

3. In her Limited Objection, LaTonya Mallory ("Mallory") objects to the Liquidating Trustee's settlement with Ryan only to the extent such settlement calls for the payment in excess of Ryan's remaining allocated share of the Interpleaded Amount. As stated in Paragraph 4 of the Settlement Agreement with Ryan, however, the Liquidating Trustee has the discretion to accept at least $1,047,303 of the Interpleaded Amount. *See* Dkt. No. 19-1 in Adv. Pro. No. 17-03029, at p. 3 of 8. That amount corresponds exactly with Ryan's remaining

allocated share. To the extent the Court agrees to modify the Amended Insurance Protocol Order to authorize payments to the Liquidating Trustee beyond Ryan's remaining allocated share, Ryan supports the same. To the extent the Court does not permit that modification, it is then up to the Liquidating Trustee whether to accept the $1,047,303 plus Ryan's personal contribution of $400,000 as full satisfaction of the amounts owed under the Settlement Agreement.

## CONCLUSION

4. For the foregoing reasons, Ryan requests that this Court deny the various objections to the Liquidating Trustee's Motion to Approve the Settlement Agreement with Dennis Ryan, and asks that such agreement be approved as written. Ryan further requests that approval be granted at the March 23, 2017 hearing, as the insurer's request for a release and the non-settling defendants' counterclaims against the insurer can be resolved separately and in the context of the Interpleader Action.

Dated: March 22, 2017                     Respectfully submitted,

/s/ Timothy C. Bass
Timothy C. Bass (VSB No. 40122)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
Email: basst@gtlaw.com
Email: mckeet@gtlaw.com

*Counsel for Defendant Dennis Ryan*

4

## CERTIFICATE OF SERVICE

I certify that on March 22, 2017, a copy of the foregoing was filed electronically with the Court through the ECF filing system with notice being automatically provided to all those entitled to receive the same.

/s/ Timothy C. Bass
Timothy C. Bass (VSB No. 40122)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
Email: basst@gtlaw.com

*Counsel for Defendant Dennis Ryan*