**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: | Chapter 11 |
| HEALTH DIAGNOSTIC LABORATORY, INC., *et al.*, | Case No.: 15-32919-KRH |
| Debtors.[1] | Jointly Administered |

**LIQUIDATING TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 345(a) OF THE BANKRUPTCY CODE AND THE HDL LIQUIDATING TRUST AGREEMENT AUTHORIZING INVESTMENT OF TRUST ASSETS**

Richard Arrowsmith (the "**Liquidating Trustee**"), in his capacity as Liquidating Trustee

of the HDL Liquidating Trust (the "**Liquidating Trust**"), appointed pursuant to the confirmed

Modified Second Amended Plan of Liquidation (the "**Plan**")[2] in these jointly administered

bankruptcy cases (the "**Chapter 11 Cases**" or the "**Cases**"), by and through his undersigned

counsel, hereby moves the Court (the "**Motion**") for entry of an order substantially in the form

annexed hereto as **Exhibit A**, granting him authority to invest trust assets in corporate bonds and

similar securities consistent with the provisions of the HDL Liquidating Trust Agreement dated

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 2010
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating Trustee
of the HDL Liquidating Trust*

Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating Trustee,
and the Liquidating Trust Oversight Committee*

May 12, 2016 (the "**Trust Agreement**"). In support of the Motion, the Liquidating Trustee respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Venue in this Court is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). This Court has continuing jurisdiction over the Plan and its implementation as set forth in this Court's *Order Confirming Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 1095] (the "**Confirmation Order**").

2.      The relief sought in this Motion is predicated upon sections §§ 105(a) and 345 of the Bankruptcy Code, section 6.5 of the Plan, and sections 4.1(h) and 4.4 of the Trust Agreement.

## PRELIMINARY STATEMENT

3.      The Trust Agreement authorizes the Liquidating Trustee to "invest Cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidating Trustee in accordance with this [Trust] Agreement." Trust Agreement, §4.1(h). Pursuant to the Trust Agreement, such investments include demand and time deposits and other temporary, liquid investments "consistent with the liquidity needs of the Liquidating Trust as determined by the Liquidating Trustee and the Liquidating Trust Oversight Committee, in accordance with section 345 of the Bankruptcy Code, unless otherwise permitted by a Final Order of the Bankruptcy Court." *Id*. at §4.4.

4.      Section 345(a) of the Bankruptcy Code permits the Liquidating Trustee to make such deposits of investment as "will yield the maximum reasonable net return on such money, taking into account the safety of the investment." 11 U.S.C. § 345(a).  However, section 345(b) of

2

the Bankruptcy Code imposes certain restrictions on investments that are not insured or guaranteed

by the United States or backed by the full faith and credit of the United States. In an abundance of

caution, and to the extent section 345(b) applies to investments of the Liquidating Trustee given

the language of the Trust Agreement, the Liquidating Trustee seeks an order authorizing him to

invest trust assets in corporate bonds and similar securities consistent with the broad investment

authority provided to the Liquidating Trustee under the Plan and Trust Agreement.

## **RELEVANT BACKGROUND AND REQUEST FOR RELIEF**

5.      On June 7, 2015, each of the Debtors filed a voluntary petition for relief under

Chapter 11 of Title 11 of the Bankruptcy Code with this Court, commencing the Chapter 11 Cases.

On June 9, 2015, the Court entered an order authorizing the joint administration of these Chapter

11 Cases, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure [Docket No.

42].

6.      On June 16, 2015, the Office of the United States Trustee for the Eastern District

of Virginia, Richmond Division, appointed the Official Committee of Unsecured Creditors (the

"**Creditors' Committee**"), pursuant to Section 1102 of the Bankruptcy Code.

7.      On May 12, 2016, the Court entered the Confirmation Order, confirming the Plan.

Pursuant to the Plan and Confirmation Order, Richard Arrowsmith was appointed as Liquidating

Trustee of the HDL Liquidating Trust. Also on May 12, 2016, the Liquidating Trustee executed

the Trust Agreement. A true and correct copy of the Trust Agreement is attached hereto as **Exhibit**

**B**.

8.      Under the terms of the confirmed Plan, Liquidating Trustee is charged to administer

assets of these estates. This administration includes investment of Trust monies "in accordance

with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the

Bankruptcy Court and as deemed appropriate by the Liquidating Trustee in accordance with the investment and deposit guidelines set forth in the Liquidating Trust Agreement." Plan, § 6.5 (c)(8). "Cash" is defined in the Plan as "legal tender of the United States or its equivalents, including but not limited to bank deposits, checks, and other similar items." Plan, § 1.19.

9.      The Trust Agreement contains two provisions governing the Liquidating Trustee's ability to invest Cash. First, section 4.1(h) of the Trust Agreement enables the Liquidating Trustee to "invest Cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidating Trustee in accordance with this Agreement." Trust Agreement, §4.1(h).

10.      Second, section 4.4 of the Trust Agreement provides that Funds in the Liquidating Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the Liquidating Trust as determined by the Liquidating Trustee and the Liquidating Trust Oversight Committee, in accordance with section 345 of the Bankruptcy Code, unless otherwise permitted by a Final Order of the Bankruptcy Court." Trust Agreement, §4.4.

11.      Bankruptcy Code section 345(a) provides:

A trustee in a case under this title may make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment.

11 U.S.C. § 345(a). A trustee's powers under section 345(a) are limited by section 345(b), which provides that unless a trustee's deposit is insured or guaranteed by the United States or backed by the full faith and credit of the United States, a trustee shall require a conditional bond from the depository entity in favor of the United States "unless the court for cause orders otherwise." 11 U.S.C. §345(b).

4

12.     The Liquidating Trustee has considered the liquidity needs of the Liquidating Trust and, together with the Oversight Committee, has determined that the Liquidating Trust may yield maximum reasonable net return on Cash by investing some or all of such Cash in a portfolio of investment-grade corporate bonds and similar securities for which receipt of a conditional bond is not available.  Taking into account the safety and historical performance of such investments, the Liquidating Trustee believes that he is authorized by the terms of the Plan and Trust Agreement to invest trust monies therein. In an abundance of caution, however, the Liquidating Trustee seeks an order from this Court authorizing him, for good cause shown, to invest Cash in investment-grade corporate bonds and similar securities without requiring the issuance of a conditional bond.

## NOTICE

13.     Notice of this Motion is being provided to parties-in-interest in accordance with the Case Management Procedures. Due to the nature of this request, the Liquidating Trustee submits that no further notice is required.

## CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests that this Court enter an order, a form of which is attached hereto as **Exhibit A**, authorizing the Liquidating Trustee to invest Cash in government bonds without requiring issuance of a conditional bond, and granting the Liquidating Trustee such other and further relief as the Bankruptcy Court deems proper and just.

Dated:  June 6, 2018

Respectfully submitted,

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 2010
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating
Trustee of the HDL Liquidating Trust*

Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating
Trustee, and the Liquidating Trust Oversight
Committee*

**<u>Exhibit A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: | Chapter 11 |
| HEALTH DIAGNOSTIC LABORATORY, INC., *et al.*, | Case No.: 15-32919-KRH |
| Debtors.[1] | Jointly Administered |

**ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION FOR
AN ORDER PURSUANT TO SECTIONS 105(a) AND 345(a) OF THE
BANKRUPTCY CODE AND THE HDL LIQUIDATING TRUST AGREEMENT
AUTHORIZING INVESTMENT OF TRUST ASSETS**

Upon the motion (the "**Motion**")[2] of Richard Arrowsmith (the "**Liquidating Trustee**"), in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "**Liquidating Trust**"), appointed pursuant to the Debtors' confirmed Modified Second Amended Plan of Liquidation (the "**Plan**") in these jointly administered bankruptcy cases (the "**Chapter 11 Cases**" or the "**Cases**"), by and through his undersigned counsel, *For Entry of an Order Pursuant to Sections 105(a) and 345(a) of the Bankruptcy Code and the HDL Liquidating Trust Agreement*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 2010
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating Trustee
of the HDL Liquidating Trust*

Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating Trustee,
and the Liquidating Trust Oversight Committee.*

*Authorizing Investment of Trust Assets* (the "**Motion**") and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Motion is **GRANTED** as set forth in this Order.

