# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re: HEALTH DIAGNOSTIC LABORATORY, INC., *et al.*,

    Debtors.

Case No. 15-32919-KRH
(Jointly Administered)
Chapter 11

## MEMORANDUM OPINION

The Court has before it the *Liquidating Trustee's Motion to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee* [ECF No. 5285] (the "Motion to Determine") filed by Richard Arrowsmith, in his capacity as the Liquidating Trustee (the "Liquidating Trustee") of the HDL Liquidating Trust (the "Liquidating Trust"). The Liquidating Trustee is asking this Court to follow *In re Paragon Offshore, PLC*, 629 B.R. 227 (Bankr. D. Del. 2021) and hold that the Liquidating Trust is not liable for the payment of quarterly fees under 28 U.S.C. § 1930(a)(6) for distributions to creditors in the third quarter of 2021 and in all subsequent quarters. John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "U.S. Trustee") filed an *Objection of the United States Trustee to the Liquidating Trustee's Motion to Determine Extent of Liability for Post-Confirmation Quarterly Fees Payable to the United States Trustee* [ECF No. 5309] (the "Objection"). The *Liquidating Trustee's Reply* [ECF No. 5609] (the "Reply") was filed on November 8, 2022. On November 29, 2022, the Court conducted a hearing (the "Hearing") at which it heard the argument of counsel for the parties. The matter is now ripe for disposition. After considering the pleadings, the arguments of counsel, and the applicable law, the Court denies the Motion to Determine for the reasons set forth below.[1]

---

[1] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**Background**

On June 7, 2015, Health Diagnostic Laboratory, Inc. ("HDL") filed a *Voluntary Petition* [ECF No. 1] for relief under Chapter 11 of Title 11 of the United States Code. On June 9, 2015, this Court entered an *Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 42], which ordered the joint administration of the HDL case alongside those of its subsidiaries, Central Medical Laboratory, LLC and Integrated Health Leaders, LLC (together with HDL, the "Debtors" and their jointly administered bankruptcy cases, collectively, the "Bankruptcy Cases"). This Court confirmed the *Modified Second Amended Plan of Liquidation Proposed by the Debtors* [ECF No. 5619 at 50-113][2] (the "Plan") by its *Order Confirming Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [ECF No. 1095] (the "Confirmation Order") entered May 12, 2016. The Plan became effective the same day. Decl. of June E. Turner in Supp. of U.S. Tr.'s Obj. to Liquidating Tr.'s Mot. to Determine Extent of Liab. for Post-Confirmation Q. Fees Payable to the U.S. Tr. ¶ 10, ECF No. 5309-1 at 4 [hereinafter "Turner Declaration"].[3]

The Plan substantively consolidated the Debtors' bankruptcy estates and established the Liquidating Trust, a grantor trust, for the benefit of holders of allowed general unsecured claims, subordinated claims, and interests. *See* Plan §§ 1.66, 1.69, 5.1-5.3, ECF No. 5619 at 65-66, 77. Richard Arrowsmith was appointed as the Liquidating Trustee responsible for administering the Liquidating Trust in accordance with a *Liquidating Trust Agreement* [ECF No. 5619 at 118-40] (the "Liquidating Trust Agreement").[4] Plan § 1.74, ECF No. 5619 at 67. The Plan vested all

---

[2] In their *Joint Stipulation of Facts* [ECF No. 5621] (the "Joint Stipulation"), the parties have stipulated to the admission of, and facts contained within, the Plan as cited herein. Joint Stipulation ¶ 1(c), ECF No. 5621 at 2.

[3] The parties stipulated to the admission of, and facts set forth within, the Turner Declaration. Joint Stipulation ¶ 1(a), ECF No. 5621 at 2.

[4] The parties stipulated to the admission of, and facts set forth within, the Liquidating Trust Agreement as cited herein. Joint Stipulation ¶ 1(d), ECF No. 5621 at 3.

2

property of the consolidated Debtors' estates, including litigation claims, in the Liquidating Trust. Plan § 6.5(h), ECF No. 5619 at 90. The Liquidating Trust became "the successor of the Debtors . . . for all purposes." Plan § 6.5(c)(23), (e), ECF No. 5619 Ex. A at 88, 89; Liquidating Tr. Agreement ¶ 4.1(w), ECF No. 5619 at 126.

