**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| **HEALTH DIAGNOSTIC** | ) |
| **LABORATORY, INC.**, *et al.*, | ) |
| | ) |
| **Debtors.**[1] | ) |
| | ) |

Case No.  15-32919 (KRH)

Chapter 11

**MOTION OF THE LIQUIDATING TRUSTEE FOR ORDER
(I) AUTHORIZING THE TRANSFER OF DEBTORS' PATIENT
RECORDS TO METALQUEST, INC. AND (II) APPROVING THE PROPOSED
AGREEMENT BETWEEN THE LIQUIDATING TRUSTEE AND METALQUEST**

Richard Arrowsmith, in his capacity as the Liquidating Trustee (the "Liquidating Trustee")

of the HDL Liquidating Trust, files this Motion, pursuant to sections 105 and 363 of Title 11 of

the United States Code (the "Bankruptcy Code"), and Rule 6007 of the Federal Rules of

Bankruptcy Procedure (the "Rules of Bankruptcy Procedure"), and based upon the Liquidating

Trustee's powers as outlined in the Liquidating Trust Agreement (the "LT Agreement"), seeking

---

[1] The Debtors, along with the last four digits of their federal tax identification number, are Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434) (referred to herein collectively as "HDL").

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
Hɪʀsᴄʜʟᴇʀ Fʟᴇɪsᴄʜᴇʀ, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9515
Facsimile:      804.644.0957
E-mail:  rwestermann@hirschlerlaw.com
          bfalabella@hirschlerlaw.com
          kbender@hirschlerlaw.com

David I. Swan (VSB No. 75632)
Allison P. Klena (VSB No. 96400)
Hɪʀsᴄʜʟᴇʀ Fʟᴇɪsᴄʜᴇʀ, PC
1676 International Drive
Suite 1350
Tysons, Virginia 22102
Telephone:  703.584.8900
Facsimile:  703.584.8901
E-mail:     dswan@hirschlerlaw.com
            aklena@hirschlerlaw.com

*Counsel for Richard Arrowsmith, Liquidating
Trustee of the HDL Liquidating Trust*

an order authorizing the transfer of Health Diagnostic Laboratory, Inc.'s, Central Medical Laboratory, LLC's, and Integrated Heath Leaders, LLC's (collectively, the "Debtors") patient records to MetalQuest, Inc. ("MetalQuest") and authorizing payment to MetalQuest for services rendered in connection with the pickup, storage, and destruction of the Debtors' patient records. In support of this Motion, the Liquidating Trustee states as follows:

## I.   JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. section 157(b)(2).

3.      The predicate for the relief requested herein is sections 105(a) and 363 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 6007, and section IV of the LT Agreement.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

4.      On June 7, 2015, the Debtors filed with the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the jointly administered Chapter 11 cases, styled *In re: Health Diagnostic Laboratory, Inc., et. al.*, and bearing case number 15-32919-KRH (the "HDL Cases").

5.      On May 12, 2016, this Court entered an *Order Confirming the Debtors' Second Amended Plan of Liquidation* [Docket No. 1095] (the "HDL Confirmed Plan"), providing for the appointment of the Liquidating Trustee on the Effective Date of the HDL Confirmed Plan.

6.      Under the terms of the HDL Confirmed Plan and the LT Agreement, the Liquidating Trustee has the power to administer the affairs of the estate and is responsible for

2

storing, maintaining, and preserving all books and records, whether in hard copy or electronic form, pertaining to the Debtors' assets.

7.    Currently, the Liquidating Trustee is storing approximately 6,746 boxes at three different warehouses managed by Iron Mountain, Inc. ("Iron Mountain").  6,600 boxes are stored in a warehouse located in Sandston, Virginia, 128 are stored in a warehouse located in Odenton, Maryland, and 18 boxes are stored in a warehouse located in  Norfolk, Virginia (collectively, the "Warehouses").  The vast majority of these records (the "Records") contain information related to patients and their medical history.

8.    As a medical care provider, the Debtors were "Covered Entity Health Care Providers" subject to applicable federal and state laws concerning access, storage, transfer, and disposition of protected health information ("PHI"), including the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") and the HIPPA Privacy and Security Rules, 45 C.F.R. Parts 160 and 164, as amended ("HIPPA Privacy and Security Rules"), as well as Medicare and Medicaid programs under Title XVIII and Title XIX of the Social Security Act ("Medicare and Medicaid Law"), and  § 32.1-127.1:03 of the Virginia Code and Virginia Administrative Code Title 12 § 5-410-370 (the "Virginia Law" and collectively with HIPPA, HIPPA Privacy and Security Rules, and Medicare and Medicaid Law, the "Applicable Medical Record Laws").

9.    Under Virginia Law, the Liquidating Trustee is required to store and maintain patient records for at least six (6) years.  Under Medicare and Medicaid Law, the Liquidating Trustee is required to store and maintain patient records for at least ten (10) years.  As a result, the Applicable Medical Record Laws require the Liquidating Trustee to store the vast majority of the Records for a minimum of ten (10) years.  Approximately 4,392 of the boxes of Records have been stored with Iron Mountain for more than ten (10) years.

10.     In the exercise of his business judgment, and to avoid further costs and expenses to the estate, the Liquidating Trustee seeks to transfer the Records to MetalQuest pursuant to the terms of the agreement attached hereto as **Exhibit A** (the "Agreement").  The Liquidating Trustee also seeks authority to pay MetalQuest as outlined in the Agreement for its services rendered in connection with the transportation, maintenance, storage, and destruction of the Records.

