| | |
|---|---|
| Robert S. Westermann (VSB No. 43294) | David I. Swan (VSB No. 75632) |
| Brittany B. Falabella (VSB No. 80131) | Allison P. Klena (VSB No. 96400) |
| Kollin G. Bender (VSB No. 98912) | HIRSCHLER FLEISCHER, P.C. |
| HIRSCHLER FLEISCHER, P.C. | 1676 International Drive, Suite 1350 |
| The Edgeworth Building | Tysons, Virginia 22102 |
| 2100 East Cary Street | Telephone:    703.584.8900 |
| Post Office Box 500 | Facsimile:     703.584.8901 |
| Richmond, Virginia 23218-0500 | E-mail:          dswan@hirschlerlaw.com |
| Telephone:    804.771.9500 | aklena@hirschlerlaw.com |
| Facsimile:     804.644.0957 | |
| E-mail:          rwestermann@hirschlerlaw.com | |
| bfalabella@hirschlerlaw.com | |
| kbender@hirschlerlaw.com | |

*Counsel for Richard Arrowsmith, Liquidating Trustee
of the HDL Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 15-32919-KRH |
| HEALTH DIAGNOSTIC LABORATORY, | ) |
| INC., *et al.*, | ) Jointly Administered |
| | ) |
| Debtors.[1] | ) |
| | ) |

**MOTION TO EXTEND THE TERM OF THE HDL LIQUIDATING TRUST**

Richard Arrowsmith, in his capacity as the Liquidating Trustee of the HDL Liquidating Trust (the "Liquidating Trustee"), by counsel, for his *Motion to Extend the Term of the HDL Liquidating Trust* (the "Motion"), respectfully states as follows:

**FACTUAL BACKGROUND**

1. On June 7, 2015, Health Diagnostic Laboratory, Inc., Central Medical Laboratory, Inc., and Integrated Health Leaders, LLC (collectively, the "Debtors") filed with the United States

---

[1] The Debtors in these Bankruptcy Cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434) (the "Debtors").

1

Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing these jointly administered Chapter 11 cases, styled *In re: Health Diagnostic Laboratory, Inc., et al., Debtors*, bearing case number 15-32919-KRH (the "Bankruptcy Cases").

2. On February 9, 2016, the Debtors filed their Second Amended Plan of Liquidation (as amended, confirmed, and/or modified from time to time, including without limitation by the Confirmation Order (as hereinafter defined), the "Plan") [Doc. 852].

3. On May 12, 2016, the Bankruptcy Court entered its *Order Confirming the Debtors' Second Amended Plan of Liquidation* (the "Confirmation Order") [Doc. 1095].

4. Under the terms of the Plan, on May 12, 2016 (the "Effective Date"), the Debtors and the Liquidating Trustee entered into the *Liquidating Trust Agreement* (the "LTA"), thereby granting, assigning, transferring, conveying, and delivering all of the Debtors' rights, title, and interest in the Liquidating Trust Assets[2] to the Liquidating Trust and the Liquidating Trustee for the benefit of the Liquidating Trust Beneficiaries and for the purpose of pursuing and/or disposing of the Liquidating Trust Assets in an orderly and expeditious manner and making distributions to the Liquidating Trust Beneficiaries in accordance with the Plan.

5. The Liquidating Trust was established under and pursuant to the Plan, which provided for the appointment of the Liquidating Trustee to administer the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries and to provide administrative services relating to the implementation of the Plan.

---

[2] All capitalized terms not otherwise defined herein shall retain the meanings ascribed to them in the Plan.

6. Pursuant to Section 6.4(d) of the Plan and Section IX of the LTA, if the Liquidating Trust has not previously terminated, "on the fifth (5th) anniversary of the Effective Date, and unless the Liquidating Trust term has not been otherwise extended by the Bankruptcy Court in accordance with the terms of the Plan (such extension to be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term), the Liquidating Trustee shall distribute all of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries in accordance with the Plan, and immediately thereafter the Liquidating Trust shall terminate and the Liquidating Trustee shall have no further responsibility in connection therewith." Under the terms of the Plan, unless extended, the Liquidating Trust would have terminated on May 12, 2021.

7. On October 6, 2020, on request of the Liquidating Trustee, the Bankruptcy Court entered an order [Docket No. 4951] extending the term of the Liquidating Trust to May 12, 2022.

8. On November 1, 2021, on request of the Liquidating Trustee, the Bankruptcy Court entered an order [Docket No. 5290] further extending the term of the Liquidating Trust to May 12, 2023.

