**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>**HEALTH DIAGNOSTIC LABORATORY, INC.**, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 15-32919-KRH<br><br>Jointly Administered |

**ORDER SUSTAINING TENTH OMNIBUS
CLAIMS OBJECTION AS TO THE 502(d) CLAIMS**

THIS MATTER came before the Court on the *Tenth Omnibus Objection to Certain (A) 502(d) Claims, (B) No Liability Claims; and (c) Unsupported Claim* [Docket No. 5097] (the "**Omnibus Objection**")[1] filed herein on behalf of Richard Arrowsmith, in his capacity as the Liquidating Trustee of the HDL Liquidating Trust (the "**Liquidating Trustee**"), appointed pursuant to the Debtors' confirmed Modified Second Amended Plan of Liquidation (the "**Plan**") in these jointly administered bankruptcy cases (the "**Chapter 11 Cases**" or the "**Cases**"), by his undersigned counsel, for entry of an order (this "**Order**"): (a) disallowing the 502(d) Claims

---

[1] Capitalized terms used but not otherwise defined in this Order have the meaning given to them in the Omnibus Objection.

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:       804.644.0957
E-mail:            rwestermann@hirschlerlaw.com
                        bfalabella@hirschlerlaw.com
                        kbender@hirschlerlaw.com

*Counsel for Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

identified on **Schedule 1** attached hereto, in accordance with the Claims Procedures Order, section 502 and 1106 of the Bankruptcy Code, Bankruptcy Rule 3003(c)(4), Bankruptcy Rule 3007, and Local Rule 3007-1; and (b)granting related relief, all as more fully set forth in the Omnibus Objection.

It appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Omnibus Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Omnibus Objection having been adequate, appropriate and given in accordance with the Claims Procedures Order; and no objections or responses to the Omnibus Objection having been received by the Liquidating Trustee or filed with the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Omnibus Objection is sustained on the terms set forth herein.

2. The 502(d) Claims identified on **Schedule 1** attached to this Order are disallowed in their entirety.

3. American Legal Claim Services, LLC, the notice, claims and balloting agent employed in this case, is directed to update the claims register in these Chapter 11 Cases to reflect the relief granted in this Order.

4. Except as provided in this Order, nothing in this Order will be deemed (a) an admission or finding as to the validity of any Claim against a Debtor entity, (b) a waiver of the

right of the Liquidating Trustee to dispute any Claim against any Debtor on any grounds whatsoever, at a later date, (c) a promise by or requirement of the Liquidating Trustee to pay any Claim, (d) an implication or admission that any particular Claim is of a type specified or defined in this Order, or (e) a waiver of the rights of the Liquidating Trustee under the Bankruptcy Code or any other applicable law.

5. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Omnibus Objection.

6. The relief granted herein fully disposes of all of the relief requested in the Omnibus Objection, and the adjourned hearing on the Omnibus Objection scheduled for November 26, 2024 at 1:30 p.m. [Docket No. 5937] can be removed from the Court's docket.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Nov 30 2024
Richmond, Virginia

/s/ Kevin R Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered On Docket: Dec 2 2024

We ask for this:

*/s/ Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
Kollin G. Bender (VSB No. 98912)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:    (804) 771-9500
Facsimile:    (804) 644-0957
Email:    rwestermann@hirschlerlaw.com
    bfalabella@hirschlerlaw.com
    kbender@hirschlerlaw.com

*Counsel for Richard Arrowsmith,*
*Liquidating Trustee of the HDL Liquidating Trust*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by and/or served upon all necessary parties.

*/s/ Britany B. Falabella*
Brittany B. Falabella

4

**Health Diagnostic Laboratory, Inc., et al.**
ORDER SUSTAINING TENTH OMNIBUS CLAIMS OBJECTION
*Schedule 1*

| Claimant Name & Address | Filed Proof of Claim | | Remaining Claim *(Amount / Type)* | Reasons for Disallowance |
|---|---|---|---|---|
| | Claim No. | Claim Amount | | |
| JENNIFER LITTLE<br>2227 Booth Avenue<br>Marysville, CA 95901 | 1349 | $10,375.00<br>Unsecured | $0<br>Disallowed | The Liquidating Trustee has obtained a default judgment against the Claimant and the judgment has not been fully paid, thus the Claimant is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550, 553, 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a). |
| LAURIE ACUNA<br>111 11th Street<br>Redlands, CA 92374 | 1231 | $8,200.00<br>Unsecured | $0<br>Disallowed | The Liquidating Trustee has obtained a default judgment against the Claimant and the judgment has not been fully paid, thus the Claimant is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550, 553, 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a). |