2.      The Liquidating Trustee his hereby authorized to invest trust assets in corporate bonds and other similar securities in accord with his business judgment and discretion.

3.      The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4.      This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____          _____
Richmond, Virginia                         UNITED STATES BANKRUPTCY JUDGE

**WE ASK FOR THIS:**

  /s/
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street Ste., 2010
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Richard Arrowsmith, Liquidating
Trustee of the HDL Liquidating Trust*


Richard S. Kanowitz (admitted pro hac vice)
**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: rkanowitz@cooley.com

*Counsel to Richard Arrowsmith, Liquidating
Trustee, and the Liquidating Trust Oversight
Committee*


## CERTIFICATE OF ENDORSEMENT

I hereby certify, under Local Bankruptcy Rule 9022-1, that the foregoing proposed Order
has been endorsed by and/or served upon all necessary parties.

  /s/
Cullen D. Speckhart, Esq.

**Exhibit B**

## LIQUIDATING TRUST AGREEMENT

This LIQUIDATING TRUST AGREEMENT (the "Agreement" or "Liquidating Trust Agreement") is made and entered into, as of May 12, 2016, by and among Health Diagnostic Laboratory, Inc., Central Medical Laboratory, LLC, and Integrated Health Leaders, LLC, in their capacities as debtors and debtors in possession and on behalf of themselves and their respective chapter 11 estates (each a "Debtor" and collectively, the "Debtors"), as settlors, and Richard Arrowsmith, as trustee of the Liquidating Trust (the "Liquidating Trustee"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan (as hereinafter defined).

## RECITALS

WHEREAS, on June 7, 2015, each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court");

WHEREAS, on February 9, 2016, the Debtors filed their Second Amended Plan of Liquidation (as amended, confirmed, and/or modified from time to time, including without limitation by the Confirmation Order (as hereinafter defined), the "Plan") [Doc. No. 852];

WHEREAS, by order dated May 12, 2016, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order") Doc. [No. 1095];

WHEREAS, under the terms of the Plan, as of the Effective Date, the Debtors will grant, assign, transfer, convey and deliver all of their rights, title and interest in and to the Liquidating Trust Assets to the Liquidating Trust and the Liquidating Trustee for the benefit of the Liquidating Trust Beneficiaries for the purpose of pursuing and/or disposing of the Liquidating Trust Assets in an orderly and expeditious manner and making distributions to the Liquidating Trust Beneficiaries in accordance with the Plan;

WHEREAS, this Liquidating Trust is established under and pursuant to the Plan, which provides for the appointment of the Liquidating Trustee to administer the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, and to provide administrative services relating to the implementation of the Plan; and

WHEREAS, the Liquidating Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in the Plan and this Agreement.

NOW, THEREFORE, in accordance with the Plan and in consideration of the promises and of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

## DECLARATION OF TRUST

Effective as of the Effective Date, the Debtors, pursuant to the Plan, hereby absolutely assign to the Liquidating Trust, and to its successors in trust and its successors and assigns, all right, title and interest of the Debtors in and to the Liquidating Trust Assets;

TO HAVE AND TO HOLD unto the Liquidating Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the Liquidating Trust Beneficiaries, as and to the extent provided in the Plan, and for the performance of and compliance with the terms of this Agreement and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Liquidating Trust in accordance with the Plan and Article X of this Agreement, this Agreement shall cease, terminate and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Liquidating Trust Assets are to be held and applied by the Liquidating Trustee upon the further covenants and terms and subject to the conditions set forth herein and in the Plan.

# I        NAME; PURPOSE; TRUST ASSETS

1.1    <u>Name of Trust</u>.  The trust created by this Agreement shall be known as the "<u>HDL Liquidating Trust</u>" or sometimes referred to herein as the "<u>Liquidating Trust</u>."

1.2    <u>Transfer of Liquidating Trust Assets</u>.  In accordance with the provisions of the Plan and in full satisfaction of all Allowed Class 3 Claims, Allowed Class 4 Claims, and Allowed Class 5 Interests, on the Effective Date, the Debtors and their Estates shall be deemed to transfer, assign and convey the Liquidating Trust Assets to the Liquidating Trust Beneficiaries followed by a deemed transfer of the Liquidating Trust Assets by the Liquidating Trust Beneficiaries to the Liquidating Trust, to be held by the Liquidating Trustee in trust for the Liquidating Trust Beneficiaries, on the terms and subject to the conditions set forth herein and in the Plan, in exchange for the issuance of the three (3) series of Liquidating Trust Interests to the Liquidating Trust Beneficiaries as set forth in the Plan.

1.3    <u>Purposes</u>.  The purposes of the Liquidating Trust are to hold and effectuate an orderly disposition of the Liquidating Trust Assets and to distribute or pay over the Liquidating Trust Assets or proceeds thereof in accordance with this Agreement and the Plan, with no objective or authority to engage in any trade or business, except to the extent the Liquidating Trust Assets include any existing equity security (within the meaning of section 101(16) of the Bankruptcy Code) in non-Debtors and as reasonably necessary to and consistent with the liquidating purpose of the Liquidating Trust.  This Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Liquidating Trustee or the Liquidating Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or be treated in any way whatsoever to be, liable or responsible hereunder as partners or joint ventures.  The relationship of the Liquidating Trust Beneficiaries to the Liquidating Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement.

1.4     Acceptance by the Liquidating Trustee.  The Liquidating Trustee is willing and hereby accepts the appointment to serve as Liquidating Trustee pursuant to this Agreement and the Plan and agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee by this Agreement and the Plan, including, without limitation, to accept, hold and administer the Liquidating Trust Assets and otherwise carry out the purpose of the Liquidating Trust in accordance with the terms and subject to the conditions set forth herein and in the Plan.

1.5     Valuation of the Trust Assets.  As soon as possible after the Effective Date, the Liquidating Trustee shall make or cause to be made a good faith valuation of the Liquidating Trust Assets.  Such valuation shall be made available from time to time, to the extent relevant, and used consistently by all parties (including the Debtors, the Liquidating Trustee and the Liquidating Trust Beneficiaries), including, for the avoidance of doubt, for all federal income tax purposes.

1.6     No Reversion to the Debtors.  The Debtors, for themselves and their predecessors and successors, disclaim any right to any reversionary interest in any of the Liquidating Trust Assets, but nothing herein will limit the right and power of the Liquidating Trustee to abandon any Liquidating Trust Assets, subject to the terms of this Agreement, the Plan, and applicable law, in the event the Liquidating Trustee determines it is in the best interests of the Liquidating Trust and its beneficiaries to do so.