The Plan and the Liquidating Trust Agreement each require the Liquidating Trustee to:

> pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Court and serve on the United States Trustee quarterly post-confirmation financial reports for each of the Debtors until such time as such reports are no longer required, or the Court orders otherwise, a final decree is entered closing this Case or the Case is converted or dismissed.

Plan § 6.5(c)(18), ECF No. 5619 at 87; *see also* Liquidating Tr. Agreement ¶ 4.1(r), ECF No. 5619 at 126. The U.S. Trustee did not assess fees for the transfer of assets from the Debtors to the Liquidating Trust. Turner Decl. ¶ 25, ECF No. 5309-1 at 9.

On March 10, 2021, the Court entered an *Order Granting Liquidating Trustee's Motion to Approve Interim Distribution and for Estimation of the Bluewave Claim in Connection Therewith* [ECF No. 5066]. In accordance therewith, the Liquidating Trustee made his first interim distribution. *See* Turner Decl. ¶ 11, ECF No. 5309-1 at 5 (reflecting a large disbursement in the second quarter of 2021); *see also* Mot. to Determine ¶ 8, ECF No. 5285 at 4. The U.S. Trustee maintains that his office is entitled to $250,000 based on the interim distribution. Turner Decl. ¶ 14, ECF No. 5309-1 at 6. The U.S. Trustee also claims that his office is entitled to $35,320 for the following quarter.[5] *Id.*

---

[5] The U.S. Trustee also asserts a demand for unpaid interest in the amount of $419.01. Turner Decl. ¶ 14, ECF No. 5309-1 at 6. The Court will not award interest because the Liquidating Trustee reserved the Contested Quarterly Fees and promptly brought the Motion to Determine. *See* Decl. of Richard Arrowsmith, Liquidating Tr., in Supp. of Liquidating Tr.'s Mot. to Determine Extent of Liability for Post-Confirmation Q. Fees Payable to the U.S. Trustee ¶ 4, ECF No. 5619 at 2 [hereinafter "Arrowsmith Declaration"].

3

The Court has subject matter jurisdiction under 28 U.S.C. § 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984.  This is a core proceeding under 28 U.S.C. § 157.  Venue is appropriate pursuant to 28 U.S.C. § 1409(a).

**Analysis**

The Liquidating Trustee argues that he should not be held liable for the payment of U.S. Trustee fees assessed from the third quarter of 2021 through the close of this case (the "Contested Quarterly Fees").[6]  The Court disagrees.

The Court begins its analysis with section 1930(a) of Title 28 of the United States Code.  The statute is unartfully drawn.  Subsection (a) begins with the instruction that "[t]he part[y] commencing a case under title 11 shall pay" a filing fee.  *Id.*  Sub-subsections (a)(1)-(5) then list a series of the filing fees applicable to the various chapters under which a bankruptcy case can be commenced.  *Id.* § 1930(a)(1)-(5).  Sub-subsection (a)(6) follows the itemized list of filing fees applicable to commencing a case.  It commands, albeit in the passive voice, that "in addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee."  *Id.* § 1930(a)(6).  While Congress may have intended for the quarterly fees to be assessed against the estate, that intent can find no purchase in the statutory text.  The only actor identified as liable for the payment of such fees is the "part[y] commencing a case under title 11."  *See id.* § 1930(a).

But any conflict that may exist between the statutory text and its intended meaning is of no moment here.  As the Debtors commenced the Bankruptcy Cases, the Debtors were the parties required to pay the quarterly fees to the U.S. Trustee under section 1930.  But the confirmed Plan,

---

[6] The U.S. Trustee sends initial invoices for quarterly fees in the first month after the end of a given quarter.  Turner Decl. ¶ 12, ECF No. 5309-1 at 6.  The fees assessed in the third quarter of 2021 therefore reflect distributions made in the second quarter of 2021.

4

which is binding upon all parties in interest in these Bankruptcy Cases, intervened. The Plan clearly requires the Liquidating Trustee to make the Contested Quarterly Payments.