11.     Pursuant to the terms of the Agreement, the Liquidating Trustee will transfer all the Records to MetalQuest.  MetalQuest will then be responsible for the maintenance, storage, and destruction of all the Records, including compliance with the Applicable Medical Record Laws. The Liquidating Trustee will be released from all liability for any failure to comply with the Applicable Medical Record Laws, and MetalQuest will be responsible for indemnifying and holding harmless the Liquidating Trustee for any failure to comply with the Applicable Medical Record Laws.

12.     MetalQuest will maintain a website for the duration of the time it stores the Records subject to the approval of the Liquidating Trustee, which will provide detailed instructions to patients regarding medical record retrieval and general retrieval for other non-clinical records. Patients will easily be able to locate and access this website.  A google search of any of the Debtors' names will bring up the website.

13.     In exchange for the services provided by MetalQuest, the Liquidating Trustee will pay a one-time fee of $49,911.

14.     Pending approval of the Motion and ten (10) days following receipt of payment, the Liquidating Trustee will provide the necessary information for MetalQuest to facilitate the pickup and transfer of the Records from the Warehouses to MetalQuest's warehouse in Cincinnati, Ohio.

15.     MetalQuest is fully responsible for facilitating the transfer of the Records.  The trailers responsible for hauling the Records will be locked and sealed to ensure no one can access the Records during their transit.  The process of transferring the Records out of Iron Mountain will take between 30 to 90 working days.

16.     Upon approval of the Motion, the Liquidating Trustee will also begin the process of terminating its contract with Iron Mountain.  The Liquidating Trustee will remain responsible for any costs associated with terminating its contract with Iron Mountain.

## III.   RELIEF REQUESTED

17.     By this Motion, the Liquidating Trustee seeks entry of an order, attached hereto as **Exhibit B**, seeking authority to (a) transfer the Records to MetalQuest and (b) enter into the Agreement, including the authority to pay MetalQuest for its services in connection with the Agreement.

## IV.   BASIS FOR RELIEF

18.     Section 363(b) of the Bankruptcy Code governs transactions outside the ordinary course of business involving property of a debtor's estate.  The section provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than the ordinary course of business, property of the estate . . ."  11 U.S.C. § 363(b)(1).  The use of property outside the ordinary course of business is to be approved by the Court upon demonstrating a sound business justification for the proposed transaction.  *In re MCSGlobal Inc.*, 562 B.R. 648, 654 (Bankr. E.D. Va. 2017).

19.     Here, the Agreement is in the best interest of the estate and transferring the Records to MetalQuest is justified under the circumstances.  MetalQuest is a company that maintains hard copy and digital records for organizations in accordance with the applicable federal and state law regulations.  MetalQuest specializes in medical practice closings and healthcare bankruptcies.  The

company has been involved in numerous healthcare bankruptcy cases across the country and has experience in Chapter 11 and Chapter 7 cases including, *In re Bells-Savoy Community Emergency Services, Inc.*, Chapter 7 Case No. 23-41705-ELM (Bankr. N.D. Tex.), *In re Aesthetic Plastic Surgery Center, L.P.*, Chapter 7 Case No. 22-33749-CML (Bankr. S.D. Tex.), and *In re San Diego Hospice & Palliative Care Corporation*, Chapter 11 Case No. 13-10079-MM11 (Bankr. S.D. Cal.).

20.     Counsel for the Liquidating Trustee considered and conducted due diligence into alternatives to the Agreement with MetalQuest.  The Liquidating Trustee received a quote for the transportation and destruction from Iron Mountain that was well in excess of the proposed price quote from MetalQuest.  In addition, counsel for the Liquidating Trustee received price quotes from other vendors.  The Liquidating Trustee concluded that the Agreement from MetalQuest offered a fair and reasonable price compared to other options.

21.     In addition, this Agreement most effectively allows the Liquidating Trustee to administer and wind-down the affairs of the estate and maximize value for the benefit of creditors. Currently, upon information and belief, only approximately 4,751 of the boxes containing the Records are eligible for destruction.  Thus, 1,995 of the boxes containing the Records must continue to be stored by the Liquidating Trustee.  Upon information and belief, certain of the Records will not be eligible for destruction pursuant to the Applicable Medical Record Laws until sometime in 2026.

22.     To efficiently administer the estate, the Liquidating Trustee desires to close this case before this calendar year.  Moreover, the Liquidating Trustee does not want to continue to incur expenses paying storage fees to Iron Mountain.  There are limited funds available in the estate, and the Liquidating Trustee seeks to maximize value for the benefit of creditors.

23.     The Agreement allows the Liquidating Trustee to transfer all the Records, whether eligible for destruction or not, to MetalQuest.  As a result, the Liquidating Trustee can stop paying storage fees to Iron Mountain, will no longer be liable for the destruction of the Records, and will not have to incur any costs associated with the destruction of the Records following the transfer of the Records to MetalQuest.

24.     This Agreement also considers the sensitive nature of the Records.  The PHI of the patients will not be affected by this transfer, and the Records will continue to be stored and destroyed under the Applicable Medical Record Laws.  As previously noted, MetalQuest has experience storing medical records for other healthcare providers and for trustees in other healthcare bankruptcies.  Therefore, the patients will not be harmed by the relief requested in the Motion.  MetalQuest will protect the PHI and allow access to Records to patients upon request.[2]

25.     Through the website, which will be set up by MetalQuest, patients will easily be able to discover that the Liquidating Trustee has transferred the Records.  Former patients will also easily be able to access and request their records through this website.