9. On November 3, 2022, on request of the Liquidating Trustee, the Bankruptcy Court entered an order [Docket No. 5608] further extending the term of the Liquidating Trust until May 13, 2024.

10. On November 3, 2023, on request of the Liquidating Trustee, the Bankruptcy Court entered an order [Docket No. 5792] further extending the term of the Liquidating Trust until May 13, 2025 (the "Extended Termination Date").

**RELIEF REQUESTED**

11. By this Motion, the Liquidating Trustee seeks entry of an Order further extending the term of the Liquidating Trust for an additional twelve (12) months from the Extended

3

Termination Date, to and including May 13, 2026. The Liquidating Trustee is working diligently to complete all remaining work streams and fully expects to complete them prior to the Extended Termination Date. Additionally, the Liquidating Trustee is planning to close the Bankruptcy Cases by the end of 2024, but requests this further extension out of an abundance of caution so that any remaining matters can continue to be pursued by the Liquidating Trustee after the Bankruptcy Cases are closed and so that the recoveries for the Liquidating Trust Beneficiaries can be maximized. The Liquidating Trustee submits that a premature expiration of the term of the Liquidating Trust will likely prejudice recoveries to the Liquidating Trust Beneficiaries.

## BASIS FOR RELIEF REQUESTED

12. The Liquidating Trustee bases this Motion on (a) Bankruptcy Rule 9006(b), permitting a court, in its discretion, to enlarge the period of time when an act is required to be done for good cause shown, (b) paragraph 39 of the Confirmation Order, (c) paragraph 6.4(d) of the Plan, and (d) Section IX of the LTA, each permitting the judicial extension of the term of the Liquidating Trust.

13. In the context of determining whether "cause" exists regarding extensions of time, courts have considered such factors as the size and complexity of the issues involved, the good faith progress in resolving the issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. *See, e.g., In re Lichtin/Wade, L.L.C.*, 478 B.R. 204, 209 (Bankr. E.D.N.C. 2012); *In re Grand Traverse Dev. Co., Ltd.,* 147 B.R. 418 (Bankr. W.D. Mich. 1992); *In re McLean Indus., Inc.,* 87 B.R. 830 (Bankr. S.D.N.Y. 1988).

## ARGUMENT

14. Over the past eight years, the Liquidating Trustee has worked diligently to collect and preserve assets for distribution to the Liquidating Trust Beneficiaries. By way of example and

not limitation, he has pursued over 1,400 processing and handling claims and over 150 subsequent transferee claims and has achieved settlements or judgments on these and other claims amounting to well over $50 million, and he has pursued claims objections and resolved all known and filed proofs of claim in the Bankruptcy Cases.[3] As a result of these efforts, the Liquidating Trustee has paid in full all allowed administrative, secured, and priority claims, and has made nine (9) interim distributions to unsecured creditors totaling over $82 million and representing an approximate 42% recovery.

15.    Significant progress has been and is being made towards winding down and terminating the Liquidating Trust, and only a handful of limited matters remain outstanding which require the Bankruptcy Cases to remain open.  Specifically, the Liquidating Trustee is contemplating a remnant asset sale of the remaining judgments and other assets to expedite the winding down of the Liquidating Trust, and as a result intends to notice of the December 19 omnibus hearing a motion for final decree  and approval of a final report so that the Bankruptcy Cases can be closed by the end of 2024.  Despite the anticipated closing of the Bankruptcy Cases by year end, the Liquidating Trust needs to be extended to allow the Liquidating Trustee to complete any remaining tasks for the benefit of the Liquidating Trust Beneficiaries.  For example, the final Bankruptcy Code section 550 subsequent transfer claim was recently resolved by agreement, and while the agreement and the related District Court appeal was dismissed with prejudice and the agreement should be fully performed within the Extended Termination Date, if it is not, the Liquidating Trustee may require additional time to enforce his rights.  In addition, the Liquidating Trustee's liquidation of the remaining assets pursuant to a settlement with Floyd Calhoun Dent, III, and related parties [Docket No. 5760] (the "**Dent Settlement**") continues, and

---

[3] The Liquidating Trustee is not requesting a further extension of the deadline to object to claims, which will expire on December 28, 2024.

he is awaiting a final distribution from the bankruptcy estates of Robert Bradford Johnson and his related entities. This, even though the Bankruptcy Cases will be closed by year end, good cause exists to extend the term of the Liquidating Trust for one more year so that the Liquidating Trustee can timely wind down any outstanding matters.

16. This requested extension of the term of the Liquidating Trust will not prejudice any creditor or other party in interest but will instead provide a significant benefit to the Liquidating Trust Beneficiaries as a premature termination of the Liquidating Trust would likely reduce the overall recoveries in the Bankruptcy Cases.