## II      THE LIQUIDATING TRUST OVERSIGHT COMMITTEE

2.1     Membership.  The Liquidating Trust Oversight Committee shall initially consist of up to nine members and at all times consist of at least three (3) members.  The initial members of the Liquidating Trust Oversight Committee shall be comprised of up to seven (7) members of the Creditors' Committee who elect to serve, plus the Holders of the two largest Class 3 Claims, based on the amount of such Claims for voting purposes, who (i) elect to serve as members, provided that if any one or more of such Holders declines to serve on the Liquidation Trust Oversight Committee, membership shall be offered to the Holder of the next such largest Claim and so forth, until the membership is filled; and (ii) are reasonably acceptable to the Debtors and the Creditors' Committee, provided, however, that if a potential member is not reasonably acceptable to the Debtors or the Creditors' Committee, then either the Debtors or the Creditors' Committee may submit such dispute to the Bankruptcy Court for the Bankruptcy Court to determine at the hearing on the confirmation of the Plan whether such potential member may serve on the Liquidating Trust Oversight Committee, and as part of such determination, the Debtors and the Creditors' Committee may submit their proposed candidates and any party in interest may submit any objections or arguments as to the appropriateness of the proposed candidates.  Notwithstanding the foregoing or anything else herein, in no event shall a Holder of a Claim or representative of a Holder of a Claim be permitted to serve on the Liquidating Trust Oversight Committee if (a) (i) such Holder of a Claim has filed a lawsuit or otherwise asserted a claim against any D&O, to the extent that prosecution of such claim may deplete any insurance policy owned or purchased by one or more of the Debtors (or their predecessors), (ii) such claim remains pending and unresolved, and (iii) such Holder is not an Assigning Creditor; or (b) such Holder of a Claim is a D&O, whether in his or her capacity as such, or in his or her individual capacity.  If a Holder of a Claim or a representative of a Holder of Claim that is serving on the

Liquidating Trust Oversight Committee files or otherwise asserts a claim against any D&O, such Holder of a Claim or representative of a Holder of a Claim shall immediately resign from the Liquidating Trust Oversight Committee.  In addition, if all of the Class 3 Claims of a member of the Liquidating Trust Oversight Committee are disallowed by a Final Order, such member shall immediately resign from the Liquidating Trust Oversight Committee.  In the event that more than four (4) members of the Liquidating Trust Oversight Committee resign or have had their Class 3 Claims disallowed, the Liquidating Trustee shall appoint new members so that there are at least five (5) members.  Such new members shall be comprised of Holders of the largest Class 3 Claims not already serving on the Liquidating Trust Oversight Committee, based on the amount of such Claims for voting purposes, unless any one or more of such Holders declines to serve on the Liquidation Trust Oversight Committee, in which case membership shall be offered to the Holder of the next such largest Claim and so forth, until there are at least five (5) members.  In the event that all Allowed Class 3 Claims are satisfied in full, with interest as set forth in the Plan, the members of the Liquidating Trust Oversight Committee shall be comprised of the Holders of the three (3) largest Class 4 Claims against the Debtors who elect to serve.  In the event that all Allowed Class 4 Claims are satisfied in full, with interest as set forth in the Plan, the members of the Liquidating Trust Oversight Committee shall be comprised of the three (3) Holders of the most Class 5 Interests in the Debtors, based on the number of such Class 5 Interests held by such Holders on the Voting Deadline.

2.2    Role of the Liquidating Trust Oversight Committee. The Liquidating Trust Oversight Committee, in accordance with the Plan and this Agreement, shall oversee the administration of the Liquidating Trust, as well as consult with the Liquidating Trustee from time to time on matters including, without limitation, Distributions, objections to Claims, prosecution of Litigation Claims and any other pending litigation, and other matters concerning the administration of the Liquidating Trust that may require approval of the Liquidating Trust Oversight Committee as provided herein and in the Plan.  The Liquidating Trust Oversight Committee shall provide general oversight and direction to the Liquidating Trustee with respect to all matters concerning the Liquidating Trust, and if necessary or desirable in its sole discretion, replace the Liquidating Trustee in accordance with Article VIII of this Agreement.

2.3    Matters Requiring Approval of the Liquidating Trust Oversight Committee. Subject to Section 3.4 of this Agreement, the Liquidating Trustee shall obtain the approval of the Liquidating Trust Oversight Committee by at least a majority vote prior to taking any action regarding any of the following matters:

(a)    the settlement, compromise, withdrawal or other non-Bankruptcy Court approved resolution of any of the Litigation Claims by the Liquidating Trust where the amount sought to be recovered in the complaint or other document initiating such Litigation Claims exceeds $250,000;

(b)    the sale, transfer, assignment, or other non-Bankruptcy Court approved disposition of any Liquidating Trust Assets, other than Cash, having a valuation in excess of $250,000;

4

(c)    the settlement, compromise, or other non-Bankruptcy Court approved resolution of any Disputed Claim, wherein the allowed amount of the asserted Claim exceeds $250,000;

(d)    the abandonment, to the extent permissible by applicable law, of any non-Cash Liquidating Trust Assets having a fair-market valuation of at least $50,000;

(e)    all investments authorized to be made by the Liquidating Trustee under this Agreement;

(f)    the selection and employment of Liquidating Trustee Professionals to be retained in connection with the administration of the Liquidating Trust;

(g)    the payment of fees and expenses of Liquidating Trustee Professionals retained in connection with the administration of the Liquidating Trust;

(h)    any matter which could reasonably be expected to have a material adverse effect on the amount of Distributions to be made by the Liquidating Trust, provided, that, for purposes of clarity, a material adverse effect means an adverse effect of more than $50,000 in the aggregate amount of Distributions to be made; and

(i)    the exercise of any right or action set forth in this Agreement or the Plan that expressly requires approval of the Liquidating Trust Oversight Committee.

2.4    Dissolution of the Liquidating Trust Oversight Committee.  The Liquidating Trust Oversight Committee may authorize its own dissolution by filing with the Bankruptcy Court an appropriate notice that its responsibilities under the Plan have concluded.  Unless earlier dissolved, the Liquidating Trust Oversight Committee shall be dissolved as of later of the date the Case is closed or the date the Liquidating Trust is terminated.

## III    MEMBERS OF THE LIQUIDATING TRUST OVERSIGHT COMMITTEE

3.1    Resignation of Members.  Any member of the Liquidating Trust Oversight Committee may resign upon reasonable notice to the Liquidating Trustee and other members of the Liquidating Trust Oversight Committee.  In addition, if all of the Class 3 Claims of a member of the Liquidating Trust Oversight Committee are disallowed by a Final Order, such member shall immediately resign from the Liquidating Trust Oversight Committee.  Twenty (20) days prior written notice shall constitute reasonable notice under this Section.  Any member of the Liquidating Trust Oversight Committee may be removed by the Bankruptcy Court for cause, including without limitation a violation of Section 2.1 of this Agreement.

3.2    Duties and Liability of Members.  Members of the Liquidating Trust Oversight Committee shall have fiduciary duties to the Liquidating Trust Beneficiaries in the same manner that members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have fiduciary duties to the constituents represented by such a committee and shall be entitled to indemnification from the Liquidating Trust Assets in the same manner as the Liquidating Trustee for service as members of the Liquidating Trust Oversight Committee from and after the Effective Date of the Plan under or in connection with this Agreement.  Except in

5

the case of a violation of their fiduciary duties, bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing, or in the case of an attorney or other professional and as required under any applicable rule of professional conduct, malpractice, the Liquidating Trust Oversight Committee shall not be liable for any loss or damage by reason of any action taken or omitted by them pursuant to the discretion, powers and authority conferred, or in good faith believed by the Liquidating Trust Oversight Committee to be conferred by this Agreement or the Plan.

3.3     Quarterly Reporting.  The Liquidating Trustee (i) shall report to the Liquidating Trust Oversight Committee on at least a quarterly basis, or such other period as subsequently agreed to between the Liquidating Trustee and the Liquidating Trust Oversight Committee, as to the status of all material matters affecting the Liquidating Trust; and (ii) shall provide to the Liquidating Trust Oversight Committee within thirty (30) days after the end of the first full month following the Effective Date, and within twenty (20) days after the end of each quarter thereafter, the reports required by Section 4.1(u) of this Agreement and Section 6.5(c)(21) of the Plan.