The confirmed Plan served to substantively consolidate the bankruptcy estates. All the Debtors' assets were transferred to the Liquidating Trust. The Liquidating Trustee became "the successor of the Debtors . . . *for all purposes*." Plan § 6.5(c)(23), ECF No. 5619 at 88 (emphasis added). The creditors were recast as Liquidating Trust beneficiaries, Plan § 1.69, ECF No. 5619 at 66, with all distributions to be made to such creditors from the Liquidating Trust, Plan § 6.4(b), ECF No. 5619 at 83. The Plan removed from the Debtors the unequivocal obligation that they had to pay the quarterly fees and transferred that obligation to the Liquidating Trustee. The language of the Plan is not ambiguous on this point. It not only makes the Liquidating Trustee the party responsible for the quarterly fee payments in the stead of the Debtors, but it also directs the Liquidating Trustee to make the payments. Plan § 6.5(c)(18), ECF No. 5619 at 87-88.[7]

Confirmation orders are final judgments which are generally binding on those who had notice and failed to object before the time for appeal expires. *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010) (holding, even when confirmation was legal error, that a plan is enforceable and binding on a party that "had notice of the error and failed to object or timely appeal."). The Debtors, as the Liquidating Trustee's predecessor-in-interest, did not object to the Plan. They were the Plan's proponents. The U.S. Trustee did not object. Rather, the U.S. Trustee insisted on the inclusion of the provision in the Plan that required quarterly fee payments to be

---

[7] The Liquidating Trust Agreement was likewise approved in the Confirmation Order. Confirmation Order ¶ 54, ECF No. 1095 at 23-24. Its terms bind the Trustee. *See* Liquidating Tr. Agreement ¶ 1.4, ECF No. 5619 at 120 ("The Liquidating Trustee . . . agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee by this Agreement and the Plan."). The Liquidating Trust Agreement contains parallel provisions to those Plan provisions discussed here. *Compare* Plan § 6.5(c)(18), (23), ECF No. 5619 at 87-88, *with* Liquidating Tr. Agreement §§ 4.1(r), (w), ECF No. 5619 at 126. The Liquidating Trust Agreement therefore requires the Liquidating Trustee to pay the Contested Quarterly Fees for the same reasons as the Plan.

made post confirmation. The Plan having received creditor approval, the U.S. Trustee is entitled to the benefit of the bargain it negotiated with the Debtors. The Liquidating Trustee must pay quarterly fee payments to the U.S. Trustee in accordance with the Plan. *See In re Atna Res., Inc.*, 576 B.R. 214, 219 (Bankr. D. Colo. 2017) (finding a liquidating trust liable for quarterly fees when the confirmed plan provided that liquidating trust, as successor, stepped into the shoes of the debtors).

The Liquidating Trustee argues that the Plan does not require him to pay quarterly fees on payments he makes to the beneficiaries of the Liquidating Trust. He contends that distributions of moneys he holds in trust to the beneficiaries of the trust are not disbursements because the beneficiaries are the equitable owners of the trust's assets. Such interim distributions of trust assets, he argues, do not qualify as "disbursements" within the meaning of section 1930(a)(6).

While the term "disbursements" is undefined in the statute, the Court's analysis of this issue is controlled by the prior decision of this Court in *In re A.H. Robins Co.*, 219 B.R. 145 (Bankr. E.D. Va. 1998). In that case, Judge Shelley of this Court, with Judge Merhige of the District Court concurring, found that the word "disbursements" was not a bankruptcy term of art. *Id.* at 151. The court went on to hold that disbursements included all post confirmation distributions made from the bankruptcy estate to creditors. *Id.* at 151-52. In his capacity as the successor to the Debtors' bankruptcy estates, the term "disbursements" must include all distributions made by the Liquidating Trustee pursuant to the Plan to the Debtors' creditors on account of their allowed claims filed against the Debtors' estates. Otherwise, as the U.S. Trustee observes, quarterly fees could be virtually eliminated by the simple expedient of transferring assets from the bankruptcy estate to a post confirmation entity for subsequent payment.[8] The majority of courts that have

---

[8] The Court is mindful that such a decision in the case at bar may very well cause the Liquidating Trustee to withhold making interim distributions in the future in order to avoid multiple costly quarterly fees. *See*

6

considered this issue agree. *See In re Atna Res., Inc.*, 576 B.R. at 219; *In re Postconfirmation Fees*, 224 B.R. 793, 799 (E.D. Wash. 1998) (rejecting the argument that a reorganized debtor's post-confirmation disbursements are not included in calculating quarterly frees); *In re CSC Indus., Inc.*, 226 B.R. 402, 404, 406 (Bankr. N.D. Ohio 1998) (holding that a liquidating trustee was responsible for paying post-confirmation quarterly fees out of the liquidation trust when the plan provided it was the successor and interest to the debtor's estate); *cf. In re Betwell Oil & Gas Co.*, 204 B.R. 817, 819 (Bankr. S.D. Fla. 1997) ("It makes no sense to hold that the post-confirmation payments made from the liquidation of the remaining assets are *not* disbursements just because the remaining assets were vested in a reorganized debtor or liquidating trust at confirmation." (emphasis in original)). The Court concludes that the Liquidating Trustee is required to pay quarterly fees on the distributions he makes to the trust beneficiaries.