26.     In summary, for all of the reasons stated above, transferring the Records to MetalQuest and approving the Agreement is in the best interest of the estate, and the Liquidating Trustee has a sound business justification for transfer of the Records property pursuant to § 363(b)(1) and the Liquidating Trustee's powers under section IV(j), (p), (q), and (v) of the LT Agreement.

## IV.    <u>NOTICE</u>

27.     Notice of the Motion and the deadline to file an objection to the Motion has been given as reflected on the certificate of service that will be filed with the Court.  The notice given

---

[2] Notably, since the appointment of the Liquidating Trustee, no patient has ever requested their medical records from the Liquidating Trustee.

is sufficient and fully complies with the *Order Establishing Certain Post-Confirmation Notice, Case Management, and Administrative Procedures* [Docket No. 1261] and all applicable rules governing notice.

28.     Notice to former patients is not required pursuant to section 351 of the Bankruptcy Code and Rule 6011 of the Bankruptcy Rules of Procedures because this is a transfer of records pursuant to section 363(b), not a disposal of records pursuant to section 351.  MetalQuest will continue to maintain and store the Records in compliance with Applicable Medical Record Laws. As a result, the notice procedures outlined in section 351 and Rule 6011 are not required.

29.     No ombudsperson is required to be appointed pursuant to section 332 of the Bankruptcy Code.  Section 363(b) only requires the appointment of an ombudsperson if the sale is inconsistent with privacy policies in place.[3]  The transfer of the Records fully complies with Applicable Medical Record Laws and employs appropriate security measures to ensure the protection of patient PHI.  *See In re Movie Gallery, Inc.*, No. 10-30696 (DOT), 2010 Bankr. LEXIS 5823, at *5 (Bankr. E.D. Va. Nov. 17, 2010) (allowing transfer of personally identifiable information provided that buyer agreed to, among other things, employ appropriate information security controls and abide by all applicable laws and regulations).  Thus, no ombudsperson is necessary in this case.

## VI.    <u>CONCLUSION</u>

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court: (i) enter the proposed Order substantially in the form annexed hereto as **<u>Exhibit B</u>** granting the relief requested herein; and (ii) grant to the Liquidating Trustee such other and further relief as the Court may deem proper.

---

[3] The privacy policy of the Debtors is approximately ten (10) years old.

Dated: May 16, 2024                Respectfully submitted,

*/s/ Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  804.771.9515
Facsimile:  804.644.0957
E-mail:      rwestermann@hirschlerlaw.com
              bfalabella@hirschlerlaw.com
              kbender@hirschlerlaw..com

David I. Swan (VSB No. 75632)
Allison P. Klena (VSB No. 96400)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:  703.584.8900
Facsimile:  703.584.8901
E-mail:      dswan@hirschlerlaw.com
              aklena@hirschlerlaw.com

*Counsel for Richard Arrowsmith, Liquidating
Trustee of the HDL Liquidating Trust*

## Exhibit A

**Agreement**

# Lifecycle Management of Medical Data Trust Agreement

Prepared
for

**HDL Liquidating Trust
Attn: Richard Arrowsmith
Liquidating Trustee
c/o Robert S. Westermann
Hirschler Fleischer, P.C.
2100 East Cary Street P.O Box 500
Richmond, Virginia 23223**



**P.O. Box 46364
Cincinnati, Ohio 45246-0364**

Contact

**William L. Jansen
Tel: 513.693.4363
Email: WLJansen@MetalQuest.com**

## INFORMATION MANAGEMENT SERVICES AND TRUST AGREEMENT

THIS INFORMATION MANAGEMENT SERVICES AND TRUST AGREEMENT

("Agreement") is entered into on this ___14___ day of May  2024 between MetalQuest, Inc. ("MetalQuest" or the "Trustee"), an Ohio corporation, and the HDL Liquidating Trust, ("Liquidating Trustee"), representative of the chapter 11 bankruptcy estate of Health Diagnostic Laboratory, Inc., case no. 15-32919-KRH, filed in the Eastern District of Virginia (the "Estate").  MetalQuest and Liquidating Trustee may hereinafter be collectively referred to as the "Parties".

1.      Background.  MetalQuest is a Subcontractor Business Associate of the Liquidating Trustee as the term is defined under *Health Insurance Portability and Accountability Act of 1996* ("HIPAA") and *HIPAA Privacy and Security Rules 45 CFR Parts 160 and 164*, as amended ("HIPAA Privacy and Security Rules").   Health Diagnostic Laboratory, Inc. ("Laboratory") was a Covered Entity under HIPAA and the HIPAA Privacy and Security Rules, and filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 6, 2015, in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") (Case No. 15-32919-KRH11) (the "Bankruptcy Case").     Liquidating Trustee the is representative of the Estate pursuant to the Liquidating Trust Agreement established under the *Order Confirming the Debtors' Second Amended Plan of Liquidation* entered on May 12, 2016, by the United States Bankruptcy Court for the Eastern District of Virginia (the "Plan") [Docket No. 1095].  The effectiveness of this Agreement is subject to the entering of an order of the Bankruptcy Court, in form and substance reasonably satisfactory to the Parties, approving this Agreement and the transactions contemplated hereby (the "Approval Order") and such Approval Order becoming final and non-appealable (fifteen days following its entry so long as no appeal is filed in connection therewith).   In connection with seeking the entry of the Approval Order, this Agreement may be filed with the Bankruptcy Court and served on parties in the Bankruptcy Case.