17. Given the foregoing, including the significant progress made to date and continuing to be made by the Liquidating Trustee to wind down and conclude the Bankruptcy Cases, cause exists for a further extension of the term of the Liquidating Trust for an additional twelve (12) month period to and including May 13, 2026.

## NOTICE

18. Notice of this Motion is being provided to the Core Parties and the 2002 List in accordance with the Case Management Procedures. Due to the nature of this request, the Liquidating Trustee submits that no further notice is required.

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, extending the term of the Liquidating Trust to and including May 13, 2026, and granting the Liquidating Trustee such other and further relief as the Bankruptcy Court deems proper and just.

|  |  |
|---|---|
| Dated: October 8, 2024 | RICHARD ARROSWMITH, LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST |

*/s/ Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:   804.771.9500
Facsimile:    804.644.0957
E-mail:         rwestermann@hirschlerlaw.com
                    bfalabella@hirschlerlaw.com
                    kbender@hirschlerlaw.com

David I. Swan (VSB No. 75632)
Allison P. Klena (VSB No. 96400)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:   703.584.8900
Facsimile:    703.584.8901
E-mail:         dswan@hirschlerlaw.com
                    aklena@hirschlerlaw.com

*Counsel for Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

**Exhibit A**

[Proposed Order]

| | |
|---|---|
| Robert S. Westermann (VSB No. 43294) | David I. Swan (VSB No. 75632) |
| Brittany B. Falabella (VSB No. 80131) | Allison P. Klena (VSB No. 96400) |
| Kollin G. Bender (VSB No. 98912) | HIRSCHLER FLEISCHER, P.C. |
| HIRSCHLER FLEISCHER, P.C. | 1676 International Drive, Suite 1350 |
| The Edgeworth Building | Tysons, Virginia 22102 |
| 2100 East Cary Street | Telephone:    703.584.8900 |
| Post Office Box 500 | Facsimile:    703.584.8901 |
| Richmond, Virginia 23218-0500 | E-mail:    dswan@hirschlerlaw.com |
| Telephone:    804.771.9500 | aklena@hirschlerlaw.com |
| Facsimile:    804.644.0957 | |
| E-mail:    rwestermann@hirschlerlaw.com | |
|     bfalabella@hirschlerlaw.com | |
|     kbender@hirschlerlaw.com | |

*Counsel for Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 15-32919-KRH** |
| **HEALTH DIAGNOSTIC LABORATORY,** | ) | |
| **INC.**, *et al.*, | ) | **Jointly Administered** |
| | ) | |
| **Debtors.[1]** | ) | |
| | ) | |

**ORDER EXTENDING THE TERM OF THE HDL LIQUIDATING TRUST**

Upon the motion (the "Motion")[2] of Richard Arrowsmith, in his capacity as the Liquidating Trustee of the HDL Liquidating Trust (the "Liquidating Trustee"), appointed pursuant to the Debtors' confirmed *Modified Second Amended Plan of Liquidation* (the "Plan") in these jointly administered bankruptcy cases (the "Bankruptcy Cases"), by and through his undersigned counsel,

---

[1] The Debtors in these Bankruptcy Cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434) (the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

for entry of an order extending the term of the Liquidating Trust; and in consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that cause exists as identified in the Motion; and notice of the Motion and Hearing on the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1. The Motion is **GRANTED**.

2. The term of the Liquidating Trust shall be, and hereby is, extended to and including May 13, 2026.

3. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4. This Order is entered without prejudice to the Liquidating Trustee's further right to request additional extensions of the term of the Liquidating Trust.

5. This Order shall be immediately enforceable and effective and any applicable stay is hereby waived.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: _____    _____
Richmond, Virginia                UNITED STATES BANKRUPTCY JUDGE

**WE ASK FOR THIS:**

*/s/ Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail:    rwestermann@hirschlerlaw.com
bfalabella@hirschlerlaw.com
kbender@hirschlerlaw.com

and

David I. Swan (VSB No. 75632)
Allison P. Klena (VSB No. 96400)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:    703.584.8900
Facsimile:    703.584.8901
E-mail:    dswan@hirschlerlaw.com
aklena@hirschlerlaw.com

*Counsel for Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

## CERTIFICATE OF ENDORSEMENT

I hereby certify, under Local Bankruptcy Rule 9022-1, that the foregoing proposed Order has been endorsed by and/or served upon all necessary parties.

*/s/ Robert S. Westermann*
Robert S. Westermann

3