3.4     Negative Notice.  The Liquidating Trustee's failure to receive objections from members of the Liquidating Trust Oversight Committee within seven days after written (including facsimile or electronic) notice is provided to such members of a proposed action requiring the Liquidating Trust Oversight Committee's approval (or for which the Liquidating Trust Oversight Committee's approval otherwise is sought) shall be deemed approval of such action, including without limitation for purposes of Section 2.3 of this Agreement.   The foregoing provision shall not prohibit the Liquidating Trustee from taking action that the Liquidating Trustee, in exercise of his good faith judgment, deems urgent upon less than seven days' notice to the Liquidating Trust Oversight Committee, provided that the Liquidating Trustee communicates to the members of the Liquidating Trust Oversight Committee the circumstances warranting a shorter response period in the written notice of a proposed action; provided, however, that none of the selection, employment, or payment of fees or expenses of the Liquidating Trustee Professionals shall be deemed urgent under this Section 3.4.

IV     RIGHTS, POWERS AND DUTIES OF LIQUIDATING TRUSTEE

4.1     General.  As of the Effective Date, the Liquidating Trustee shall take possession and charge of the Liquidating Trust Assets and, subject to the provisions of this Agreement and the Plan, shall have full right, power and discretion to manage the affairs of the Liquidating Trust.  Except as otherwise provided herein and in the Plan, the Liquidating Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidating Trust and in furtherance of the purpose of this Agreement and of the Plan and to execute, acknowledge and deliver any and all instruments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in connection with the performance of his or her duties hereunder and under the Plan.  On and after the Effective Date, the Liquidating Trustee, except as otherwise provided herein and in the Plan, shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Liquidating Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Liquidating Trust Assets and the distribution of the proceeds thereof, as contemplated by the Plan, including:

6

(a)    to exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by any partner, member, officer, director or shareholder of the Debtors with like effect as if authorized, exercised and taken by unanimous action of such partners, members, officers, directors and shareholders; including, without limitation, amendment of the certificates of incorporation and by-laws of the Debtors, merger of any Debtor into another Debtor, the dissolution of any Debtor and the assertion or waiver of the Debtors' attorney/client privilege; provided, however, that no such amendment of the certificates of incorporation or by-laws of the Debtors shall apply retroactively to the time period before the Effective Date;

(b)    to open and maintain bank and other deposit accounts, escrows and other accounts, calculate and implement Distributions to Holders of Allowed Unsecured Claims as provided for or contemplated by the Plan and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate Reserves, in the name of the Debtors or the Liquidating Trustee, even in the event of the dissolution of the Debtors;

(c)    to make a good faith valuation of the Liquidating Trust Assets, as soon as possible after the Effective Date;

(d)    subject to the applicable provisions of the Plan, to collect and liquidate all assets of the Estates pursuant to the Plan and to administer the winding-up of the affairs of the Debtors;

(e)    to object to any Claims (Disputed or otherwise), and to defend, compromise and/or settle any Claims prior to or following objection without the necessity of approval of the Bankruptcy Court for all Claims with a Face Amount of less than two hundred fifty thousand dollars ($250,000), and/or to seek Bankruptcy Court approval for any Claims settlement, to the extent thought appropriate by the Liquidating Trustee or to the extent such approval is required by prior order of the Bankruptcy Court; provided, however, that Bankruptcy Court approval, upon notice and a hearing, shall be required for any settlements of Claims with a Face Amount of two hundred fifty thousand dollars ($250,000) or more, unless, upon notice and a hearing, the Bankruptcy Court enters a subsequent order that becomes a Final Order increasing such amount;

(f)    to make decisions after consultation with the Liquidating Trust Oversight Committee, without further Bankruptcy Court approval, regarding the retention or engagement of professionals, employees and consultants by the Liquidating Trust and to pay, from the Liquidating Trust Operating Reserve, (i) the charges incurred by the Liquidating Trust on or after the Effective Date for services of professionals after approval of the Liquidating Trust Oversight Committee, without application to the Bankruptcy Court, and (ii) disbursements, expenses or related support services relating to the winding down of the Debtors and implementation of the Plan, without application to the Bankruptcy Court;

(g)    to cause, on behalf of the Liquidating Trust, the Debtors, and their estates all necessary tax returns and all other appropriate or necessary documents related to municipal,

7

State, Federal or other tax law to be prepared or filed timely, and to the extent necessary, pay such taxes, in accordance with the Plan, from the Liquidating Trust Operating Reserve; provided, however, that such filings shall not amend or restate prior returns without Bankruptcy Court approval, upon notice and a hearing, for such amendment or restatement;

(h)    to invest Cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidating Trustee in accordance with this Agreement;

(i)    to collect any accounts receivable or other claims and assets of the Debtors or their Estates not otherwise disposed of pursuant to the Plan;

(j)    to enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Debtors or the Liquidating Trustee under the Plan;

(k)    to abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization approved by the Liquidating Trust Oversight Committee, any assets that the Liquidating Trustee determines, at the conclusion of the Case, are of no benefit to creditors of the Debtors or too impractical to distribute, provided, however, that Bankruptcy Court approval, upon notice and a hearing, shall be required for any abandonment or donation of assets with a value of ten thousand dollars ($10,000) or more;

(l)    to investigate (including pursuant to Bankruptcy Rule 2004), prosecute and/or settle, subject to (e) above and (m) below, any Litigation Claims not expressly released or waived under the Plan (after consultation with the Liquidating Trust Oversight Committee), participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction, participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding, litigate or settle such Litigation Claims on behalf of the Liquidating Trust and pursue to settlement or judgment such actions;

(m)    to approve, without Bankruptcy Court approval, the settlement of one or more Litigation Claims for which the amount claimed by the Liquidating Trust against a defendant is less than two hundred fifty  thousand dollars ($250,000) and to seek Bankruptcy Court approval, upon notice and a hearing, of the settlement of any Litigation Claim for which the amount claimed by the Liquidating Trust is unliquidated or equals or exceeds two hundred fifty thousand dollars ($250,000), unless, upon notice and a hearing, the Bankruptcy Court enters a subsequent order that becomes a Final Order increasing such amount;

(n)    to use Liquidating Trust Assets to purchase or create and carry all appropriate insurance policies, bonds or other means of assurance and protection of the Liquidating Trust Assets and pay all insurance premiums and other costs he or she deems necessary or advisable to insure the acts and omissions of the Liquidating Trustee, and if appropriate, the Liquidating Trust Oversight Committee;

(o)    to implement and/or enforce all provisions of the Plan;

8

(p)    to maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Liquidating Trust Assets, provided, however, that any abandonment or destruction of books and records shall require Bankruptcy Court approval, upon notice and a hearing;

(q)    to collect and liquidate all assets of the Estates pursuant to the terms of the Plan and administer the winding-up of the affairs of the Debtors including, but not limited to, closing the Case;

(r)    to pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Bankruptcy Court and serve on the United States Trustee quarterly post-confirmation financial reports for each of the Debtors until such time as such reports are no longer required, or the Bankruptcy Court orders otherwise, a final decree is entered closing the Case or the Case is converted or dismissed;

(s)    to dissolve the Liquidating Trust if the Liquidating Trustee determines, in reliance on such professionals as it may retain, that the expense of administering the Liquidating Trust so as to make a final distribution to Trust Beneficiaries is likely to exceed the value of the remaining Liquidating Trust Assets;

(t)    to seek a final decree closing the Bankruptcy Case;

(u)    within thirty (30) days after the end of the first full month following the Effective Date, and within twenty (20) days after the end of each quarter thereafter, (a) file with the Bankruptcy Court and provide to the Liquidating Trust Oversight Committee a report setting forth (i) the receipt and disposition by the Liquidating Trustee of property of the Estates during such period, including the amounts, recipients and dates of any Distribution and any payments to the Liquidating Trustee and professionals, employees, and consultants of the Liquidating Trust, (ii) any Disputed Claims resolved by the Liquidating Trustee, (iii) all known material non-Cash assets of the Debtors remaining to be disposed of, and (iv) the status of all Litigation Claims; and (b) provide to the Liquidating Trust Oversight Committee a report setting forth (i) an itemization of all expenses the Liquidating Trustee anticipates will become due and payable within the subsequent quarter, and (ii) the Liquidating Trustee's forecast of cash receipts and expenses for the subsequent quarter;

(v)    to do all other acts or things consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable with respect to implementing the Plan; and

(w)    to be the successor of the Debtors and the Creditors' Committee for all purposes, and to be the successor of the Assigning Creditors with respect to the Creditor Causes of Action of such Assigning Creditor to the extent such Creditor Causes of Action are assignable.