Finally, the Court declines the Liquidating Trustee's invitation to eliminate his obligation to pay quarterly fees by invoking an exception included in section 6.5(c)(18) of the Plan. Conceding that the Plan expressly requires the Liquidating Trustee "[t]o pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) . . . *until such time as*" "a final decree is entered closing this Case or the Case is converted or dismissed" "or *the Court orders otherwise*," Plan § 6.5(c)(18), ECF No. 5619 at 87 (emphasis added), the Liquidating Trustee now requests the Court to order otherwise. The Court declines to do so. The Plan, in the case at bar, was a carefully negotiated agreement. The participants to the agreement were all sophisticated parties. The Court will not disturb the expectations of the parties absent good cause to do so. That cause is clearly lacking here.[9] The

---

Arrowsmith Decl ¶ 10, ECF No. 5619 at 4. Rather, the Liquidating Trustee may choose to make one final distribution once all of the assets in the Liquidating Trust have been liquidated. *See id.*

[9] The Court notes that the Liquidating Trustee has made no showing of mistake, inadvertence, or excusable neglect. The Court has not been presented with any newly discovered evidence. There are no allegations of fraud, misrepresentation, or misconduct by any party.

7

only change in circumstance that has occurred was the sharp increase in quarterly fees that Congress imposed beginning in 2018.[10] *See Siegel v. Fitzgerald*, 142 S. Ct. 1770, 1776-77 (2022) (providing the recent history of section 1930). But the parties contracted for such an eventuality by expressly requiring the Liquidating Trustee to pay fees in accordance with section 1930. The statutory amendment does not create an intervening change of law that would suggest cause to invalidate the related provision.

Finally, the Liquidating Trustee relies on the recent opinion in *In re Paragon Offshore, PLC*, 629 B.R. 227 (Bankr. D. Del. 2021) in support of the relief sought in the Motion to Determine. While the decision in that court is not binding here, it is also factually distinguishable. The plan confirmed in *Paragon* provided for the liquidation of certain of the debtors and for the reorganization of the remaining debtors. While the plan did provide for the creation of a litigation trust, it did not create a "pour over" trust into which all the assets of the debtors were transferred. Only the debtors' claims against their former parent corporation were transferred into the trust. The trust in *Paragon* did not become the successor to the debtors, and the liquidating trustee did not step into the shoes and acquire all the duties of the debtors

The court eventually approved a settlement of the claims asserted by the liquidating trust against the parent corporation, but not before the parent corporation filed its own petition for Chapter 11 bankruptcy relief. The approved amount of the settlement proceeds were paid by the parent corporation into the trust for distributions as contemplated under the Paragon plan.

The parent corporation paid the maximum amount of the quarterly fees it owed during the quarter in which it paid the settlement proceeds into the Paragon litigation trust. The decision in *Paragon* was based on a concern that the U.S. Trustee was "double-dipping" in that case by

---

[10] The Court does not consider here the constitutional issue addressed in *Siegel v. Fitzgerald*, 142 S. Ct. 1770 (2022).

charging the parent corporation a quarterly fee when it paid the money into the Paragon trust and then again charging Paragon trust a quarterly fee when the trust distributed the settlement proceeds to Paragon's creditors. No such concern presents here. No quarterly fee was assessed by or paid to the U.S. Trustee on the transfer of the totality of the Debtors' cash, claims, and other assets in the case at bar when they were transferred by the Debtors to the Liquidating Trust in the second quarter of 2016.

## Conclusion

The confirmed Plan created the Liquidating Trust. The Liquidating Trustee is the successor to the Debtors for all purposes. The confirmed Plan unambiguously requires the Liquidating Trustee to pay quarterly fees to the U.S. Trustee under section 1930 of Title 28. The confirmed Plan remains binding upon the Liquidating Trustee. The Liquidating Trustee must pay the Contested Quarterly Fees.

A separate Order shall issue.

DATED:  January 4, 2023         /s/ Kevin R. Huennekens
                                                          UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: January 4, 2023