2.      Term.  The term of this Agreement (the "Term") shall begin on the date on which the Approval Order is entered by the Bankruptcy Court and becomes final and non-appealable (the "Effective Date") and shall continue until all Records (as defined below) have been destroyed in accordance with Applicable Medical Record Laws (as defined below), which destruction the Trustee shall  perform as mandated by State of Virginia, Federal, Law, or any other applicable law at the time of contract execution unless sooner terminated as provided herein.

3.      Scope of Services.  The Liquidating Trustee maintains or has maintained certain health information, electronic protected health information and business records (the "Records"). Liquidating Trustee hereby engages MetalQuest, and MetalQuest hereby accepts such engagement, to permanently store, maintain, provide access to, transmit, catalog, index and periodically destroy the Records, all in accordance with the requirements of HIPAA, the HIPAA Privacy and Security Rules, other Federal law, including Medicare and Medicaid law, and Virginia State law (collectively, "Applicable Medical Record Laws").    MetalQuest has

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

established policies and procedures to incorporate HIPAA standards and will exercise administrative, physical and technical safeguards in order to assure confidentiality, integrity and availability of the Records.

   a.     Trust.  The Liquidating Trustee hereby creates an Express Trust under the Ohio Trust Code, ORC Chapter 5801, as amended, and designates MetalQuest as the Trustee of the Trust and the Records, for the benefit of the individuals to and for whom Laboratory provided covered health care services.

   b.     Trust Purpose.  Liquidating Trustee hereby creates this Trust under the Ohio Trust Code, ORC Chapter 5801, in order to meet Laboratory's obligations as a Covered Entity, and Liquidating Trustee's obligations as a Business Associate under HIPAA and Applicable Medical Record Laws. The purpose of the Trust is to provide for Records previously maintained by the Laboratory in the normal course of its business as a Covered Entity to be deposited with MetalQuest as Trustee, for their storage, allowance of access to, and transmission and destruction, all in accordance with Applicable Medical Record Laws.  The Trustee hereby agrees to maintain, store, catalog, access, transmit and destroy such Records in accordance with Applicable Medical Record Laws and the terms and provisions hereinafter set forth. This Agreement shall supersede any previous trust agreements between the Parties, and shall be binding upon the Parties and their respective heirs, executors, administrators, successors and assigns.

   c.     Disposal of Records.  Trustee shall maintain, store, catalog, index, permit access to and transmit the Records as required under Applicable Medical Record Laws.   Trustee  shall satisfy its continuing compliance obligations under Applicable Medical Record Laws.  Liquidating Trustee transfers all custodial rights and privileges with respect to the Records to the Trustee and authorizes the Trustee to destroy the Records upon expiration of the maintenance obligations with respect to such Records under Applicable Medical Record Laws.

   4.     Independent Contractor Status.  It is understood that MetalQuest, its employees and agents are independent contractors and not employees, agents, or representatives of Liquidating Trustee, and no employee or agent of MetalQuest shall hold herself/himself out to the public as an employee, agent or representative of Liquidating Trustee.   As an independent contractor, MetalQuest is responsible to pay all workers' compensation insurance, disability benefits insurance, and other benefits and insurance as required by law for its employees.

   5.     Trustee Fees.  Liquidating Trustee agrees to pay MetalQuest the Trustee Fees set forth in the schedule attached hereto and incorporated herein as Exhibit A, which Trustee Fees shall not exceed the amount set forth in Exhibit A.

   6.     Duties of MetalQuest.  MetalQuest hereby agrees to (a) p r o v i d e the services described in Exhibit A and elsewhere in this Agreement; and (b) permanently store, maintain, provide access to, transmit, catalog, index and periodically destroy the Records stored in Trustee's Cincinnati facility as described in Exhibit A and according to the

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

requirements of Applicable Medical Record Laws.

       7.      <u>MetalQuest's Covenants, Representations and Warranties</u>.  MetalQuest represents, warrants, and covenants to Liquidating Trustee as to the following matters:

       a.      <u>No Consents Necessary</u>.  MetalQuest has the legal right, power, capacity and authority to enter into and perform its obligations under this Agreement, and no approval or consent of any other person or entity is necessary to authorize the execution of this Agreement by MetalQuest.   MetalQuest represents that it is licensed to do business in the State of Ohio and is authorized to do business in the State of Virginia, and MetalQuest agrees to maintain the currency of such license and authorization. MetalQuest represents that it is familiar with its legal obligations under Applicable Medical Record Laws and covenants to maintain, store, access and destroy the Records in compliance with Applicable Medical Record Laws.  The execution and delivery of the Agreement by MetalQuest have been duly authorized and validly executed and delivered by MetalQuest.

       b.      <u>No Violations</u>.  MetalQuest has not received any written notice of any violations of law, rule, regulation, order or ordinance that would impair its ability to do business in the States of Ohio or Virginia or impair its ability to perform the terms of this Agreement.

       c.      <u>Compliance with Applicable Medical Record Laws</u>.  MetalQuest represents that it is familiar with its legal obligations as Trustee of the Records under Applicable Medical Record Laws. MetalQuest hereby agrees to maintain comprehensive indexes of the Records it maintains on behalf of Liquidating Trustee and will provide such indexes for inspection at its offices in Cincinnati, Hamilton County, Ohio.  MetalQuest covenants and warrants to Liquidating Trustee that it will maintain currency and compliance with its obligations under Applicable Medical Record Laws.