Other than the obligations of the Liquidating Trustee enumerated or referred to under this Agreement or the Plan, the Liquidating Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement.

9

4.2     Approval of the Bankruptcy Court.  Notwithstanding anything in this Agreement to the contrary, the Liquidating Trustee may file a motion with the Bankruptcy Court seeking approval of any resolution, settlement and/or disposition of the Liquidating Trust Assets or any Litigation Claims.

4.3     Costs.  All costs, expenses, and obligations incurred by the Liquidating Trustee (or by Liquidating Trustee Professionals in carrying out their responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the Liquidating Trustee from the Liquidating Trust Assets as set forth in the Plan and all such costs, expenses, and obligations shall be a charge against the Liquidating Trust Assets.

4.4     Limitations on Investment Powers of Liquidating Trustee.  Funds in the Liquidating Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the Liquidating Trust as determined by the Liquidating Trustee and the Liquidating Trust Oversight Committee, in accordance with section 345 of the Bankruptcy Code, unless otherwise permitted by a Final Order of the Bankruptcy Court.

4.5     Liability of Liquidating Trustee.

(a)     Standard of Care.  Except in the case of such Person's own bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing, or in the case of an attorney or other professional and as required under any applicable rule of professional conduct, malpractice, neither the Liquidating Trustee nor the Liquidating Trustee Professionals (including without limitation the LT Firm (as defined below) shall be liable for any loss or damage by reason of any action taken or omitted by him or her in connection with any matter associated with the role of the Liquidating Trustee or Liquidating Trustee Professional.  The retention and compensation of the LT Firm is hereby conclusively deemed not to be self-dealing by the Liquidating Trustee or the LT Firm for the purposes of this Agreement.

(b)     No Liability for Acts of Predecessors.  No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office prior to the date on which such successor becomes the Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.

(c)     No Implied Obligations.  The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.

(d)     No Liability for Good Faith Error of Judgment.  The Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved that the Liquidating Trustee was grossly negligent in ascertaining the pertinent facts.

(e)     Reliance by Liquidating Trustee on Documents or Advice of Counsel or Other Persons.  Except as otherwise provided herein, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report,

10

notice, request, consent, order or other paper or document believed by the Liquidating Trustee in good faith to be genuine and to have been signed or presented by the proper party or parties. The Liquidating Trustee also may engage and consult with Liquidating Trustee Professionals and other agents and advisors and shall not be liable for any action taken or suffered by the Liquidating Trustee in good faith reliance upon the advice of such counsel, agents or advisors. The Liquidating Trustee or the Liquidating Trust Oversight Committee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidating Trust Assets.

(f)      No Liability in Reliance on Liquidating Trust Oversight Committee. In no event shall the Liquidating Trustee have any liability for any acts or omissions taken with the consent or approval (or at the direction) of at least a majority of the Liquidating Trust Oversight Committee. Without limiting the foregoing, any act taken or not taken, in the case of the Liquidating Trustee, with the approval of the Liquidating Trustee Oversight Committee or the Bankruptcy Court, will be conclusively deemed not to constitute bad faith, willful misconduct, reckless disregard of duty, gross negligence, fraud or self-dealing.

(g)      No Personal Obligation for Liquidating Trust Liabilities. Persons dealing with the Liquidating Trustee, or seeking to assert Claims against the Debtors, shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to any such Person in carrying out the terms of this Agreement or in connection with any other dealings or agreements with the Liquidating Trustee in the Liquidating Trustee's capacity as such, and neither the Liquidating Trustee nor his or her employer, company or organization shall have a personal or individual obligation to satisfy any such liability.

4.6      Selection of Agents; Retention of Liquidating Trustee Professionals. The Liquidating Trustee may engage or retain any Liquidating Trustee Professionals, including without limitation any employee of the Debtors or other persons, any brokers, banks, custodians, investment and financial advisors, attorneys, accountants, and other advisors and agents as Liquidating Trustee Professionals, in each case without Bankruptcy Court approval. The Liquidating Trustee may pay the salaries, fees and expenses of such Liquidating Trustee Professionals as set forth in the Plan. The Liquidating Trustee shall not be liable for any loss to the Liquidating Trust or any person interested therein by reason of any mistake or default of any such Person referred to in this Section 4.6 selected by the Liquidating Trustee in good faith and without either gross negligence or intentional malfeasance. Subject to the terms of the Plan and this Agreement, the Liquidating Trustee may commit the Liquidating Trust to and shall pay Liquidating Trust Professionals compensation deemed reasonable by the Liquidating Trustee for services rendered and expenses incurred, including without limitation engaging and paying counsel on a contingent basis. The Liquidating Trust Professionals need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, the Liquidating Trustee's firm (should the Liquidating Trustee be a part of a professional services firm (the "LT Firm")) and its affiliates as well as counsel, interim management and financial advisors of the Debtors and of the Creditors' Committee as well as employees, independent contractors or agents of the Debtors, the Creditors' Committee or the LT Firm. The Liquidating Trustee is hereby expressly authorized to utilize the services the LT Firm, its affiliates and personnel as Liquidating Trust Professionals (rather than utilizing other similarly situated or available personnel or professional services firms) notwithstanding that (a) the Liquidating

Trustee may benefit (directly or indirectly) from the compensation paid to the LT Firm and (b) other persons or entities may be available to provide the same or similar work at similar or more competitive prices. In no event shall the Liquidating Trustee, the LT Firm or their affiliates be subject to a claim of a conflict of interest or breach of fiduciary duty, self-dealing or any other claim arising as a result of the appointment of any such person in accordance with this provision.

4.7    Liquidating Trustee's Compensation, Indemnification and Reimbursement.

(a)    As compensation for services in the administration of this Liquidating Trust, the Liquidating Trustee shall be compensated as specified on **Schedule A** attached hereto. The Liquidating Trustee shall also be reimbursed for all documented actual, reasonable and necessary out-of-pocket expenses incurred in the performance of its duties hereunder.

(b)    In addition, the Liquidating Trust shall indemnify, defend and hold harmless the Liquidating Trustee, the Liquidating Trustee Professionals, including without limitation the LT Firm, and their employees, affiliates, and representatives (collectively, the "Indemnified Parties"), against any and all claims, causes of action, liabilities, obligations, losses damages or expenses (including attorneys' fees and expenses) occurring after the Effective Date which the Indemnified Parties may incur or which the Indemnified Parties may become subject to in connection with any action, suit, proceeding, or investigation brought by or threatened against such Indemnified Parties arising out of or due to their acts or omissions or consequences of such acts or omissions, with respect to the implementation or administration of the Liquidating Trust or the Plan or the discharge of their duties hereunder or otherwise to the Liquidating Trust or the Liquidating Trustee ("Related Matters"), other than to the extent determined by a final order by a court of competent jurisdiction to be primarily due to such Indemnified Party's own bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing.