       8.      <u>Indemnification by MetalQuest</u>.  MetalQuest agrees to maintain the Records in compliance with Applicable Medical Record Laws.  MetalQuest shall indemnify, defend and hold harmless Liquidating Trustee and Liquidating Trustee's affiliates, officers, directors, employees, agents, independent contractors, medical staff, successors and assigns from and against any loss or damage incurred or suffered by such indemnified parties relating to any breach by MetalQuest, its employees, agents or independent contractors, of its obligations hereunder.

       9.      <u>Duties of Liquidating Trustee</u>.  Following the Effective Date, records currently stored by the Liquidating Trustee with other storage organizations will be made available at the other organization's storage facility as soon as reasonably practicable.  Liquidating Trustee shall pay to MetalQuest all Trustee Fees, in full, in the manner set forth in <u>Exhibit A</u>. The Parties hereby acknowledge that no Express Trust shall be deemed to exist with respect to any Records until some of the Records are removed by Trustee from the storage facility utilized by Liquidating Trustee and the Trustee Fees have been paid to MetalQuest

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

as provided in <u>Exhibit A</u>.

10.    <u>Liquidating Trustee's Covenants, Representations and Warranties</u>.  Liquidating Trustee represents, warrants, and covenants to MetalQuest as to the following matters:

     a.    <u>No Consents Necessary</u>.  Subject to the Approval Order being entered and becoming final and non-appealable, Liquidating Trustee has the legal right, power, capacity and authority to enter into and perform their obligations under this Agreement.  The execution and delivery of the Agreement have been duly authorized and validly executed and delivered by Liquidating Trustee.

     b.    <u>No Third-Party Rights</u>.  Subject to the Approval Order being entered and becoming final and non-appealable, Liquidating Trustee represents that this Agreement will not conflict with or violate any other agreement between Liquidating Trustee and any third-party or any obligation owed by Liquidating Trustee to any third-party.  Except for the rights of patients and other third parties to retrieve copies of Records with respect to which they are entitled under Applicable Medical Record Laws, the Parties agree that this Agreement is not intended to, and will not, create rights of any type in third parties.  Nothing in this Agreement shall limit the rights of third parties under Applicable Medical Record Laws.

11.    <u>Default</u>.

     a.    <u>By MetalQuest</u>.  If MetalQuest breaches any material obligation hereunder and fail to cure such breach within thirty (30) days of receipt of written notice of such default, MetalQuest agrees that the Liquidating Trustee shall have all remedies available at law or in equity.

     b.    <u>By Liquidating Trustee</u>.  If Liquidating Trustee breaches any material obligation hereunder and fail to cure such breach within thirty (30) days of receipt of written notice of such default, Liquidating Trustee agrees that MetalQuest shall have all remedies available at law or in equity.

12.    <u>Termination of this Agreement</u>.  This Agreement and the express Trust created hereunder shall terminate by operation of law upon completion of all of Trustee's obligations hereunder and the destruction of all Records held in trust by Trustee in accordance with Applicable Medical Record Laws.

13.    <u>Notices</u>.  Any notice required under this Agreement shall be deemed given if in writing and sent by certified mail, return receipt requested, or via reputable overnight courier to MetalQuest's principal office or the office of the Liquidating Trustee or the Liquidating Trustee's heirs, assigns or successors, as the case may be, with a copy of all such notices to Liquidating Trustee also being so delivered

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

to:     Richard Arrowsmith
       Liquidating Trustee
       c/o Robert S. Westermann, Esq.
       Hirschler Fleisher, P.C.
       The Edgeworth Building
       2100 East Cary Street
       Richmond, Virginia 23223
       Tel: 804-771-5610
       rwestermann@hirschlerlaw.com

       and

       MetalQuest, Inc.
       Trust Services Department
       PO Box 46364
       Cincinnati, Ohio 45246-0364
       Tel: 513-898-1022
       Secure Fax: 513-242-5059
       Email: Retrieve@MetalQuest.com

   14. <u>Miscellaneous</u>.  This Agreement shall be binding upon the respective Parties, their, agents, assigns, executors, administrators and successors-in-interest.

   15. <u>Entire Agreement</u>.  This Agreement contains the entire understanding of the Parties.  It may not be changed orally but only by written agreement signed by both Parties.

   16. <u>Submission to Jurisdiction; Consent to Service of Process</u>.  Without limiting any Party's right to appeal any order of the Bankruptcy Court, as to any disputes or claims between them, the Parties agree (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Agreement, or any breach or default hereunder, and (ii) any and all proceedings related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court and shall receive notices at such locations as indicated in Section 13 hereof; *provided, however*, that if the Bankruptcy Case has closed, the Parties agree to unconditionally and irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of Ohio in Hamilton County and any appellate court from any thereof, for the resolution of any such claim or dispute.  The Parties hereby irrevocably waive, to the fullest extent permitted by applicable law, any objection which they may now or hereafter have to the laying of venue of any such dispute brought in such court or any defense of inconvenient forum for the maintenance of such dispute.  Each of the Parties agrees that a judgment in any such dispute may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.  Each of the Parties hereby consents to process being served by any of the Parties to this Agreement in any suit, action or proceeding by delivery of a copy thereof in accordance with the provisions of Section 13.