(c)    In the sole discretion of the Liquidating Trustee, the Liquidating Trustee may authorize available funds of the Liquidating Trust to be advanced to satisfy any reasonable and documented out-of-pocket costs and expenses (including reasonable attorneys' fees and other costs of defense) incurred by any Indemnified Party who is threatened to be named or made a defendant or a respondent in any proceeding concerning the administration, business, and affairs of the Liquidating Trust; provided, however, that all such payments are subject to disgorgement in the event that the underlying claim against the Indemnified Party has been determined by a final order by a court of competent jurisdiction to be primarily due to such Indemnified Party's own bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing. In the event that, at any time, as a result of or in connection with Related Matters, any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or any Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Indemnified Party shall be reimbursed by the Liquidating Trust for its out of pocket expenses, including the reasonable fees and expenses of its counsel, and will be compensated by the Liquidating Trust for the time expended by its personnel based on such personnel's then current hourly rate; provided, however, that all such payments are subject to disgorgement in the

12

event that the underlying claim against the Indemnified Party has been determined by a final order by a court of competent jurisdiction to be primarily due to such Indemnified Party's own bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing.

(d)     The Liquidating Trustee is authorized to use Liquidating Trust Assets to obtain all reasonable insurance coverage for himself, his agents, representatives, employees, employer or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Liquidating Trustee and his agents, representatives, employees, employer or independent contractors under the Plan and this Agreement.

4.8    <u>Conflicting Claims</u>.    If the Liquidating Trustee becomes aware of any disagreement or conflicting Claims with respect to the Liquidating Trust Assets, or is in good faith doubt as to any action that should be taken under this Agreement, the Liquidating Trustee may take any or all of the following actions as reasonably appropriate:

(a)     to the extent of such disagreement or conflict, or to the extent deemed by the Liquidating Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Liquidating Trust Assets) until the Liquidating Trustee is reasonably satisfied that such disagreement or conflicting Claims have been fully resolved;

(b)     file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court their respective Claims arising out of or in connection with this Agreement; or

(c)     file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

4.9    <u>Records of Liquidating Trustee</u>. The Liquidating Trustee shall maintain accurate records of receipts and disbursements and other activity of the Liquidating Trust, and duly authorized representatives of the Liquidating Trust Oversight Committee shall have reasonable access to the records of the Liquidating Trust. The Liquidating Trustee shall maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Liquidating Trust Assets, <u>provided</u>, <u>however</u>, that any abandonment or destruction of books and records shall require Bankruptcy Court approval, upon notice and a hearing.

4.10    <u>Liquidating Trustee's Funds</u>.    No provision of this Agreement or the Plan shall require the Liquidating Trustee to expend or risk the Liquidating Trustee's own funds or otherwise incur any financial liability in the performance of any of the Liquidating Trustee's duties as Liquidating Trustee hereunder or under the Plan, or in the exercise of any of the Liquidating Trustee's rights or powers, if the Liquidating Trustee shall have reasonable grounds for believing that repayment of funds or adequate indemnity or security satisfactory to the Liquidating Trustee against such risk or liability is not reasonably assured to the Liquidating

Trustee.  For the avoidance of doubt, the Liquidating Trustee shall not be required to rely on the security, reimbursement or indemnity of the LT Firm, its affiliates or their respective insurers in determining whether the assurances described in the preceding sentence are available.

## V       DISTRIBUTIONS

5.1      <u>Liquidation and Distribution of Liquidating Trust Assets</u>.  Following the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trustee shall make continuing efforts to liquidate all Liquidating Trust Assets in accordance with the Plan and this Agreement.    The Liquidating Trustee shall timely distribute to the Liquidating Trust Beneficiaries (as such may have been determined at such time), as their particular series of Liquidating Trust Interests may entitle them, the net income of the Liquidating Trust plus all Net Proceeds from liquidating all assets in accordance with the Plan and this Agreement, except for amounts retained as reasonably necessary to maintain the value of the Liquidating Trust Assets, to fund and maintain the Reserves or to meet claims and contingent liabilities (including Disputed Claims), and the necessary expenses of the Liquidating Trustee and the Liquidating Trust Oversight Committee to fulfill their duties; provided, however, that the Liquidating Trustee shall annually distribute at least annually the Net Proceeds and any net income earned by the Liquidating Trust, except that the Liquidating Trustee, after consultation with the Liquidating Trust Oversight Committee, may retain an amount of Net Proceeds reasonably necessary to maintain the value of the Liquidating Trust or to meet existing or anticipated liabilities of the Liquidating Trust, which amount shall be used to fund the Liquidating Trust Operating Reserve; provided, further, however, that the Liquidating Trustee may postpone any Distribution if the Liquidating Trustee determines, with the consent of the Liquidating Oversight Committee, that the amount of such Distribution would be too small to justify the administrative costs associated with such Distribution.    Distributions shall be made in accordance with the Plan and the Liquidating Trustee shall not unduly prolong the duration of the Liquidating Trust.

5.2      <u>Withholding from Distributions</u>.  The Liquidating Trustee shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions under the Plan shall be subject to any such withholding, payment, and reporting requirements.  The Liquidating Trustee is authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements.  All amounts properly withheld from Distributions to a Holder as required by applicable law and paid over to the applicable taxing authority for the account of such Holder shall be treated as part of the Distributions to such Holder.

5.3      <u>Undeliverable Distributions</u>.  If a Distribution is returned to the Liquidating Trustee as undeliverable, such undeliverable distribution shall be governed by Article 9.5 of the Plan.

5.4      <u>Priorities of Distribution</u>.  The Liquidating Trustee must pay the operating expenses of the Liquidating Trust before approving Distributions to or for the benefit of the Liquidating Trust Beneficiaries.

## VI     TAX PROVISIONS.

6.1     <u>Qualification as Grantor Trust</u>.  It is intended that the Liquidating Trust qualify as a grantor trust for federal income tax purposes, and that the Liquidating Trust Beneficiaries are treated as grantors.  As described more fully in the Plan and the Disclosure Statement, the transfer of the Liquidating Trust Assets will be treated for federal income tax purposes as a transfer to the Liquidating Trust Beneficiaries of the Liquidating Trust Assets (other than the Creditor Causes of Action), followed by a deemed transfer of the Liquidating Trust Assets (other than the Creditor Causes of Action), and an actual transfer of the Creditor Causes of Action, from such Liquidating Trust Beneficiaries to the Liquidating Trust, *provided, however*, that the Liquidating Trust Assets will be subject to any post-Effective Date obligations incurred by the Liquidating Trust relating to the pursuit of Liquidating Trust Assets.  Accordingly, the Liquidating Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets.  The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.  Subject to Section 6.3(d) of this Agreement, all items of income, gain, loss, deduction and credit will be included in the income of the Liquidating Trust Beneficiaries as if such items had been recognized directly by the Liquidating Trust Beneficiaries in the proportions in which they own beneficial interests in the Liquidating Trust.

6.2     <u>Compliance with Reporting Requirements</u>.  The Liquidating Trustee shall comply with all tax reporting requirements and, in connection therewith, the Liquidating Trustee may require Liquidating Trust Beneficiaries to provide certain tax information as a condition to receipt of Distributions, including, without limitation, filing returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation § 1.671-4(a)

6.3     <u>Tax Returns</u>.

(a)     Under the guidelines set forth in Revenue Procedure 94-95, 1994-2 C.B. 684 and Treasury Regulation § 1.671-4(a), the Liquidating Trustee will file returns for the Liquidating Trust as a grantor trust.

(b)     As soon as reasonably practicable after the Liquidating Trust Assets are transferred to the Liquidating Trust, the Liquidating Trustee shall make a good faith valuation of the Liquidating Trust Assets.  Such valuation shall be made available from time to time to all parties to the Liquidating Trust Agreement and to all Liquidating Trust Beneficiaries, to the extent relevant to such parties for tax purposes.  Except to the extent required by definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the issuance of applicable Treasury Regulations or the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one) to the contrary, the valuation shall be used consistently by such parties for all United States federal income tax purposes.