4900 Spring Grove Avenue ● Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 ● Fax: 513.488.8614
Email: Info@MetalQuest.com ● Web: MetalQuest.com

17.    <u>Governing Law</u>.  This Agreement and any dispute between the Parties shall be subject to and governed by the laws of the State of Ohio, without regard to choice of law principles.

18.    <u>Headings and Capitalized Terms</u>.    Headings in  this Agreement are f o r convenience only and shall not be used to interpret or construe any of the provisions or terms hereof.  Capitalized terms that are not otherwise defined in this Agreement shall have the same definitions as under HIPAA or 45 CFR Part 160, et seq.

19.    <u>Waiver</u>.  The waiver by either of the Parties of a breach of any provision of this Agreement shall not operate as, or be construed as, a waiver of any subsequent breach.

20.    <u>Modification</u>.  No change, modification or waiver of any term of this Agreement shall be valid unless it is in writing and signed by both Parties.

21.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements or understandings between MetalQuest and Liquidating Trustee.

22.    <u>Execution of this Agreement</u>.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  The exchange of copies of this Agreement and of signature pages by facsimile or other electronic transmission shall constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes.

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

In witness whereof, the Parties have executed this Agreement this ____14____ day of May 2024

**LIQUIDATING TRUSTEE**                    **TRUSTEE**

HDL Liquidating Trust                      MetalQuest, Inc.

By: _____             By: _____
                                               William L. Jansen
        5-15-24

       Richard Arrowsmith                         William L. Jansen

The:    Liquidating Trustee                Its:     President and CEO

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

**EXHIBIT A**

Explanation of Services and Schedule of Fees

**A. Access to Medical Record Information**

1. Hardcopy Medical Record Information
1.1. Patients directly requesting their medical records and not using any third-party will not be denied access to their medical or clinical information for treatment purposes due to an inability to pay reproduction fees. Proof of inability to pay is required at the discretion of MetalQuest.
1.2. Except for an emergent request, the turnaround time for a valid medical release of information request is 30 days, after the first three months from assuming custody of the records.
1.3. Any record the Liquidating Trustee requests shall be provided to the Liquidating Trustee at a cost of $0.75 per page, $1.00 per file index, a $13.00 per file transfer per PDF file and a $25.00 search fee. Trustee shall use its best efforts to fulfill the Liquidating Trustee's request with 72 hours after receipt of a valid request.
1.4. Patients requesting their medical record are required to pay a minimum of $35.00 This is a non-refundable deposit.
1.5. When requesting patient data, a minimum of a $125.00 non-refundable deposit must be paid by third-party requestors including a third-party requestors representing a patient.

**Delivery Methods and Address for Submitting a Request for Medical Records**

| Delivery of Requested Medical Records |
|---|
| MetalQuest provides requested information in digital format via encrypted USB drive or secure on-line electronic transfer. MetalQuest does not provide information in hardcopy form. MetalQuest will not release the original hardcopy records. |

| Email Request to: |
|---|
| Request@MetalQuest.com (not case sensitive) |

| Fax Request to: |
|---|
| HDLINC Release of Information |
| Telephone Number: 513-242-5059 |

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

Mail Request to:

MetalQuest
Attn: HDLINC Release of Information
P.O. Box 46364
Cincinnati, Ohio 45246-0364

Courier Request to:

MetalQuest
Attn: HDLINC Release of Information
4900 Spring Grove Avenue
Cincinnati, Ohio 45232-1900

Customer Service Hours:

Monday – Friday, 9:00 A.M. to 5:00 P.M. Eastern Time

Telephone Number: 513-898-1022

## B. Record Formats

MetalQuest has the ability to store and access a myriad of hardcopy and electronic record formats including microforms. Presently, in addition to traditional hardcopy storage, MetalQuest operates an electronic archive consisting of subsystems including PACS designed to handle a wide variety of file formats including but not limited to:

**Electronic Formats**

| DICOM | PDF | JPEG | VIDEO | TIFF | PST | PNG | BMP | HTML | XML |
|-------|-----|------|-------|------|-----|-----|-----|------|-----|
| RAW | GIF | DOC | XLS | XPS | EPS | DWG | DXF | MP3 | MPEG |

**Hardcopy Formats**

| ANALOG "FLAT" X-RAY | PAPER DOCUMENTS | MICROFICHE | MICROFILM JACKET | ROLLFILM |
|---------------------|-----------------|------------|------------------|----------|
| 35MM CINE FILM | FETAL MONITOR | | | |

**Special Formats and Containers**

| PATHOLOGY: GLASS SLIDES | PATHOLOGY: PARAFFIN TISSUE BLOCKS | CD | DVD |
|-------------------------|-----------------------------------|-----|-----|

4900 Spring Grove Avenue ● Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 ● Fax: 513.488.8614
Email: Info@MetalQuest.com ● Web: MetalQuest.com

| VHS VIDEO TAPE | MAGNETO-OPTICAL DISK | MAGNETIC TAPE | RIGID AND FLEXIBLE DISK |
|---|---|---|---|
| COMPUTER HARD DRIVE | OTHER OPTICAL DISK | USB DRIVES | |

## C.  Information Security

Information security is a top priority at MetalQuest. To protect our customer's data and the privacy of individuals, MetalQuest begins with its people. All employees are subjected to a thorough background check before hire and periodic checks throughout their employment. Each employee is required to attend mandatory information security and HIPAA classes.