(c)     In accordance with the provisions of section 6012(b)(3) of the Internal Revenue Code of 1986, as amended (the "Code"), the Liquidating Trustee shall cause to be prepared, at the cost and expense of the Liquidating Trust, the corporate income tax returns (Federal, state and local) that the Debtors are required to file (to the extent such returns have not already been filed by the Effective Date).  The Liquidating Trustee shall timely file each such tax

15

return with the appropriate taxing authority and shall pay out of the Liquidating Trust Assets all taxes due with respect to the period covered by each such tax return.

(d)     The Liquidating Trustee may, in the Liquidating Trustee's sole discretion, determine the best way to report for tax purposes with respect to any reserve for Disputed Unsecured Claims, including (i) filing a tax election to treat any and all reserves for Disputed General Unsecured Claims as a Disputed Ownership Fund ("DOF") within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Trust or (ii) electing to report as a separate trust or sub-trust or other entity.  If an election is made to report any reserve for disputed claims as a DOF, the Liquidating Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF, including but not limited to the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.

6.4     <u>Current Basis and Apportionment</u>.  All income of the Liquidating Trust is subject to tax on a current basis.  Subject to definitive guidance from the Internal Revenue Service ("<u>IRS</u>") or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), Liquidating Trust taxable income or loss shall be apportioned by reference to the manner in which any economic gain or loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets.  The tax book value of the Liquidating Trust Assets for purposes of this paragraph shall equal their fair market value on the date the Liquidating Trust Assets are transferred to the Liquidating Trust, adjusted in accordance with tax accounting principles prescribed by the Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

6.5     <u>Annual Statements</u>.  The Liquidating Trustee shall annually (for tax years in which Distributions from the Liquidating Trust are made) send to each Liquidating Trust Beneficiary a separate statement setting forth the Liquidating Trust Beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on their federal income tax returns.

6.6     <u>Withholding</u>.   The Liquidating Trustee may withhold from the amount distributable from the Liquidating Trust at any time to any Liquidating Trust Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges which have been or may be imposed on such Liquidating Trust Beneficiary or upon the Liquidating Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any Distribution provided for by any law, regulation, rule, ruling, directive, or other governmental requirement.  Any tax withheld shall be treated as distributed to the Liquidating Trust Beneficiary for purposes of this Agreement.

6.7     <u>Tax Identification Numbers</u>.   The Liquidating Trustee may require any Liquidating Trust Beneficiary to furnish to the Liquidating Trustee its Employer or Taxpayer Identification Number as assigned by the IRS or certify to the Liquidating Trustee's satisfaction

16

that Distributions to the Liquidating Trust Beneficiary are exempt from backup withholding. The Liquidating Trustee may condition any Distribution to any Liquidating Trust Beneficiary upon receipt of such identification number.  If after reasonable inquiry, any Liquidating Trust Beneficiary fails to provide such identification number to the Liquidating Trustee, the Liquidating Trustee shall deem such Liquidating Trust Beneficiary's claim as disallowed and no Distribution shall be made on account of such Liquidating Trust Beneficiary's claim.

6.8    Notices.  The Liquidating Trustee shall distribute such notices to the Liquidating Trust Beneficiaries as the Liquidating Trustee determines are necessary or desirable.

6.9    Expedited Determination.  The Liquidating Trustee may request an expedited determination of taxes of the Debtors or of the Liquidating Trust under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, the Debtors and the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust.

## VII    RIGHTS, POWERS AND DUTIES OF BENEFICIARIES.

7.1    Interests of Beneficiaries.    The Liquidating Trust Beneficiaries shall have beneficial interests in the Liquidating Trust Assets as provided in the Plan.  The Liquidating Trust Beneficiaries' proportionate interests in the Liquidating Trust Assets as thus determined shall not be transferable, except upon the death of the Liquidating Trust Beneficiary or the operation of law.

7.2    Interests Beneficial Only.  The ownership of a Liquidating Trust Interest shall not entitle any Liquidating Trust Beneficiary to any title in or to the Liquidating Trust Assets as such (which title shall be vested in the Liquidating Trustee) or to any right to call for a partition or division of Liquidating Trust Assets or to require an accounting.

7.3    Evidence of Beneficial Interests.  The Liquidating Trust Interests will not be represented by certificates, securities, receipts or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.

7.4    Securities Law Registration.  It is intended that the Liquidating Trust Interest shall not constitute "securities."   To the extent the Liquidating Trust Interests are deemed to be "securities," the issuance of Liquidating Trust Interests to Liquidating Trust Beneficiaries shall be exempt, pursuant to section 1145 of the Bankruptcy Code, from registration under the Securities Act of 1933, as amended (the "Securities Act"), and any applicable state and local laws requiring registration of securities.

## VIII    AMENDMENT OF TRUST OR CHANGE IN TRUSTEE.

8.1    Liquidating Trustee.  The Liquidating Trustee initially on an interim basis shall be Richard Arrowsmith, who will be retained as of the Effective Date, as the Liquidating Trustee of the Liquidating Trust in accordance with this Agreement; provided, however, that the Liquidating Trust Oversight Committee must select a permanent Liquidating Trustee from the Agreed List, and such permanent Liquidating Trustee must be in position before the expiration of 210 days after the Effective Date; provided, further, that if after commercially reasonable efforts of the Liquidating Trust Oversight Committee, appointment of a permanent Liquidating Trustee

17

from the Agreed List no longer is practicable, the Liquidating Trust Oversight Committee shall be permitted to seek relief from the Bankruptcy Court, upon notice to parties in interest and an opportunity to be heard, to appoint an appropriate permanent Liquidating Trustee who is not from the Agreed List.  For the avoidance of doubt, as used in the Plan and this Agreement, the term Liquidating Trustee means the interim Liquidating Trustee and any permanent Liquidating Trustee.

8.2     <u>Resignation of the Liquidating Trustee</u>.  The Liquidating Trustee may resign by an instrument in writing signed by the Liquidating Trustee and filed with the Bankruptcy Court with notice to the Liquidating Trust Oversight Committee, provided that the Liquidating Trustee shall continue to serve as such after his resignation until the earlier of (a) the time when appointment of his successor shall become effective in accordance with Section 8.4 of this Agreement, (b) as otherwise agreed with the Liquidating Trust Oversight Committee, or (c) thirty days from the date of the notice of such Liquidating Trustee's resignation.

8.3     <u>Removal of the Liquidating Trustee</u>.  The Liquidating Trust Oversight Committee may remove the Liquidating Trustee with or without cause at any time by majority vote.  Such removal shall be effective (10) days after the Liquidating Trust Oversight Committee provides written notice to the Liquidating Trustee and the U.S. Trustee.  Upon removal of the Liquidating Trustee by the Liquidating Trust Oversight Committee in accordance with this Section 8.3, the Liquidating Trustee shall be entitled to all compensation that has accrued through the effective date of termination but remains unpaid as of such date, which payment shall be made promptly from the Liquidating Trust Operating Reserve.  For the purposes of this Agreement, "cause" shall mean (a) the willful and continued refusal by the Liquidating Trustee to perform his duties as set forth herein or in the Plan; (b) gross negligence, gross misconduct, fraud, embezzlement or theft, bad faith, willful misconduct, reckless disregard of duty, criminal conduct, or self-dealing; or (c) such other cause as the Liquidating Trust Oversight Committee shall in good faith determine.