## Facility Security

MetalQuest provides physical access control at its facility along with fire suppression and fire and intrusion alarm and monitoring service.

## Electronic Data Security

Digital data residing with MetalQuest is secured while in motion and at rest. This means data being transmitted both internally and externally is encrypted using AES 256 encryption including data transmitted by removable media such as a USB drive. (The data on the USB drive is encrypted in the event off loss or theft. The user is provided the password to access the encrypted data. The password is sent separately from the USB drive.) All data access and transmission is logged.

To further protect the data, MetalQuest creates three live mirrors of all data plus a backup. Furthermore, upon receipt of electronic data, each file has a hash generated and is securely stored, so routine data integrity checks can be performed. Data failing a hash test is replaced by restoring from backup or original data, as necessary.

## D. Accepted Records, Retention Schedules and Destruction

MetalQuest will accept all hardcopy clinical, business and administrative records generated by the Liquidating Trustee and Debtor generated through the final dissolution of the estate including Liquidating Trustee's records stored with the following vendors:

1. Iron Mountain
   Richmond, Virginia
2. Iron Mountain
   Baltimore, Maryland
3. Iron Mountain
   Norfolk, Virginia

## Health Record Retention

4900 Spring Grove Avenue ● Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 ● Fax: 513.488.8614
Email: Info@MetalQuest.com ● Web: MetalQuest.com

MetalQuest will follow Applicable Medical Record Laws destruction of the health records at the time the trust agreement is executed.

**Record Destruction**

The one-time fee payable hereunder covers the HIPAA compliant destruction of stored records (records are shredded, baled and recycled) at the end of their mandated retention period, including, but not limited to, records received from the following storage vendor:

1. Iron Mountain
   Richmond, Virginia
2. Iron Mountain
   Baltimore, Maryland
3. Iron Mountain

   Norfolk, Virginia

**E. Start Date and Project Duration**

1. MetalQuest will commence the organized removal of records on a mutually agreed date not later than 10 days after the Effective Date and payment to MetalQuest for services. Additional phases of project will commence upon mutually agreed dates.
2. The transfer of boxes from Iron Mountain to MetalQuest is approximately 90 work days.

**F. Notification of Patients and Website Maintenance**

To the extent required by Applicable Medical Record Laws, it is the responsibility of the Liquidating Trustee to notify the patients of the transfer of medical record information to MetalQuest.

MetalQuest will maintain a webpage for the duration of the Term, subject to Liquidating Trustee's approval, which approval shall not be unreasonably withheld, using the Laboratory's domain name, if available, which will provide detailed instructions regarding medical record retrieval and general retrieval instructions for other non-clinical records.
To the extent allowed by applicable law, the Liquidating Trustee will make best efforts to transfer the Laboratory's domain name to MetalQuest. Following such transfer, it shall be the sole responsibility, financial and otherwise, of MetalQuest to renew and maintain the domain name during the term of this Agreement.

As applicable, the website will display

1. Laboratory's logo (If available)
2. "Facility Closed" banner
3. Medical records/clinical information disposition and request instruction section

4900 Spring Grove Avenue ● Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 ● Fax: 513.488.8614
Email: Info@MetalQuest.com ● Web: MetalQuest.com

4. Bankruptcy information
5. MetalQuest logo
6. MetalQuest role as trustee
7. The primary website language will be English


## G. Freight

1. MetalQuest is responsible for all freight required to move hardcopy records from the Liquidating Trustee's facilities and their storage vendor facilities to a MetalQuest facility, when moved in accordance with section "I" of this exhibit.


## H. Contaminated Records

1. Records deemed contaminated by MetalQuest with mildew, fecal matter, asbestos, acute water damage, urine, or otherwise rendered illegible and/or unusable will be destroyed.
2. Destroyed records will be identified with one or more of the following data:
   2.1. Record type/name
   2.2. Date range
   2.3. Filing system range, e.g. terminal digit, alphabetical, etc.
   2.4. Contamination description


## I. Liquidating Trustee Hardcopy Records Stored by Liquidating Trustee's Record Storage Vendor

1. When moved in full tractor trailer loads (a minimum of 24 pallets with 40 legal/letter boxes or equivalent per pallet) until the last potentially partial shipment from each storage vendor location, MetalQuest will be responsible for all freight required to move the Liquidating Trustee's records stored with a current record storage vendor to its storage facility.
2. MetalQuest shall work with the Liquidating Trustee's storage vendor in an effort to ensure that Liquidating Trustee's records are moved to MetalQuest's storage facility.
3. The Liquidating Trustee is responsible for the payment of any and all fees required to permanently remove records and any other preparation necessary including all shipping and packing materials and supplies from the storage vendor.
4. The Liquidating Trustee is responsible to deliver a softcopy index from the storage vendor in either Microsoft Excel or CSV file format containing all captured and stored data pertaining to each box and file stored.
5. Liquidating Trustee will provide a contact for the storage vendor.
6. MetalQuest will manage the record transfer process.

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

## J. Additional Services

Additional services requested and not covered under this agreement must be added by addendum or separately contracted.