8.4     <u>Appointment of Successor Liquidating Trustee</u>.  In the event of the death, resignation, termination, incompetence or removal of the Liquidating Trustee, the Liquidating Trust Oversight Committee may appoint a successor Liquidating Trustee without the approval of the Bankruptcy Court, which the parties acknowledge shall nevertheless retain jurisdiction to resolve any disputes in connection with the service of the Liquidating Trustee or his successor. If the Liquidating Trust Oversight Committee fails to appoint a successor Liquidating Trustee within 30 days of the occurrence of a vacancy, any Liquidating Trust Beneficiary, any Debtor still existing, or the outgoing Liquidating Trustee may petition the Bankruptcy Court for such appointment.  Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge and deliver to the Bankruptcy Court and to the predecessor Liquidating Trustee (if practicable) an instrument accepting such appointment and the terms and provisions of this Agreement, and thereupon such successor Liquidating Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers and duties of the retiring Liquidating Trustee.

8.5     <u>Continuity</u>.  Unless otherwise ordered by the Bankruptcy Court, the death, resignation, incompetence or removal of the Liquidating Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any

18

action theretofore taken by the Liquidating Trustee.  In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the Bankruptcy Court, the Liquidating Trust Oversight Committee or the successor Liquidating Trustee.

       8.6   <u>Amendment of Agreement</u>.  This Agreement may be amended, modified, terminated, revoked or altered only upon order of the Bankruptcy Court.

       8.7   <u>Survival</u>.  The indemnification, hold harmless and reimbursement rights afforded to the Indemnified Parties under Article IV and any limitation on and/or exclusion of liability provisions contained in this Agreement shall continue to apply following the removal, resignation or termination of the related Liquidating Trustee or the termination of this Agreement.

## IX   TERMINATION OF TRUST

       The Liquidating Trustee shall be discharged and the Liquidating Trust shall be terminated, at such time as (i) the Bankruptcy Court's entry of a Final Order closing the Case pursuant to the Bankruptcy Code section 350(a) and (b) and (ii) payment of all costs, expenses, and obligations incurred in connection with administering the Liquidating Trust, and the distribution of all remaining Liquidating Trust Assets in accordance with the provisions of the Plan, the Confirmation Order and this Agreement.  If the Trust has not previously terminated pursuant to the foregoing sentence, on the fifth (5th) anniversary of the Effective Date, and unless the Liquidating Trust term has been otherwise extended by the Bankruptcy Court in accordance with the terms of the Plan (such extension to be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term), the Liquidating Trustee shall distribute all of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries in accordance with the Plan and immediately thereafter the Liquidating Trust shall terminate and the Liquidating Trustee shall have no further responsibility in connection therewith.

## X   RETENTION OF JURISDICTION

       Subject to the following sentence, the Bankruptcy Court shall have original, but not exclusive, jurisdiction over the Liquidating Trust, the Liquidating Trustee and the Liquidating Trust Assets as provided in the Plan, including the determination of all controversies and disputes arising under or in connection with the Liquidating Trust or this Agreement.  However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter.

## XI   MISCELLANEOUS

       11.1   <u>Applicable Law</u>.  The Liquidating Trust created by this Agreement shall be construed in accordance with and governed by the laws of the Commonwealth of Virginia without giving effect to principles of conflict of laws, but subject to any applicable federal law.

11.2    Waiver.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

11.3    Relationship Created.  Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

11.4    Interpretation.  Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision of this Agreement.

11.5    Savings Clause.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision of this Agreement, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose of this Agreement, as if such invalid or unenforceable provision had never been contained herein.

11.6    Entire Agreement.  This Agreement and the Plan constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter of this Agreement except as set forth herein or therein.  This Agreement together with the Plan supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter.  Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto, the Liquidating Trust Oversight Committee, and the Liquidating Trust Beneficiaries any rights or remedies under or by reason of this Agreement.

11.7    Counterparts.  This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

11.8    Notices.

(a)    All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing and shall be deemed given five Business Days after first-class mailing, one Business Day after sending by overnight courier, or on the first Business Day after facsimile or electronic transmission.

(i)    if to the Liquidating Trustee:

Liquidating Trustee
Richard Arrowsmith
C/o
Alvarez & Marsal Healthcare Industry Group, LLC
555 13th Street, N.W., 5th Fl.
Washington, DC 20004

20

with copies to:

Alvarez & Marsal Healthcare Industry Group, LLC
600 Madison Avenue
New York, New York 10022
Attention: General Counsel

(ii)    if to the Debtors:

Health Diagnostic Laboratory, Inc.
737 N. 5th Street, Suite 103
Richmond, VA 23219

with copies to:

Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Attn:   Tyler P. Brown
            Jason W. Harbour
Tel: (804) 788-8200
Fax: (804) 788-8218

(iii)    if to the Liquidating Trust Oversight Committee:

Cooley LLP
1114 Avenue of the Americas
New York, New York 10036
Attn:   Richard S. Kanowitz
            Jay R. Indyke
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

(iv)    if to any Liquidating Trust Beneficiary, to such address as such Liquidating Trust Beneficiary shall have furnished to the Debtors in writing prior to the Effective Date.

(b)    Any Person may change the address at which it is to receive notices under this Agreement by furnishing written notice to the Liquidating Trustee in the same manner as above.

11.9    Effective Date.  This Agreement shall become effective as of the Effective Date.

11.10    Successors and Assigns.  This Agreement shall be binding upon each of the parties hereto and their respective successors and assigns and shall inure to the benefit of the

parties, the Liquidating Trust Oversight Committee, the Liquidating Trust Beneficiaries and, subject to the provisions of this Agreement, their respective successors and assigns.

    11.11  <u>Conflict with the Plan or Confirmation Order</u>.  In the event of any conflict between the terms of this Agreement, on the one hand, and the Plan or the Confirmation Order, on the other hand, the terms of the Plan or the Confirmation Order shall govern; provided, however, that to the extent a subsequent order of the Bankruptcy Court authorizes the amendment of this Agreement and becomes a Final Order, such Final Order and amended Agreement shall control.

    IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the day and year first above written.


HEALTH DIAGNOSTIC LABORATORY, INC.

By:
Name:  Richard T. Arrowsmith
Title:  CRO                      5-12-16

CENTRAL MEDICAL LABORATORY, LLC

By:
Name:  Richard T. Arrowsmith
Title:  CRO                      5-12-16

INTEGRATED HEALTH LEADERS, LLC

By:
Name:  Richard T. Arrowsmith
Title:  CRO                      5-12-16

RICHARD ARROWSMITH, LIQUIDATING
TRUSTEE OF HDL LIQUIDATING TRUST

By:
Name:  Richard Arrowsmith
Title:  Liquidating Trustee of HDL Liquidating
        Trust
                                 5-12-16

## SCHEDULE A

**TERMS OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LIQUIDATING TRUSTEE**

1.      **COMPENSATION**

Beginning at the Effective Date (as defined in the Plan), subject to the Plan and the Liquidating Trust Agreement, the Liquidating Trustee shall be employed and compensated as follows:  (a) the Liquidating Trustee shall receive $15,000 per month, plus (b) in the event the Liquidating Trustee engages in work that otherwise would be performed by outside advisors or professionals, the Liquidating Trustee shall receive compensation at his hourly rate then in effect to the extent such fees for a given month exceed $15,000.  If the Liquidating Trustee seeks payment for work performed under (b), the Liquidating Trustee shall submit an invoice for such work to the Liquidating Trust Oversight Committee.

2.      **REIMBURSEMENT OF EXPENSES**

The Liquidating Trustee, subject to the Plan and the Liquidating Trust Agreement, shall be entitled to reimbursement for documented actual and reasonable expenses incurred in performing his duties as the Liquidating Trustee, and may submit a report of quarterly expenses, if any, with each quarterly report provided to the Liquidating Trust Oversight Committee under the Liquidating Trust Agreement.