### K. One-time Information Lifecycle Management Fee

| Description | Fee | Total |
|---|---|---|
| **Hardcopy Records**<br><br>Lifecycle management of approximately 6,746 boxes of records currently stored with Iron Mountain. | $49,911.00 | $49,911.00<br><br>Accepted (initial below) |
| **Total** | | **$49,911.00** |

## L. Payment Terms

The one time-fee is payable following the Effective Date, as shown.  Additional phases of project will commence upon mutually agreed dates.

   1.  $49,911.00 due within ten (10) days of the Effective Date.

| Remittance by Wire Transfer | Remittance by Check |
|---|---|
| MetalQuest<br>Bank: Fifth Third Bank, Cincinnati, Ohio<br>Route: 042000314<br>Account: Provided at time of remittance | MetalQuest<br>Attn: Accounts Receivable<br>PO Box 46364<br>Cincinnati, Ohio 45246-0364 |

4900 Spring Grove Avenue ● Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 ● Fax: 513.488.8614
Email: Info@MetalQuest.com ● Web: MetalQuest.com

## M. Contacts

| | |
|---|---|
| Contract Administration | William L. Jansen<br>Email: WLJansen@MetalQuest.com<br>Tel: 513-693-4363 |
| Operations | Jennifer A. Carol<br>JACarol@MetalQuest.com<br>Tel: 513-693-4367 |
| Compliance and Privacy | Natalie A. Manning<br>Email: NLManning@MetalQuets.com<br>Tel: 513-693-4371 |
| Technical | Nicolas R. Haas<br>Email: NRHaas@MetalQuest.com<br>Tel: 513-693-4360 |
| Finance | Patricia R. Lohmiller<br>Email: PRLohmiller@MetalQuest.com<br>Tel: 513-693-4366 |

## N. Acceptance Period

1. This agreement is effective until May 31, 2024.

4900 Spring Grove Avenue • Cincinnati, Ohio 45232-1900
Tel: 513.693.4000 • Fax: 513.488.8614
Email: Info@MetalQuest.com • Web: MetalQuest.com

**<u>Exhibit B</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | ) |
| | )     **Case No. 15-32919 (KRH)** |
| **HEALTH DIAGNOSTIC** | )     **Chapter 11** |
| **LABORATORY, INC.,** *et al.*, | ) |
| | ) |
| Debtors.[1] | ) |
| | ) |

### ORDER GRANTING MOTION OF THE LIQUIDATING TRUSTEE FOR ORDER AUTHORIZING THE TRANSFER OF DEBTORS' PATIENT RECORDS TO METALQUEST, INC., AND (II) APPROVING THE PROPOSED AGREEMENT BETWEEN THE LIQUIDATING TRUSTEE AND METALQUEST

In consideration of the *Motion of the Liquidating Trustee for Order (I) Authorizing the Transfer of Debtor's Patient Records to MetalQuest, Inc. and (II) Approving the Proposed Agreement between the Liquidating Trustee and MetalQuest* (the "**Motion**")[2] [Docket No. __]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein

---

[1]  The Debtors, along with the last four digits of their federal tax identification number, are Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434) (referred to herein collectively as "HDL").

[2]  Capitalized terms that are not defined in this Order have the meaning scribed to them in the Motion.

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:       804.771.9515
Facsimile:       804.644.0957
E-mail:  rwestermann@hirschlerlaw.com
         bfalabella@hirschlerlaw.com
         kbender@hirschlerlaw.com

David I. Swan (VSB No. 75632)
Allison P. Klena (VSB No. 96400)
HIRSCHLER FLEISCHER, PC
1676 International Drive
Suite 1350
Tysons, Virginia 22102
Telephone:  703.584.8900
Facsimile:  703.584.8901
E-mail:       dswan@hirschlerlaw.com
              aklena@hirschlerlaw.com

*Counsel for Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and proper notice of the Motion having been provided to

all necessary and appropriate parties; and for good and sufficient cause shown, **IT IS HEREBY**

**ADJUDGED, ORDERED, AND DECREED THAT:**

1.      The Motion is **GRANTED** pursuant to the terms of this Order; and it is further

2.      **ORDERED** that the Liquidating Trustee is hereby authorized to transfer the

Records to MetalQuest; and it is further

3.      **ORDERED** that the Agreement between the Liquidating Trustee and MetalQuest

is approved; and it is further

4.      **ORDERED** that the Liquidating Trustee is authorized to pay MetalQuest a one-

time fee of $49,911 in exchange for the services provided by MetalQuest; and it is further

5.      **ORDERED** that, notwithstanding any Bankruptcy Rule to the contrary, this Order

shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order

is waived; and it is further

6.      **ORDERED** that this Court retains jurisdiction with respect to any of the terms

contained in this Order and set forth in the Motion.

_____                    _____
Richmond, Virginia                         UNITED STATES BANKRUPTCY COURT JUDGE


**WE ASK FOR THIS:**

*/s/ Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  804.771.9515
Facsimile:   804.644.0957
E-mail:       rwestermann@hirschlerlaw.com
                    bfalabella@hirschlerlaw.com
                    kbender@hirschlerlaw.com

David I. Swan (VSB No. 75632)
Allison P. Klena (VSB No. 96400)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:  703.584.8900
Facsimile:   703.584.8901
E-mail:       dswan@hirschlerlaw.com
                    aklena@hirschlerlaw.com

*Counsel for Richard Arrowsmith, Liquidating*
*Trustee of the HDL Liquidating Trust*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9002-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Brittany B. Falabella*